No. 22-13051

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

In Re: Blue Cross Blue Shield Antitrust Litigation (MDL 2406)

---

On Appeal from the United States District Court for the
Northern District of Alabama, Southern Division,
No. 2:13-CV-20000-RDP

---

## APPELLANT'S PRINCPAL APPEAL BRIEF

---

David G. Behenna
155 Fleet Street
Portsmouth, NH  03801
Telephone: (603) 964-4688
Email: dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1, Appellant hereby certifies that the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other legal entities that have an interest in the outcome of this particular case on appeal:

1.   450 Ventures, LLC, *Affiliate of Defendants-Appellees*

2.   A. Duie Pyle, Inc., *Plaintiff-Appellee*

3.   Accenda Health Company, *Affiliate of Defendants-Appellees*

4.   Access Health, Inc., *Affiliate of Defendants-Appellees*

5.   Accident Fund Holding, Inc., *Affiliate of Defendants-Appellees*

6.   ACE, including ACE American Insurance Company and Illinois Union Insurance Company, *Insurer of Defendants-Appellees*

7.   Adams & Reese, LLP, *Counsel for Defendants-Appellees*

8.   Adamson, Virginia, *Counsel for Interested Party-Appellant*

9.   Adcox, Rachel, *Counsel for Defendants-Appellees*

10.   Advance Insurance Company of Kansas, *Affiliate of Defendants-Appellees*

11.   Advanced Health Information Network, LLC, *Affiliate of Defendants-Appellees*

12.   Aero Jet Intermediate Holdings, Inc., which is wholly owned by Aero Medical International, Inc., *Parent to Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

13.    Ahrens, Ellen M., *Counsel for Plaintiffs-Appellees*

14.    American International Group Inc. (AIG) (including Lexington Insurance Company, National Union Insurance Company, and Illinois National Insurance Co.), *Insurer of Defendants-Appellees*

15.    Alabama Industries Financial Corporation, *Affiliate of Defendants-Appellees*

16.    AlaHealth, Inc., *Affiliate of Defendants-Appellees*

17.    Alexander, Laura, *Counsel for Plaintiffs-Appellees*

18.    Allie, Renee E., *Plaintiff-Appellee*

19.    Allied World Assurance Company, f/k/a Darwin National and Darwin Select, *Insurer of Defendants-Appellees*

20.    Ambrecht Jackson LLP, *Counsel for Defendants-Appellees*

21.    America's 1st Choice of South Carolina, Inc., *Subsidiary of Defendants-Appellees*

22.    American Electric Motor Services Inc., *Plaintiff-Appellee*

23.    AMERIGROUP Community Care of New Mexico, Inc., *Subsidiary of Defendants-Appellees*

24.    AMERIGROUP Corporation, *Subsidiary of Defendants-Appellees*

25.    Amerigroup District of Columbia, Inc., *Subsidiary of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

26.  Amerigroup Insurance Company, *Subsidiary of Defendants-Appellees*

27.  AMERIGROUP Iowa, Inc., *Subsidiary of Defendants-Appellees*

28.  Amerigroup Kansas, Inc., *Subsidiary of Defendants-Appellees*

29.  AMERIGROUP Maryland, Inc., *Subsidiary of Defendants-Appellees*

30.  AMERIGROUP Ohio, Inc., *Subsidiary of Defendants-Appellees*

31.  AMERIGROUP New Jersey, Inc., *Subsidiary of Defendants-Appellees*

32.  AMERIGROUP Tennessee, Inc., *Subsidiary of Defendants-Appellees*

33.  AMERIGROUP Texas, Inc., *Subsidiary of Defendants-Appellees*

34.  AMERIGROUP Washington, Inc., *Subsidiary of Defendants-Appellees*

35.  AmeriHealth, Inc., *Parent to Defendants-Appellees*

36.  AMGP Georgia Managed Care Company, Inc., *Subsidiary of Defendants-Appellees*

37.  Anthem Blue Cross (Blue Cross of California), *Defendant-Appellee*

38.  Anthem Blue Cross and Blue Shield of Connecticut, *Defendant-Appellee*

39.  Anthem Blue Cross and Blue Shield of Indiana, *Defendant-Appellee*

40.  Anthem Blue Cross and Blue Shield of Missouri, *Defendant-Appellee*

41.  Anthem Blue Cross and Blue Shield of New Hampshire, *Defendant-Appellee*

42.  Anthem Blue Cross and Blue Shield of Virginia, Inc., *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

43. Anthem Blue Cross Life and Health Insurance Company, *Defendant-Appellee*

44. Anthem Financial, Inc., *Affiliate of Defendants-Appellees*

45. Anthem Health Insurance Company of Nevada, *Subsidiary of Defendants-Appellees*

46. Anthem Health Plans of Kentucky, Inc., *Defendant-Appellee*

47. Anthem Health Plans of Maine, *Defendant-Appellee*

48. Anthem Health Plans of Maine, Inc., *Defendant-Appellee*

49. Anthem Health Plans of New Hampshire, Inc. (Anthem Blue Cross and Blue Shield of New Hampshire), *Defendant-Appellee*

50. Anthem Health Plans of Virginia, Inc. (Anthem Blue Cross and Blue Shield of Virginia Inc.), *Defendant-Appellee*

51. Anthem Health Plans, Inc. (Anthem Blue Cross and Blue Shield of Connecticut), *Defendant-Appellee*

52. Anthem Holding Corporation, *Defendant-Appellee*

53. Anthem Insurance Companies, Inc. (Anthem Blue Cross and Blue Shield of Indiana), *Defendant-Appellee*

54. Anthem, Inc. (ELV), *Defendant-Appellee*

55. Anthem, Inc. (Anthem Health Plans of Virginia, Inc.), *Defendant-Appellee*

56.    Anthem, Inc. (Parent to Anthem Insurance Companies, Inc.), *Defendant-Appellee*

57.    Anthem, Inc. (Parent to Community Insurance Company), *Defendant-Appellee*

58.    Anthem, Inc., f/k/a Wellpoint, Inc. d/b/a Anthem Blue Cross Life and Health Insurance Company, Blue Cross of California, Blue Cross of Southern California, Blue Cross of Northern California, Rocky Mountain Hospital and Medical Service Inc. d/b/a Anthem Blue Cross Blue Shield of Colorado and Anthem Blue Cross Blue Shield of Nevada, Anthem Blue Cross Blue Shield of Connecticut, Anthem Blue Cross Blue Shield of Georgia, Anthem Blue Cross Blue Shield of Indiana, Anthem Blue Cross Blue Shield of Kentucky, Anthem Blue Cross Blue Shield of Maine, Anthem Blue Cross Blue Shield of Missouri, RightCHOICE Managed Care, Inc., HMO Missouri Inc., Anthem Health Plans of New Hampshire as Anthem Blue Cross Blue Shield of New Hampshire, Empire HealthChoice Assurance, Inc. as Empire Blue Cross Blue Shield, Community Insurance Company as Anthem Blue Cross Blue Shield of Ohio, Anthem Blue Cross and Blue Shield of Virginia, Anthem Blue Cross Blue Shield of Wisconsin, *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

59. Anthem Kentucky Managed Care Plan, Inc., *Subsidiary of Defendants-Appellees*

60. Anthem Life & Disability Insurance Company, *Affiliate of Defendants-Appellees*

61. Anthem Life Insurance Company, *Defendant-Appellee*

62. Anthem Partnership Holding Company, LLC, *Subsidiary of Defendants-Appellees*

63. Anthem Southeast, Inc., *Subsidiary of Defendants-Appellees*

64. Anthem Workers' Compensation, LLC, *Subsidiary of Defendants-Appellees*

65. APC Passe, LLC, *Affiliate of Defendants-Appellees*

66. Arch Insurance Company (ACGL), *Insurer of Defendants-Appellees*

67. Argo Re (ARGO), *Insurer of Defendants-Appellees*

68. Arizmendi, Sylmarie, *Counsel for Defendants-Appellees*

69. Arkansas Blue Cross and Blue Shield, *Defendant-Appellee*

70. Armbrecht Jackson LLP, *Counsel for Defendants-Appellees*

71. ASC Benefit Services, LLC, *Affiliate of Defendants-Appellees*

72. Aschenbrenner, Juanita, *Plaintiff-Appellee*

73. Aschenbrenner, Tom, *Plaintiff-Appellee*

74. Associated Group, Inc., *Subsidiary of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

75.   Asuris Northwest Health, *Subsidiary of Defendants-Appellees*

76.   ATH Holding Company, LLC, *Subsidiary of Defendants-Appellees*

77.   Ausman Law Firm, *Counsel for Plaintiffs-Appellees*

78.   Ausman, Jason, *Counsel for Plaintiffs-Appellees*

79.   Avalon Insurance Company, *Affiliate of Defendants-Appellees*

80.   Avantgarde Aviation, Inc., *Plaintiff-Appellee*

81.   Aware Integrated, Inc., *Parent to Defendants-Appellees*

82.   Axinn, Veltrop & Harkrider, LLP, *Counsel for Defendants-Appellees*

83.   Bailey, Arthur, *Counsel for Plaintiffs-Appellees*

84.   Baird, Lisa M., *Counsel for Defendants-Appellees*

85.   Balch & Bingham LLP, *Counsel for Defendants-Appellees*

86.   Ball & Scott Law Offices, *Counsel for Plaintiffs-Appellees*

87.   Ball, W. Gordon, *Counsel for Plaintiffs-Appellees*

88.   Balmori, Daniel, *Counsel for Defendants-Appellees*

89.   Barnes, Benjamin L., *Counsel for Plaintiffs-Appellees*

90.   Barnett, Tyler J., *Counsel for Plaintiffs-Appellees*

91.   Barr, Sternberg, Moss, Lawrence, Silver & Munson, P.C., *Plaintiff-Appellee*

92.   Barstow, Erik, *Plaintiff-Appellee*

93.   Bartlett, Inc. d/b/a Energy Savers, *Plaintiff-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

94.   Bartony & Hare, *Counsel for Plaintiffs-Appellees*

95.   Battin, Timothy D., *Counsel for Plaintiffs-Appellees*

96.   Baudin, Stanley P., *Counsel for Plaintiffs-Appellees*

97.   BCBSM, Inc. d/b/a Blue Cross Blue Shield of Minnesota, *Defendant-Appellee*

98.   BCS Insurance Company, *Insurer of Defendants-Appellees*

99.   Beard, Braden, *Counsel for Plaintiffs-Appellees*

100.  Bearman, Edward M., *Counsel for Plaintiffs-Appellees*

101.  Beck & Amsden PLLC, *Counsel for Plaintiffs-Appellees*

102.  Beck, Monte D., *Counsel for Plaintiffs-Appellees*

103.  Behenna, David G., *Interested Party-Appellant*

104.  Belin, Eric R.G., *Counsel for Plaintiffs-Appellees*

105.  Belt Law Firm, PC, *Counsel for Plaintiffs-Appellees*

106.  Belt, Keith T., *Counsel for Plaintiffs-Appellees*

107.  Belzer, Betsy Jane, *Plaintiff-Appellee*

108.  BeneVive, Inc., *Affiliate of Defendants-Appellees*

109.  Berger & Montague, P.C., *Counsel for Plaintiffs-Appellees*

110.  Bernick, Justin, *Counsel for Defendants-Appellees*

111.  Bhuta, Monika, *Plaintiff-Appellee*

112.  Bishop, Martin J., *Counsel for Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

113.  Bisio, Peter, *Counsel for Defendants-Appellees*

114.  Blackrock, Inc., *10% Owner of a Plaintiff-Appellee*

115.  Blanchfield, Garrett, *Counsel for Plaintiffs-Appellees*

116.  Bloomberg, Edward S., *Counsel for Defendants-Appellees*

117.  Blue Care Network of Michigan, *Affiliate of Defendants-Appellees*

118.  Blue Cross and Blue Shield of Alabama, *Defendant-Appellee*

119.  Blue Cross and Blue Shield of Arizona, *Defendant-Appellee*

120.  Blue Cross and Blue Shield of Florida, *Defendant-Appellee*

121.  Blue Cross and Blue Shield of Florida, Inc., *Defendant-Appellee*

122.  Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue, *Defendant-Appellee*

123.  Blue Cross and Blue Shield of Georgia, *Defendant-Appellee*

124.  Blue Cross and Blue Shield of Georgia, Inc., *Defendant-Appellee*

125.  Blue Cross and Blue Shield of Illinois, *Affiliate of Defendants-Appellees*

126.  Blue Cross and Blue Shield of Kansas, *Defendant-Appellee*

127.  Blue Cross and Blue Shield of Kansas City, *Defendant-Appellee*

128.  Blue Cross and Blue Shield of Kansas Foundation, *Affiliate of Defendants-Appellees*

129.  129. Blue Cross and Blue Shield of Kansas, Inc., *Defendant-Appellee*

130.  130. Blue Cross and Blue Shield of Louisiana, *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

131.  131. Blue Cross and Blue Shield of Massachusetts, *Defendant-Appellee*

132.  132. Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.,

 *Affiliate of Defendants-Appellees*

133.  Blue Cross and Blue Shield of Massachusetts, Inc., *Defendant-Appellee*

134.  Blue Cross and Blue Shield of Michigan, *Defendant-Appellee*

135.  Blue Cross and Blue Shield of Minnesota, *Defendant-Appellee*

136.  Blue Cross and Blue Shield of Mississippi, *Defendant-Appellee*

137.  Blue Cross and Blue Shield of Montana, *Affiliate of Defendants-Appellees*

138.  Blue Cross and Blue Shield of Nebraska, *Defendant-Appellee*

139.  Blue Cross and Blue Shield of New Mexico, *Affiliate of Defendants-Appellees*

140.  Blue Cross and Blue Shield of North Carolina, *Defendant-Appellee*

141.  Blue Cross and Blue Shield of North Carolina, Inc., *Defendant-Appellee*

142.  Blue Cross and Blue Shield of North Dakota, *Defendant-Appellee*

143.  Blue Cross and Blue Shield of Oklahoma, *Affiliate of Defendants-Appellees*

144.  Blue Cross and Blue Shield of Rhode Island, *Defendant-Appellee*

145.  Blue Cross and Blue Shield of South Carolina, *Defendant-Appellee*

146.  Blue Cross and Blue Shield of Tennessee, *Defendant-Appellee*

147.  Blue Cross and Blue Shield of Tennessee, Inc., *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

148.  Blue Cross and Blue Shield of Texas, *Affiliate of Defendants-Appellees*

149.  Blue Cross and Blue Shield of Vermont, *Defendant-Appellee*

150.  Blue Cross and Blue Shield of Wyoming, *Defendant-Appellee*

151.  Blue Cross Blue Shield Association, *Defendant-Appellee*

152.  Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., *Defendant-Appellee*

153.  Blue Cross Blue Shield of Alabama, *Defendant-Appellee*

154.  Blue Cross Blue Shield of Arizona, *Defendant-Appellee*

155.  Blue Cross Blue Shield of Florida, *Defendant-Appellee*

156.  Blue Cross Blue Shield of Massachusetts, *Defendant-Appellee*

157.  Blue Cross Blue Shield of Michigan, *Defendant-Appellee*

158.  Blue Cross Blue Shield of Michigan Mutual Insurance Company, *Defendant-Appellee*

159.  Blue Cross Blue Shield of Minnesota, *Defendant-Appellee*

160.  Blue Cross Blue Shield of Mississippi, a Mutual Insurance Company, *Defendant-Appellee*

161.  Blue Cross Blue Shield of Montana, *Defendant-Appellee*

162.  Blue Cross Blue Shield of Nebraska, *Defendant-Appellee*

163.  Blue Cross Blue Shield of North Carolina, *Defendant-Appellee*

164.  Blue Cross Blue Shield of North Dakota, *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

165.   Blue Cross Blue Shield of Northeastern Pennsylvania, *Defendant-Appellee*

166.   Blue Cross Blue Shield of Rhode Island, *Defendant-Appellee*

167.   Blue Cross Blue Shield of South Carolina, *Defendant-Appellee*

168.   Blue Cross Blue Shield of Tennessee, *Defendant-Appellee*

169.   Blue Cross Blue Shield of Vermont, *Defendant-Appellee*

170.   Blue Cross Blue Shield of Wisconsin (Anthem Blue Cross Blue Shield of Wisconsin), *Defendant-Appellee*

171.   Blue Cross Blue Shield of Wyoming, *Defendant-Appellee*

172.   Blue Cross Complete of Michigan, LLC, *Affiliate of Defendants-Appellees*

173.   Blue Cross of California Partnership Plan, Inc., *Defendant-Appellee*

174.   Blue Cross of Idaho Care Plus, Inc., *Affiliate of Defendants-Appellees*

175.   Blue Cross of Idaho Health Service, Inc., *Defendant-Appellee*

176.   Blue Cross of Northeastern Pennsylvania - Wilkes-Barre, *Defendant-Appellee*

177.   BlueChoice HealthPlan of South Carolina, Inc., *Affiliate of Defendants-Appellees*

178.   BlueCross and BlueShield of North Carolina Senior Health, *Affiliate of Defendants-Appellees*

179.   BlueCross BlueShield Kansas Solutions, *Affiliate of Defendants-Appellees*

180.   Blue Shield of California, *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

181. Blue Shield of California Life & Health Insurance Company, *Subsidiary of Defendants-Appellees*

182. BMH, LLC, *Affiliate of Defendants-Appellees*

183. Bodman PLC, *Counsel for Defendants-Appellees*

184. Boies, Alexander McInnis, *Counsel for Plaintiffs-Appellees*

185. Boies, David, *Counsel for Plaintiffs-Appellees*

186. Boies, Schiller & Flexner LLP, *Counsel for Plaintiffs-Appellees*

187. Bojedla, Swathi, *Counsel for Plaintiffs-Appellees*

188. Bondurant Mixson & Elmore, LLP, *Counsel for Interested Party-Appellant*

189. Boozer Law Firm, LLC, *Counsel for Plaintiffs-Appellees*

190. Borgeest, Wayne, *Counsel for Insurer*

191. Bowling, Jeffrey L., *Counsel for Plaintiffs-Appellees*

192. Boyd, Matthew Allan *Plaintiff-Appellee*

193. Bradberry, Christy, *Plaintiff-Appellee*

194. Bradberry, Kevin, *Plaintiff-Appellee*

195. Bradley Arant Boult Cummings, LLP, *Counsel for Interested Party-Appellant*

196. BridgeSpan Health Company, *Subsidiary of Defendants-Appellees*

197. Briggs, John, *Counsel for Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

198. Brijbasi, Vijay G., *Counsel for Defendants-Appellees*

199. Bronster Hoshibata, *Counsel for Plaintiffs-Appellees*

200. Bronster, Margery S., *Counsel for Plaintiffs-Appellees*

201. Brooks, John, *Counsel for Insurer*

202. Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, *Counsel for Defendants-Appellees*

203. Bronster, Fujichaka, Robbins, ALC, *Counsel for Plaintiffs-Appellees*

204. Bruner, Robert P., *Counsel for Plaintiffs-Appellees*

205. Brunini, Grantham, Grower & Hewes, PLLC, *Counsel for Defendants-Appellees*

206. Buchanan, Virginia, *Counsel for Plaintiffs-Appellees*

207. Burkhalter, Carl S., *Counsel for Defendants-Appellees*

208. Burns Charest LLP, *Counsel for Plaintiffs-Appellees*

209. Burns, Eric, *Counsel for Plaintiffs-Appellees*

210. Burns, Warren T., *Counsel for Plaintiffs-Appellees*

211. Burr & Forman LLP, *Counsel for Insurer*

212. Bustamante, Travis A., *Counsel for Defendants-Appellees*

213. Cafferty Clobes Meriwether & Sprengel LLP, *Counsel for Plaintiffs-Appellees*

214. Cafferty, Patrick, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

215. Cahaba Government Benefit Administrators, LLC, *Affiliate of Defendants-Appellees*

216. Cahaba Medical Care, *Defendant-Appellee*

217. Cahaba Safeguard Administrators, LLC, *Affiliate of Defendants-Appellees*

218. Caliendo, Charles T., *Counsel for Plaintiffs-Appellees*

219. California Physicians' Service, *Defendant-Appellee*

220. California Physicians' Service, d/b/a Blue Shield of California, *Defendant-Appellee*

221. Callister, Joshua, *Counsel for Plaintiffs-Appellees*

222. Cambia Health Solutions, Inc., f/d/b/a Regence Blue Shield of Idaho, Regence Blue Cross Blue Shield of Oregon, Regence Blue Cross Blue Shield of Utah, Regence Blue Shield of Washington, *Defendant-Appellee*

223. Campbell Partners, *Counsel for Defendants-Appellees*

224. Campbell, A. Todd, *Counsel for Defendants-Appellees*

225. Campbell, Andrew P., *Counsel for Defendants-Appellees*

226. Capital Administrative Services, Inc., *Affiliate of Defendants-Appellees*

227. Capital Advantage Assurance Company, *Affiliate of Defendants-Appellees*

228. Capital Advantage Insurance Company, *Affiliate of Defendants-Appellees*

229. Capital BlueCross, *Defendant-Appellee*

230. Capital Health Plan, Inc., *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

231.  CareFirst Blue Cross and Blue Shield of Maryland, *Defendant-Appellee*

232.  CareFirst BlueChoice, Inc., *Defendant-Appellee*

233.  CareFirst BlueCross BlueShield, d/b/a Group Hospitalization and Medical Services and CareFirst Blue Cross Blue Shield of Maryland, *Defendant-Appellee*

234.  CareFirst Holdings, Inc., *Parent to Defendants-Appellees*

235.  CareFirst of Maryland, Inc., *Defendant-Appellee*

236.  CareFirst of Maryland, Inc. d/b/a CareFirst BlueCross BlueShield, *Defendant-Appellee*

237.  CareFirst, Inc., *Defendant-Appellee*

238.  CareMore Health Plan, *Subsidiary of Defendants-Appellees*

239.  CareMore Health Plan of Arizona, Inc., *Subsidiary of Defendants-Appellees*

240.  CareMore Health Plan of Nevada, *Subsidiary of Defendants-Appellees*

241.  CareMore Health Plan of Texas, Inc., *Subsidiary of Defendants-Appellees*

242.  CareMore Health System, *Subsidiary of Defendants-Appellees*

243.  Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc., *Defendant-Appellee*

244.  Caring for Montanans, Inc., *Defendant-Appellee*

245.  Caring Foundation, *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

246.　Carlson Lynch, Ltd., *Counsel for Plaintiffs-Appellees*

247.　Carlson Lynch Sweet Kilpela & Carpenter, LLP, *Counsel for Plaintiffs-Appellees*

248.　Carr, James P., *Counsel for Plaintiffs-Appellees*

249.　Casa Blanca, LLC, *Plaintiff-Appellee*

250.　Casey, Justine, *Counsel for Insurer*

251.　Catamount Insurance Services, Inc., *Affiliate of Defendants-Appellees*

252.　Cavanaugh, Patrick K., *Counsel for Plaintiffs-Appellees*

253.　CB Roofing LLC, *Plaintiff-Appellee*

254.　CCHA, LLC, *Subsidiary of Defendants-Appellees*

255.　Cerulean Companies, Inc., *Subsidiary of Defendants-Appellees*

256.　Cerven, Keith O., *Plaintiff-Appellee*

257.　Cerven, Teresa, M., *Plaintiff-Appellee*

258.　CGS Administrators, LLC, *Affiliate of Defendants-Appellees*

259.　Chadrow & Associates, *Counsel for Plaintiffs-Appellees*

260.　Chapman, Lewis & Swan, PLLC, *Counsel for Plaintiffs-Appellees*

261.　Chapman, Ralph E., *Counsel for Plaintiffs-Appellees*

262.　Charles M. Thompson PC, *Counsel for Plaintiffs-Appellees*

263.　Charnes, Adam H., *Counsel for Defendants-Appellees*

264.　Chavez, Kathleen, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

265.  Chesler, Evan, *Counsel for Defendants-Appellees*

266.  Childress, Jennifer D., *Plaintiff-Appellee*

267.  Chubb (CB) (including Federal Insurance and Executive Risk), *Insurer of Defendants-Appellees*

268.  Cihlar, Nate, *Counsel for Plaintiffs-Appellees*

269.  Claim Management Services, Inc., *Subsidiary of Defendants-Appellees*

270.  Clark, Anna Mercado, *Counsel for Defendants-Appellees*

271.  Clement, Paul D., *Counsel for Defendants-Appellees*

272.  Clobes, Bryan, *Counsel for Plaintiffs-Appellees*

273.  Cobalt Benefits Group, LLC, *Affiliate of Defendants-Appellees*

274.  COBX Inc., *Affiliate of Defendants-Appellees*

275.  Cochran, Jennifer, *Interested Party-Appellant (Pro Se)*

276.  Coffey Burlington, *Counsel for Defendants-Appellees*

277.  Coffin, Christopher, *Counsel for Plaintiffs-Appellees*

278.  Cohen Milstein Sellers & Toll PLLC, *Counsel for Plaintiffs-Appellees*

279.  Cohen, Lucile H., *Counsel for Defendants-Appellees*

280.  Comet Capital LLC, *Plaintiff-Appellee*

281.  Commencement Bay Risk Management Insurance Company, *Subsidiary of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

282. Community Care Health Plan of Louisiana, Inc. d/b/a Healthy Blue, *Subsidiary of Defendants-Appellees*

283. Community Care Health Plan of Nevada, Inc., *Subsidiary of Defendants-Appellees*

284. Community Insurance Company, *Defendant-Appellee*

285. Community Insurance Company as Anthem Blue Cross Blue Shield of Ohio, *Defendant-Appellee*

286. Companion Benefit Alternatives, Inc., *Affiliate of Defendants-Appellees*

287. Companion Data Services, LLC, *Affiliate of Defendants-Appellees*

288. Companion Life Insurance Company, *Affiliate of Defendants-Appellees*

289. Companion Life Insurance Company of California, *Affiliate of Defendants-Appellees*

290. Comparato, Paige, *Counsel for Defendants-Appellees*

291. Compcare Health Services Insurance Corporation, *Affiliate of Defendants-Appellees*

292. Comprehensive Benefits Administrators, Inc., *Affiliate of Defendants-Appellees*

293. Concepcion Martinez & Bellido, *Counsel for Defendants-Appellees*

294. Concepcion, Esq., Carlos F., *Counsel for Defendants-Appellees*)

295. Connally, III, N. Thomas, *Counsel for Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

296. Conner, Timothy J., *Counsel for Defendants-Appellees*

297. Connor, Glen M., *Counsel for Plaintiffs-Appellees*

298. Conrad Watson Air Conditioning, Inc., *Plaintiff-Appellee*

299. Consolidated Benefits, Inc., *Affiliate of Defendants-Appellees*

300. Consumer Financial Education Foundation of America, Inc., *Plaintiff-Appellee*

301. Conway, D.C., Jerry L., *Plaintiff-Appellee*

302. Coolidge, Melinda, *Counsel for Plaintiffs-Appellees*

303. Cooper & Kirk, PLLC, *Counsel for Plaintiffs-Appellees*

304. Cooper, Charles J., *Counsel for Plaintiffs-Appellees*

305. Cooper, Davis, *Counsel for Plaintiffs-Appellees*

306. Corporate Benefits Services, Inc., *Affiliate of Defendants-Appellees*

307. Cory Watson Crowder & DeGaris, P.C., *Counsel for Plaintiffs-Appellees*

308. Cory Watson, P.C., *Counsel for Plaintiffs-Appellees*

309. Costello, Honor R., *Counsel for Defendants-Appellees*

310. Cottrell, P.C., Christa C., *Counsel for Defendants-Appellees*

311. Coulson, David A., *Counsel for Defendants-Appellees*

312. Cowan, R. Christopher, *Counsel for Plaintiffs-Appellees*

313. Cowan Law Firm, *Counsel for Plaintiffs-Appellees*

314. Cozen O'Connor, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

315. Craker, Aaron, *Interested Party-Appellant (Pro Se)*

316. Cramer, Eric L., *Counsel for Plaintiffs-Appellees*

317. Cravath Swaine & Moore, *Counsel for Defendants-Appellees*

318. Crispin, R. Randal, *Counsel for Insurer*

319. Crossroads Acquisition Corp., *Subsidiary of Defendants-Appellees*

320. Crowe & Dunlevy, *Counsel for Defendants-Appellees*

321. Crowell & Moring LLP, *Counsel for Defendants-Appellees*

322. Cude, Donna Smith, *Counsel for Plaintiffs-Appellees*

323. Cunningham, Mark A., *Counsel for Defendants-Appellees*

324. Curtis, Frank, *Plaintiff-Appellee*

325. Cylkowski, Sarah L., *Counsel for Defendants-Appellees*

326. Dampier Law Group, P.C., *Counsel for Plaintiffs-Appellees*

327. Dampier, M. Stephen, *Counsel for Plaintiffs-Appellees*

328. Davidson, Jennifer Ray, *Plaintiff-Appellee*

329. Davis, Greg, *Counsel for Plaintiffs-Appellees*

330. Deal, Cooper, & Holton, LLP, *Counsel for Plaintiffs-Appellees*

331. DeCare Dental, LLC, *Subsidiary of Defendants-Appellees*

332. DeCare Dental Health International, LLC, *Subsidiary of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

333.  DeCare Dental Insurance Ireland, Ltd., *Subsidiary of Defendants-Appellees*

334.  DeCare Dental Networks, LLC, *Subsidiary of Defendants-Appellees*

335.  DeGaris, Annesley H., *Counsel for Plaintiffs-Appellees*

336.  Del Sole Cavanaugh Stroyd, LLC, *Counsel for Plaintiffs-Appellees*

337.  Del Sole, Steven J., *Counsel for Plaintiffs-Appellees*

338.  Dellaccio, Douglas, *Counsel for Plaintiffs-Appellees*

339.  DeMasi, Karin, *Counsel for Defendants-Appellees*

340.  Dental Management Administrators, Inc., *Affiliate of Defendants-Appellees*

341.  Designated Agent Company, Inc., *Subsidiary of Defendants-Appellees*

342.  Dickinson Wright, PLLC, *Counsel for Defendants-Appellees*

343.  Dickinson, Mackaman, Tyler & Hagen, P.C., *Counsel for Defendants-Appellees*

344.  Diddle, Samuel A., *Counsel for Defendants-Appellees*

345.  Doherty, Ronan, *Counsel for Interested Party-Appellant*

346.  Dominick Feld Hyde PC, *Counsel for Plaintiffs-Appellants*

347.  Dominion Dental Services of New Jersey, Inc., *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

348.  Dominion Dental Services USA, Inc., Dominion National, *Affiliate of Defendants-Appellees*

349.  Dominion Dental Services, Inc., d/b/a Dominion National, *Affiliate of Defendants-Appellees*

350.  Dominion Dental USA, Inc., *Affiliate of Defendants-Appellees*

351.  Dominion National Insurance Company of New Jersey, *Affiliate of Defendants-Appellees*

352.  Donaldson Guin LLC, *Counsel for Plaintiffs-Appellees*

353.  Donnell, Sarah J., *Counsel for Defendants-Appellees*

354.  Dorr, Jr., Luther M., *Counsel for Defendants-Appellees*

355.  Draper, Hayward L., *Counsel for Defendants-Appellees*

356.  Dryden, Benjamin R., *Counsel for Defendants-Appellees*

357.  Dyer, Karen, *Counsel for Plaintiffs-Appellees*

358.  EAP Alliance Incorporated, *Affiliate of Defendants-Appellees*

359.  Eberle Berlin, Kading, Turnbow & McKlveen, Chartered, *Counsel for Defendants-Appellees*

360.  EEPA, LLC, *Affiliate of Defendants-Appellees*

361.  Eisler, Robert, *Counsel for Plaintiffs-Appellees*

362.  Empire HealthChoice Assurance, Inc., *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

363. Empire HealthChoice Assurance, Inc., f/k/a Empire Blue Cross Blue Shield, *Defendant-Appellee*

364. Empire HealthChoice HMO, Inc., *Subsidiary of Defendants-Appellees*

365. Employee Services, Inc., *Interested Party-Appellant*

366. Encore System Professionals, LLC, *Affiliate of Defendants-Appellees*

367. Endurance Specialty Insurance Ltd., *Insurer of Defendants-Appellees*

368. Enterprise Law Group, LLP, *Counsel for Plaintiffs-Appellees*

369. Entrust Administrative Services, Inc., *Affiliate of Defendants-Appellees*

370. Entrust Agencies, LLC, *Affiliate of Defendants-Appellees*

371. Entrust Group, Inc., *Affiliate of Defendants-Appellees*

372. Entrust, LLC, *Affiliate of Defendants-Appellees*

373. Excellus Blue Cross Blue Shield, *Defendant-Appellee*

374. Excellus BlueCross BlueShield of New York, *Defendant-Appellee*

375. Excellus Health Plan, Inc. d/b/a Excellus BlueCrossBlueShield, *Defendant-Appellee*

376. Excellus Healthcare, Inc., d/b/a Excellus BlueCross BlueShield, *Defendant-Appellee*

377. Faegre Baker Daniels LLP, *Counsel for Defendants-Appellees*

378. Feinstein, Richard A., *Counsel for Plaintiffs-Appellees*

379. Ficaro, James, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

380. First Administrators, Inc., *Defendant-Appellee*

381. Fleming, Michael J., *Counsel for Plaintiffs-Appellees*

382. Florida Combined Life, *Affiliate of Defendants-Appellees*

383. Florida Health Care Plan, Inc., *Affiliate of Defendants-Appellees*

384. Freedom Health, Inc., *Subsidiary of Defendants-Appellees*

385. Foley & Lardner LLP, *Counsel for Defendants-Appellees*

386. Foote, Mielke, Chavez & O'Neil LLC, *Counsel for Plaintiffs-Appellees*

387. Foote, Robert M., *Counsel for Plaintiffs-Appellees*

388. Forbes Law Group, LLC, *Counsel for Plaintiffs-Appellees*

389. Forbes, Frankie J, *Counsel for Plaintiffs-Appellees*

390. Forsythe, Debora, *Plaintiff-Appellee*

391. Forsythe, Tony, *Plaintiff-Appellee*

392. Fort McClellan Credit Union, *Plaintiff-Appellee*

393. Fowler, Jeffrey John, *Counsel for Defendants-Appellees*

394. Franz, Morgan B., *Counsel for Defendants-Appellees*

395. Free State Growers, Inc., *Plaintiffs-Appellees*

396. Freedman Boyd Hollander, *Counsel for Plaintiffs-Appellees*

397. Fronk, Casey R., *Counsel for Defendants-Appellees*

398. Fujichaku, Rex Y., *Counsel for Plaintiffs-Appellees*

399. G&S Trailer Repair Inc., *Plaintiff-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

400.  Galactic Funk Touring, Inc., *Plaintiff-Appellee*

401.  Gankendorff, Edgar D., *Counsel for Plaintiffs-Appellees*

402.  Garner, Jeffrey S., *Plaintiff-Appellee*

403.  Gaston CPA Firm, P.C., *Plaintiff-Appellee*

404.  GC/AAA Fences, Inc., *Plaintiff-Appellee*

405.  Gebremariam, Helam, *Counsel for Defendants-Appellees*

406.  Geneia Holdings LLC, *Affiliate of Defendants-Appellees*

407.  Geneia Insights and Innovations LLC, *Affiliate of Defendants-Appellees*

408.  Geneia LLC, *Affiliate of Defendants-Appellees*

409.  Geneia Management Solutions LLC, *Affiliate of Defendants-Appellees*

410.  Gentle III, Edgar C., *Special Master*

411.  Giarmarco, Mullins & Horton, P.C., *Counsel for Plaintiffs-Appellees*

412.  Giglio, Jr., Joseph C., *Counsel for Defendants-Appellees*

413.  Gilbert, Sarah, *Counsel for Defendants-Appellees*

414.  Gillis, H. Lewis, *Counsel for Plaintiffs-Appellees*

415.  Given, Robert S. W., *Counsel for Defendants-Appellees*

416.  Global TPA, LLC, *Subsidiary of Defendants-Appellees*

417.  Golden Security Insurance Co., *Affiliate of Defendants-Appellees*

418.  Golden West Health Plan, Inc., *Subsidiary of Defendants-Appellees*

419.  Goodin, Janeen, *Plaintiff-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

420. Goodman, Jason, *Plaintiff-Appellee*

421. Goodman, Tom A., *Plaintiff-Appellee*

422. Goodsir, David, *Counsel for Defendants-Appellees*

423. Gordon Ball Law Office, *Counsel for Plaintiffs-Appellees*

424. Gordon Jr., Ben W., *Counsel for Plaintiffs-Appellees*

425. Government Management Services, LLC, *Affiliate of Defendants-Appellees*

426. Grabar Law Office, *Counsel for Plaintiffs-Appellees*

427. Grant & Eisenhofer, *Counsel for Plaintiffs-Appellees*

428. Greg Davis Law, LLC, *Counsel for Plaintiffs-Appellees*

429. Greater Georgia Life Insurance Company, *Subsidiary of Defendants-Appellees*

430. Green, Cheri D., *Counsel for Defendants-Appellees*

431. Greenberg Traurig, PA, *Counsel for Defendants-Appellees*

432. Group Hospitalization and Medical Services, Inc., *Defendant-Appellee*

433. Group Hospitalization and Medical Services, Inc. d/b/a CareFirst BlueCross BlueShield, *Defendant-Appellee*

434. Group Insurance Services, Inc., *Affiliate of Defendants-Appellees*

435. GuideWell Mutual Holding Corporation, *Parent to Defendants-Appellees*

436. Guin, David J., *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

437.  Guin, Stokes & Evans, LLC, *Counsel for Plaintiffs-Appellees*

438.  Gustafson Gluek PLLC, *Counsel for Plaintiffs-Appellees*

439.  Gustafson, Daniel E., *Counsel for Plaintiffs-Appellees*

440.  Haden, Ed R., *Counsel for Defendants-Appellees*

441.  Hansen, Chad D., *Counsel for Defendants-Appellees*

442.  Hare, Scott M., *Counsel for Plaintiffs-Appellees*

443.  Harrell, J. Wells, *Counsel for Plaintiffs-Appellees*

444.  Harvalis, Jim, *Affiliated with Counsel for Defendants-Appellees*

445.  Harwood, Jr., Hon. R. Bernard, *Special Master*

446.  Hauser, Brian C., *Counsel for Defendants-Appellees*

447.  Hausfeld LLP, *Counsel for Plaintiffs-Appellees*

448.  Hausfeld, Michael, *Counsel for Plaintiffs-Appellees*

449.  Hawaii Medical Service Association d/b/a Blue Cross and Blue Shield of
      Hawaii, *Defendant-Appellee*

450.  Hawran, Gregory R., *Counsel for Defendants-Appellees*

451.  Hayes, Lisa N., *Counsel for Plaintiffs-Appellees*

452.  Hazzard Law, LLC, Counsel for Plaintiffs-Appellees

453.  Hazzard, Brent, *Counsel for Plaintiffs-Appellees*

454.  Health and Wellness Partners, Inc., *Affiliate of Defendants-Appellees*

455.  Healthbox Nashville LLC, *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

456.  Health Care Service Corporation, *Defendant-Appellee*

457.  Health Care Service Corporation d/b/a Blue Cross Blue Shield of Illinois, Blue Cross Blue Shield of New Mexico, Blue Cross Blue Shield of Oklahoma, Blue Cross and Blue Shield of Montana, Blue Cross Blue Shield of Texas, *Defendant-Appellee*

458.  Healthcare Business Solutions, LLC, *Affiliate of Defendants-Appellees*

459.  HealthKeepers, Inc., *Subsidiary of Defendants-Appellees*

460.  HealthLink HMO, Inc., *Subsidiary of Defendants-Appellees*

461.  HealthLink, Inc., *Subsidiary of Defendants-Appellees*

462.  Healthcare Management Administrators, Inc., *Subsidiary of Defendants-Appellees*

463.  Health Management Corporation, *Subsidiary of Defendants-Appellees*

464.  HealthNow New York Inc., *Defendant-Appellee*

465.  HealthNow New York Inc., d/b/a Blue Cross Blue Shield of Western New York and Blue Shield of Northeastern New York, *Defendant-Appellee*

466.  HealthNow Systems, Inc., *Defendant-Appellee*

467.  Health Options, Inc., *Affiliate of Defendants-Appellees*

468.  HealthPlus HP, LLC, *Subsidiary of Defendants-Appellees*

469.  HealthSun Health Plans, Inc., *Subsidiary of Defendants-Appellees*

470.  Healthy Alliance Life Insurance Company, *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

471.  Hedlund, Daniel C., *Counsel for Plaintiffs-Appellees*

472.  Hellums, Chris T., *Counsel for Plaintiffs-Appellees*

473.  Hendren & Malone PLLC, *Counsel for Plaintiffs-Appellees*

474.  Herman, Matthew J., *Counsel for Plaintiffs-Appellees*

475.  Hess, Hess & Daniel, P.C., *Plaintiff-Appellee*

476.  Hibbett Retail, Inc., *Plaintiff-Appellee*

477.  Hibbett Sporting Goods, Inc., *Plaintiff-Appellee*

478.  Hibbett Inc. (Nasdaq: HIBB), *Parent of Plaintiff-Appellee*

479.  Highmark Blue Cross and Blue Shield of Delaware, *Affiliate of Defendants-Appellees*

480.  Highmark Blue Cross Blue Shield of Delaware, Inc., *Defendant-Appellee*

481.  Highmark Blue Cross Blue Shield of West Virginia, *Defendant-Appellee*

482.  Highmark Health, *Parent to Defendants-Appellees*

483.  Highmark Health Services, d/b/a Highmark Blue Cross Blue Shield of Delaware, Highmark Blue Cross Blue Shield, and Highmark Blue Cross Blue Shield of West Virginia, *Defendant-Appellee*

484.  Highmark Inc., *Defendant-Appellee*

485.  Highmark West Virginia Inc., *Affiliate of Defendants-Appellees*

486.  Highway to Health, Inc., *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

487. Hill, Hill, Carter, Franco, Cole, & Black, PC, *Counsel for Defendants-Appellees*

488. Hill, Angie, *Plaintiff-Appellee*

489. Hill, Ross, *Plaintiff-Appellee*

490. HMO Colorado, *Subsidiary of Defendants-Appellees*

491. HMO Louisiana, Inc., *Affiliate of Defendants-Appellees*

492. HMO Missouri Inc., *Defendant-Appellee*

493. HMO Missouri, Inc. (Anthem Blue Cross and Blue Shield of Missouri), *Defendant-Appellee*

494. HMO Partners, Inc., *Affiliate of Defendants-Appellees*

495. HMSA BSH, Inc., *Affiliate of Defendants-Appellees*

496. HMSA Foundation, Inc., *Affiliate of Defendants-Appellees*

497. Hodge, David J., *Counsel for Plaintiffs-Appellees*

498. Hofmeister, Dan, *Counsel for Defendants-Appellees*

499. Hogan Lovells US LLP, *Counsel for Defendants-Appellees*

500. Hogan, E. Desmond, *Counsel for Defendants-Appellees*

501. Hogewood, Mark M., *Counsel for Defendants-Appellees*

502. Holland & Knight, *Counsel for Defendants-Appellees*

503. Holmes, Janet Brooks, *Counsel for Plaintiffs-Appellees*

504. Holmstead, Zachary D., *Counsel for Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

505.  Holton, John R., *Counsel for Plaintiffs-Appellees*

506.  Holton, Timothy R., *Counsel for Plaintiffs-Appellees*

507.  Home Depot U.S.A., Inc., *Interested Party-Appellant*

508.  Homer Law Firm, PC, *Counsel for Plaintiffs-Appellees*

509.  Hoover, Craig A., *Counsel for Defendants-Appellees*

510.  Horizon Blue Cross and Blue Shield of New Jersey, *Defendant-Appellee*

511.  Horizon Blue Cross Blue Shield of New Jersey, *Defendant-Appellee*

512.  Horizon Casualty Services, Inc., *Affiliate of Defendants-Appellees*

513.  Horizon Healthcare Dental, Inc., *Affiliate of Defendants-Appellees*

514.  Horizon Healthcare of New Jersey, Inc. (which also operates under the name Horizon NJ Health), *Affiliate of Defendants-Appellees*

515.  Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross and BlueShield of New Jersey, *Defendant-Appellee*

516.  Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey, *Defendant-Appellee*

517.  Horizon Insurance Company, *Affiliate of Defendants-Appellees*

518.  Horner, Chelsea L., a.k.a. Chelsea Horner Templeton, *Plaintiff-Appellee.*

519.  Horton, William H., *Counsel for Plaintiffs-Appellees*

520.  Hospital Service Association of Northeastern Pennsylvania d/b/a Blue Cross of Northeastern Pennsylvania, *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

521. Hospital Service Association of Northeastern Pennsylvania d/b/a Blue Cross of Northeastern Pennsylvania, *Defendant-Appellee*

522. Hume, Hamish P.M., *Counsel for Plaintiffs-Appellees*

523. IMA, Inc., *Affiliate of Defendants-Appellees*

524. Ichter, Davis, *Counsel for Plaintiffs-Appellees*

525. Independence Blue Cross, LLC, *Parent to Defendants-Appellees*

526. Independence Health Group Inc., *Parent to Defendants-Appellees*

527. Independence Hospital Indemnity Plan, Inc., f/k/a Independence Blue Cross, *Defendant-Appellee*

528. IngenioRx, Inc., *Subsidiary of Defendants-Appellees*

529. Instil Health Insurance Company, *Affiliate of Defendants-Appellees*

530. Insua, Nicholas, *Counsel for Defendants-Appellees*

531. Integrated Services, Inc., *Affiliate of Defendants-Appellees*

532. International Plan Solutions, LLC, *Affiliate of Defendants-Appellees*

533. Iron Gate Technology, Inc., *Plaintiff-Appellee*

534. Ironshore Inc., *Insurer of Defendants-Appellees*

535. Iron-Starr Excess Agency Ltd., *Insurer of Defendants-Appellees*

536. Isaacson, William A., *Counsel for Plaintiffs-Appellees*

537. Jackson, Anthony F., *Counsel for Plaintiff-Appellee*

538. James Hoyer, P.A., *Plaintiff-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

539. Jameson, Joel, *Plaintiffs-Appellees*

540. Jenks and Associates, *Counsel for Plaintiffs-Appellees*

541. Jenks III, James K., *Counsel for Plaintiffs-Appellees*

542. Jenner & Block LLP, *Counsel for Defendants-Appellees*

543. Jewelers Trade Shop, *Plaintiff-Appellee*

544. John D. Saxon, P.C., *Counsel for Plaintiffs-Appellees*

545. Johnson, John M., *Counsel for Defendants-Appellees*

546. Johnston, Clint, *Plaintiff-Appellee*

547. Jones & Swartz PLLC, *Counsel for Plaintiffs-Appellees*

548. Jones Ward PLC, *Counsel for Plaintiffs-Appellees*

549. Jones, Bruce C., *Counsel for Plaintiffs-Appellees*

550. Jones, Lawrence, *Counsel for Plaintiffs-Appellees*

551. Jones, Megan, *Counsel for Plaintiffs-Appellees*

552. Jose, Elizabeth, *Counsel for Defendants-Appellees*

553. Kalisky, Alyssa C., *Counsel for Defendants-Appellees*

554. Kapke & Willerth LLC, *Counsel for Plaintiffs-Appellees*

555. Kaplan, Andrew D., *Counsel for Defendants-Appellees*

556. Kappel, Brian P., *Counsel for Defendants-Appellees*

557. Kaufman, R. David, *Counsel for Defendants-Appellees*

558. Kaufman Borgeest & Ryan LLP, *Counsel for Insurer*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

559.  Kellner, William E., *Counsel for Defendants-Appellees*

560.  Kelso, Trent, *Plaintiff-Appellee*

561.  Kennedy, Lauren R., *Counsel for Defendants-Appellees*

562.  Kenney, Jeannine M., *Counsel for Plaintiffs-Appellees*

563.  Keystone Health Plan Central, Inc., *Affiliate of Defendants-Appellees*

564.  Keystone Medical Imaging, LLC, *Affiliate of Defendants-Appellees*

565.  Kilene, Jason S., *Counsel for Plaintiffs-Appellees*

566.  Kilpatrick Townsend & Stockton LLP, *Counsel for Defendants-Appellees*

567.  Kilpela, Jr., Edwin, J., *Counsel for Plaintiffs-Appellees*

568.  Kimble, Cavender C., *Counsel for Defendants-Appellees*

569.  Kirk, Michael, *Counsel for Plaintiffs-Appellees*

570.  Kirkland & Ellis LLP, *Counsel for Defendants-Appellees*

571.  Knapp, Scott R., *Counsel for Defendants-Appellees*

572.  Knott, Jason M., *Counsel for Plaintiffs-Appellees*

573.  Koch, H. James, *Counsel for Defendants-Appellees*

574.  Kochanowski, Andrew J., *Counsel for Plaintiffs-Appellees*

575.  Korn, David H., *Counsel for Defendants-Appellees*

576.  Kravitz, Carl S., *Counsel for Plaintiffs-Appellees*

577.  Krieger, Mark, *Plaintiff-Appellee*

578.  Kudulis, Johnathan, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

579. Kudulis, Resisinger, & Price, *Counsel for Plaintiffs-Appellees*

580. Labauve, Elizabeth Barnett, *Counsel for Defendants-Appellees*

581. Lambert, Kenneth, *Counsel for Defendants-Appellees*

582. Langston & Lott, P.A., *Counsel for Plaintiffs-Appellees*

583. Law Office of Stephen M. Hansen, *Counsel for Plaintiffs-Appellees*

584. Laytin, P.C., Daniel E., *Counsel for Defendants-Appellees*

585. Lemmon Law Firm, *Counsel for Plaintiffs-Appellees*

586. Lemmon, Andrew, *Counsel for Plaintiffs-Appellees*

587. Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A., *Counsel for Plaintiffs-Appellees*

588. Lieberman, Michael W., *Counsel for Defendants-Appellees*

589. LifeMap Assurance Company, *Subsidiary of Defendants-Appellees*

590. Life Secure Insurance Company Holdings, *Affiliate of Defendants-Appellees*

591. Lifetime Healthcare, Inc., *Defendant-Appellee*

592. Lightfoot Franklin & White LL, *Counsel for Defendants-Appellees*

593. Liskow & Lewis, *Counsel for Plaintiffs-Appellees*

594. Lite Depalma Greenberg & Afanador, LLC, *Counsel for Plaintiffs-Appellees*

595. Little, Jonathan Charles - *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

596.  Lloyd's of London, *Insurer of Defendants-Appellees*

597.  Lockard & Williams Insurance Services, Inc., *Affiliate of Defendants-Appellees*

598.  Lockridge Grindal Nauen P.L.L.P, *Counsel for Plaintiffs-Appellees*

599.  London ACE, *Insurer of Defendants-Appellees*

600.  Lott, Casey Langston, *Counsel for Plaintiffs-Appellees*

601.  Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, *Defendant-Appellee*

602.  Lovell & Nalley, *Counsel for Plaintiffs-Appellees*

603.  Lowrey, IV, Frank M., *Counsel for Interested Party-Appellant*

604.  Lydian, LLC, *Affiliate of Defendants-Appellees*

605.  Lytle, Joann, *Counsel for Defendants-Appellees*

606.  Macrae, Amy, *Plaintiff-Appellee*

607.  Maier, Jeny M., *Counsel for Defendants-Appellees*

608.  Malatesta, III, John Thomas A., *Counsel for Defendants-Appellees*

609.  Malone, J. Michael, *Counsel for Plaintiffs-Appellees*

610.  Mandel and Mandel, LLP, *Counsel for Plaintiffs-Appellees*

611.  Mann, Jonathan S., *Counsel for Plaintiffs-Appellees*

612.  Marino Law, PLLC, *Counsel for Plaintiffs-Appellees*

613.  Mark W. Wasvery, PC, *Counsel for Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

614. Marshall III, Charles F., *Counsel for Defendants-Appellees*

615. Martin, John D., *Counsel for Defendants-Appellees*

616. Martin, Scott Allen, *Counsel for Plaintiffs-Appellees*

617. Martinez, Jr., Esq., Elio F., *Counsel for Defendants-Appellees*

618. Massachusetts Benefit Administrators, LLC, *Affiliate of Defendants-Appellees*

619. Mathias, John, *Counsel for Defendants-Appellees*

620. Matthew Thornton Health Plan, Inc., *Subsidiary of Defendants-Appellees*

621. Maynard Cooper & Gale PC, *Counsel for Defendants-Appellees*

622. McCafee & Taft, P.C., *Counsel for Interested Party-Appellant*

623. McCallum, Methvin & Terrell, PC, *Counsel for Plaintiffs-Appellees*

624. McCallum, Phillip W., *Counsel for Plaintiffs-Appellees*

625. McCarter & English, LLP, *Counsel for Defendants-Appellees*

626. McDevitt, Larry, *Counsel for Plaintiffs-Appellees*

627. McDonald, Yawanna N., *Counsel for Defendants-Appellees*

628. McDonough, James C., *Counsel for Plaintiffs-Appellees*

629. McDowell, M. Patrick, *Counsel for Defendants-Appellees*

630. McGartland & Borchardt LLP, *Counsel for Plaintiffs-Appellees*

631. McGartland, Michael, *Counsel for Plaintiffs-Appellees*

632. McGartland Law Firm, PLLC, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

633.  McGill, Brian, *Plaintiff-Appellee*

634.  McGill, Rochelle, *Plaintiff-Appellee*

635.  McKane, Mark E., *Counsel for Defendants-Appellees*

636.  McKay Cauthen Settana and Stubley, *Counsel for Plaintiffs-Appellees*

637.  McLean, Ronald H., *Counsel for Defendants-Appellees*

638.  McLeod, Aaron G., *Counsel for Defendants-Appellees*

639.  MCS Holdings, Inc., *Affiliate of Defendants-Appellees*

640.  Means Gillis Law, LLC, *Counsel for Plaintiffs-Appellees*

641.  Medical Helpline, LLC, *Affiliate of Defendants-Appellees*

642.  Medrisk Actuarial Services, LLC, *Affiliate of Defendants-Appellees*

643.  Meierhenry Sargent LLP, *Counsel for Plaintiffs-Appellees*

644.  Menge, Mary G., *Counsel for Defendants-Appellees*

645.  Meridian Resources Company, LLC, *Subsidiary of Defendants-Appellees*

646.  Meriwether, Ellen, *Counsel for Plaintiffs-Appellees*

647.  Methvin, Terrell, Yancy, Stephens & Miller, P.C., *Counsel for Plaintiffs-Appellees*

648.  Methvin, Jr., Robert G., *Counsel for Plaintiffs-Appellees*

649.  Meyers, D. Kent, *Counsel for Defendants-Appellees*

650.  Midwest Benefit Consultants, Inc., *Defendant-Appellee*

651.  Mills, Linda, *Plaintiff-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

652.  Montis, Inc., *Plaintiff-Appellee*

653.  Morris, King & Hodge, *Counsel for Plaintiffs-Appellees*

654.  Morris, Scott A., *Plaintiff-Appellee*

655.  Mosaic Group Services, LLC, *Affiliate of Defendants-Appellees*

656.  Moylan, Daniel Patrick, *Counsel for Plaintiffs-Appellees*

657.  Murphy & Murphy LLC, *Counsel for Plaintiffs-Appellees*

658.  Murphy, Erin E., *Counsel for Defendants-Appellees*

659.  Murphy, Michael L., *Counsel for Plaintiffs-Appellees*

660.  My Care Alabama, Inc., *Affiliate of Defendants-Appellees*

661.  Nalley, John Doyle, *Counsel for Plaintiffs-Appellees*

662.  Naranjo, Michael A., *Counsel for Defendants-Appellees*

663.  Nast, Dianne M., *Counsel for Plaintiffs-Appellees*

664.  NastLaw LLC, *Counsel for Plaintiffs-Appellees*

665.  NDBH Holding Company, LLC, *Affiliate of Defendants-Appellees*

666.  Nelson Mullins Riley & Scarborough LLP, *Counsel for Defendants-Appellees*

667.  Nelson, Christopher, *Counsel for Plaintiffs-Appellees*

668.  Netting, Irma L., *Counsel for Plaintiffs-Appellees*

669.  New Directions Behavioral Health, LLC, *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

670. Niagara Life and Health Insurance Company, *Affiliate of Defendants-Appellees*

671. Nix, Jess R., *Counsel for Defendants-Appellees*

672. Nix, Richard D., *Counsel for Interested Party-Appellant*

673. NobleHealth, Inc., *Affiliate of Defendants-Appellees*

674. Nordin, Daniel J., *Counsel for Plaintiffs-Appellees*

675. Noridian Mutual Insurance Company, d/b/a Blue Cross Blue Shield of North Dakota, *Defendant-Appellee*

676. Norman, Brian K., *Counsel for Defendants-Appellees*

677. Nyemaster Goode PC, *Counsel for Defendants-Appellees*

678. O'Brien, Charles A., *Counsel for Defendants-Appellees*

679. O'Connell, Sean T., *Counsel for Plaintiffs-Appellees*

680. Ogletree Deakins Nash Smoak & Stewart PC, *Counsel for Defendants-Appellees*

681. O'Melveny & Myers LLP, *Counsel for Defendants-Appellees*

682. OneBeacon Insurance Group (including Atlantic Specialty Insurance Company and Homeland Insurance Company), *Insurer of Defendants-Appellees*

683. Onlife Health, Inc., *Affiliate of Defendants-Appellees*

684. Optimum Healthcare, Inc., *Subsidiary of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

685.  PGBA, LLC, *Affiliate of Defendants-Appellees*

686.  Page, Edwin Allen, *Counsel for Interested Party-Appellant*

687.  Palmer, Tim A., *Counsel for Defendants-Appellees*

688.  Palmetto GBA, LLC, *Affiliate of Defendants-Appellees*

689.  Paul Weiss Rifkind Wharton – *Counsel for Plaintiffs-Appellees*

690.  Payne, Joshua K., *Counsel for Defendants-Appellees*

691.  Payton, Gwendolyn C., *Counsel for Defendants-Appellees*

692.  PCS, LLC, *Affiliate of Defendants-Appellees*

693.  Pearce, Bevill, Leesburg, Moore, P.C., *Plaintiff-Appellee*

694.  Pendley, Baudin & Coffin LLP, *Counsel for Plaintiffs-Appellees*

695.  Pendley, Patrick W., *Counsel for Plaintiffs-Appellees*

696.  Penney, Brant, *Counsel for Plaintiffs-Appellees*

697.  Pennington, Michael R., *Counsel for Interested Party-Appellant*

698.  Perlman, Alan J., *Counsel for Defendants-Appellees*

699.  Pete Moore Chevrolet, Inc., *Plaintiff-Appellee*

700.  Peterson, Rebecca, *Counsel for Plaintiffs-Appellees*

701.  Pettus Plumbing & Piping, Inc, *Plaintiff-Appellee*

702.  Pham, Allison N., *Counsel for Defendants-Appellees*

703.  Phillips Lytle LLP, *Counsel for Defendants-Appellees*

704.  Physicians' Service, d/b/a Blue Shield of California, *Defendant-Appellee*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

705.  Piercy, Deborah, *Plaintiff-Appellee*

706.  Pioneer Farm Equipment, Inc., *Plaintiff-Appellee*

707.  Pittman Dutton Hellums, Bradley and Mann, P.C., *Counsel for Plaintiffs-Appellees*

708.  Planned Administrators, Inc., *Affiliate of Defendants-Appellees*

709.  Pollack-Avery, Elizabeth, *Counsel for Plaintiffs-Appellees*

710.  Preferred Care Services, Inc., *Affiliate of Defendants-Appellees*

711.  Premara Blue Cross of Washington, *Defendant-Appellee*

712.  Premara, d/b/a Premara Blue Cross Blue Shield of Alaska, *Defendant-Appellee*

713.  Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska, *Defendant-Appellee*

714.  Priester, James L., *Counsel for Defendants-Appellees*

715.  Prime Therapeutics, LLC, *Affiliate of Defendants-Appellees*

716.  Proctor, Hon. R. David (N.D. Ala.)

717.  Provosty & Gankendorff, LLC, *Counsel for Plaintiffs-Appellees*

718.  Putnam, Hon. T. Michael (N.D. Ala.)

719.  Quinlan, Patrick J., *Counsel for Plaintiffs-Appellees*

720.  Quinn, Connor, Weaver, Davies & Ruoco LLP, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

721.  Ragsdale, Barry A., *Plaintiffs' Liaison Counsel*

722.  Redgrave, Jonathan M., *Counsel for Defendants-Appellees*

723.  Redgrave, LLP, *Counsel for Defendants-Appellees*

724.  Redgrave, Victoria A., *Counsel for Defendants-Appellees*

725.  Reed Smith LLP, *Counsel for Defendants-Appellees*

726.  Reeves, Harold S., *Counsel for Plaintiffs-Appellees*

727.  Regence BlueCross BlueShield of Oregon, *Defendant-Appellee*

728.  728. Regence BlueCross BlueShield of Utah, *Defendant-Appellee*

729.  729. Regence BlueShield, *Defendant-Appellee*

730.  730. Regence BlueShield of Idaho, Inc., *Defendant-Appellee*

731.  Regence Insurance Holding Corporation, *Subsidiary of Defendants-Appellees*

732.  Reichard & Escalera, LLC, *Counsel for Defendants-Appellees*

733.  Reinhardt, Wendorf & Blanchfield, *Counsel for Plaintiffs-Appellees*

734.  Reis, John, *Counsel for Defendants-Appellees*

735.  Reuben, Mindee, *Counsel for Plaintiffs-Appellees*

736.  Resolution Health, Inc., *Subsidiary of Defendants-Appellees*

737.  Rheaume, Jr., Thomas J., *Counsel for Defendants-Appellees*

738.  Rhodes IV, C. Harker, *Counsel for Defendants-Appellees*

739.  Richie, John Thomas, *Counsel for Interested Party-Appellant*

740. Rico, Gustavo A. Pabón, *Counsel for Defendants-Appellees*

741. Riebel, Karen Hanson, *Counsel for Plaintiffs-Appellees*

742. RightChoice Managed Care, Inc., *Defendant-Appellee*

743. Riley & Jackson, PC, *Counsel for Defendants-Appellees*

744. Riley, Jr., Robert R., *Counsel for Defendants-Appellees*

745. Riverbend Govt. Benefits Administrator, Inc., *Affiliate of Defendants-Appellees*

746. RiverTrust Solutions, Inc., *Affiliate of Defendants-Appellees*

747. RLI/RSUI, *Insurer of Defendants-Appellees*

748. Roach, Benjamin Patrick, *Counsel for Defendants-Appellees*

749. Robertson, John Robert, *Counsel for Defendants-Appellees*

750. Robinovitch, Hart L., *Counsel for Plaintiffs-Appellees*

751. Robinson, Kenneth J., *Counsel for Plaintiffs-Appellees*

752. Rockforte, Nicholas R., *Counsel for Plaintiffs-Appellees*

753. Rocky Mountain Hospital & Medical Service Inc., d/b/a Anthem Blue Cross Blue Shield of Colorado, *Defendant-Appellee*

754. Rocky Mountain Hospital & Medical Service Inc., d/b/a Anthem Blue Cross Blue Shield of Nevada, *Defendant-Appellee*

755. Rodanast, P.C., *Counsel for Plaintiffs-Appellees*

756. Rodríguez, Rafael Escalera, *Counsel for Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

757. Rolison Trucking Co., LLC, *Plaintiff-Appellee*

758. Roman, Tracy A., *Counsel for Defendants-Appellees*

759. Ross, April N., *Counsel for Defendants-Appellees*

760. Rouco, Richard, *Counsel for Plaintiffs-Appellees*

761. Rowe, Stephen A., *Counsel for Defendants-Appellees*

762. Rutenberg, Alan D., *Counsel for Defendants-Appellees*

763. Ruzic, Emily Myers, *Counsel for Interested Party-Appellant*

764. Rx Concepts, Ltd. Co., *Affiliate of Defendants-Appellees*

765. Saccoccio & Lopez, *Plaintiff-Appellee*

766. Sadler Electric, *Plaintiff-Appellee*

767. Saeed & Little, LLP, *Counsel for Plaintiffs-Appellees*

768. Salomon, Anne, *Counsel for Defendants-Appellees*

769. Sansbury, Michael T., *Counsel for Defendants-Appellees*

770. Sargent, Clint, *Counsel for Plaintiffs-Appellees*

771. Saxon, John, *Counsel for Plaintiffs-Appellees*

772. Scheller, Kathryn, *Plaintiff-Appellee*

773. Schmidt, Jr., John G., *Counsel for Defendants-Appellees*

774. Schneider, Sydney L., *Counsel for Defendants-Appellees*

775. Schwiep, Paul J., *Counsel for Defendants-Appellees*

776. Scott & Cain, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

777.  Scott Jr., Thomas S., *Counsel for Plaintiffs-Appellees*

778.  Scott, Lee McArthur, *Counsel for Plaintiffs-Appellees*

779.  SecurityCare of Tennessee, Inc., *Affiliate of Defendants-Appellees*

780.  Self Insured Plans, LLC, *Affiliate of Defendants-Appellees*

781.  Serkland Law Firm, *Counsel for Defendants-Appellees*

782.  Shaheen & Gordon, P.A., *Counsel for Plaintiffs-Appellees*

783.  Shamoun & Norman, LLP, *Counsel for Defendants-Appellees*

784.  Shared Health, Inc., *Affiliate of Defendants-Appellees*

785.  Sharo Law, LLP, *Counsel for Plaintiffs-Appellees*

786.  Sharp Law, LLP

787.  Sharp, Marla S., *Plaintiff-Appellee*

788.  Shaw, Adam R., *Counsel for Plaintiffs-Appellees*

789.  Shearman & Sterling LLP, *Counsel for Defendants-Appellees*

790.  Sheppard, Mullin, Richter & Hampton LLP, *Counsel for Insurer*

791.  Sheridan, Judy, *Plaintiff-Appellee*

792.  Simply Healthcare Plans, Inc., *Subsidiary of Defendants-Appellees*

793.  Sirocco, Inc., *Plaintiff-Appellee*

794.  Slate, Pamela B., *Counsel for Defendants-Appellees*

795.  Small, Daniel, *Counsel for Plaintiffs-Appellees*

796.  Smith, Scott Burnett, *Counsel for Interested Party-Appellant*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

797.  Smith, Cyril V., *Counsel for Plaintiffs-Appellees*

798.  Socios Mayores en Salud Holdings, Inc., d/b/a Triple-S Advantage, *Affiliate of Defendants-Appellees*

799.  Sommers Schwartz PC, *Counsel for Plaintiffs-Appellees*

800.  Sooy, Kathleen Taylor, *Counsel for Defendants-Appellees*

801.  Sompo International, *Insurer of Defendants-Appellees*

802.  Southeast Services, Inc., *Subsidiary of Defendants-Appellees*

803.  Southern Diversified Business Services, Inc., *Affiliate of Defendants-Appellees*

804.  Southern Health Plan, Inc., *Affiliate of Defendants-Appellees*

805.  Spenser, Mark D., *Counsel for Interested Party-Appellant*

806.  Spotswood Sansom & Sansbury LLC, *Counsel for Defendants-Appellees*

807.  Spotswood, Robert K., *Counsel for Defendants-Appellees*

808.  Stark, Michael E., *Plaintiff-Appellee*

809.  Stecker, Brett, *Counsel for Plaintiffs-Appellees*

810.  Stenerson, Todd, *Counsel for Defendants-Appellees*

811.  Stetson, Catherine E., *Counsel for Defendants-Appellees*

812.  Stokes, Tammy, *Counsel for Plaintiffs-Appellees*

813.  Stone & Magnanini LLP, *Counsel for Plaintiffs-Appellees*

814.  Stone Law Firm, LLC, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

815.  Stone, Andrew M., *Counsel for Plaintiffs-Appellees*

816.  Stone, David, *Counsel for Plaintiffs-Appellees*

817.  Stoops, Kevin J., *Counsel for Plaintiffs-Appellees*

818.  Strauss & Boies LLP, *Counsel for Plaintiffs-Appellees*

819.  Strutt, Jennifer, *Counsel for Defendants-Appellees*

820.  Sudekum, Michael J., *Counsel for Plaintiffs-Appellees*

821.  Swank, Ami, *Counsel for Plaintiffs-Appellees*

822.  Swartz, Eric B., *Counsel for Plaintiffs-Appellees*

823.  Sweeris, Charles L., *Counsel for Defendants-Appellees*

824.  The Sweet Law Firm, PC *Counsel for Plaintiffs-Appellees*

825.  Sweet, Benjamin, *Counsel for Plaintiffs-Appellees*

826.  Taylor, Jr., Daniel R., *Counsel for Defendants-Appellees*

827.  Templeton, Quentin, *Counsel for Plaintiffs-Appellees*

828.  Tennessee Health Foundation, Inc., *Affiliate of Defendants-Appellees*

829.  Terrell, James M., *Counsel for Plaintiffs-Appellees*

830.  Tessellate Holdings, LLC, *Affiliate of Defendants-Appellees*

831.  Tessier, Kevin, *Counsel for Defendants-Appellees*

832.  The Caring Foundation, *Affiliate of Defendants-Appellees*

833.  The Cowan Law Firm, *Counsel for Plaintiffs-Appellees*

834.  The Dampier Law Firm PC, *Counsel for Plaintiffs-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

835.  The Van Winkle Law Firm, *Counsel for Plaintiffs-Appellees*

836.  The Weiser Law Firm, P.C., *Counsel for Plaintiffs-Appellees*

837.  Thomas Cooper & Co., Inc., *Affiliate of Defendants-Appellees*

838.  Thomas, Nancy, *Plaintiff-Appellee*

839.  Thompson, Charles M., *Counsel for Plaintiffs-Appellees*

840.  Thompson, Jason, *Counsel for Plaintiffs-Appellees*

841.  Thompson, John G., *Plaintiff-Appellee*

842.  Tomazzoli, Lisa, *Plaintiff-Appellee*

843.  Topographic, Inc., *Interested Party-Appellant*

844.  Total Dental Administrators Health Plan, Inc., *Affiliate of Defendants-Appellees*

845.  Total Dental Administrators of Utah, Inc., *Affiliate of Defendants-Appellees*

846.  Total Dental Administrators, Inc., *Affiliate of Defendants-Appellees*

847.  TrailBlazer Health Enterprises, LLC, *Affiliate of Defendants-Appellees*

848.  The Travelers Companies, Inc. (TRV), *Insurer of Defendants-Appellees*

849.  Tri-West, *Affiliate of Defendants-Appellees*

850.  Tricenturion, Inc., *Affiliate of Defendants-Appellees*

851.  Trinnovate Ventures, Inc., *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

852. Triple-S Blue, Inc., d/b/a BlueCross BlueShield Costa Rica, *Affiliate of Defendants-Appellees*

853. Triple-S Management Corporation, *Parent to Defendants-Appellees*

854. Triple-S Propiedad, Inc., *Affiliate of Defendants-Appellees*

855. Triple-S Salud, *Defendant-Appellee*

856. Triple-S Salud, Inc., *Defendant-Appellee*

857. Triple-S Vida, Inc., *Affiliate of Defendants-Appellees*

858. Turner, Ashley, *Counsel for Defendants-Appellees*

859. Tyner, Star Mishkel, *Counsel for Plaintiffs-Appellees*

860. UNICARE Health Plan of West Virginia, Inc., *Subsidiary of Defendants-Appellees*

861. UniCare Life & Health Insurance Company, *Subsidiary of Defendants-Appellees*

862. UNICARE National Services, Inc., *Subsidiary of Defendants-Appellees*

863. UniCare Specialty Services, Inc., *Subsidiary of Defendants-Appellees*

864. Umatilla Properties, LLC (Parent Corp of Recovery Village at Umatilla, LLC), *Plaintiff-Appellee*

865. USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield, *Defendant-Appellee*

866. UTIC Insurance Company, *Affiliate of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

867.  Utsey, Jeff, *Counsel for Plaintiffs-Appellees*

868.  Utsey Law Firm, *Counsel for Plaintiff-Appellee*

869.  Van Winkle Law Firm, *Counsel for Plaintiffs-Appellees*

870.  Van Zant, Jennifer K., *Counsel for Defendants-Appellees*

871.  Vardas, Angel (Foster), *Plaintiff-Appellee*

872.  Varney, Christine, *Counsel for Defendants-Appellees*

873.  Vaughan Pools, Inc., *Plaintiff-Appellee*

874.  Vermont Health Plan LLC, *Affiliate of Defendants-Appellees*

875.  VHP Insurance Solutions, LLC, *Affiliate of Defendants-Appellees*

876.  Vibra Health Plan Holdings, LLC, *Affiliate of Defendants-Appellees*

877.  Vibra Health Plan, Inc., *Affiliate of Defendants-Appellees*

878.  Visiant Holdings Inc., *Affiliate of Defendants-Appellees*

879.  Voegele, Jonathan R., *Counsel for Plaintiffs-Appellees*

880.  Volunteer State Health Plan, Inc., *Affiliate of Defendants-Appellees*

881.  Wallace, Jordan, Ratliff & Brandt, LLC, *Counsel for Defendants-Appellees*

882.  Walsh, Stephen A., *Counsel for Defendants-Appellees*

883.  Wasvary, Mark K., *Counsel for Plaintiffs-Appellees*

884.  Watkins, Charles R, *Counsel for Plaintiffs-Appellees*

885.  Watts, Brett, *Plaintiff-Appellee*

886. Weiser, Robert, *Counsel for Plaintiffs-Appellees*

887. Weiser Law Firm, P.C., *Counsel for Plaintiffs-Appellees*

888. Wellmark Blue Cross and Blue Shield of Iowa, *Defendant-Appellee*

889. Wellmark Blue Cross and Blue Shield of South Dakota, *Defendant-Appellee*

890. Wellmark Health Plan of Iowa, Inc., *Defendant-Appellee*

891. Wellmark Holdings, Inc., *Defendant-Appellee*

892. Wellmark Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa and Wellmark Health Plan of Iowa, Inc., *Defendant-Appellee*

893. Wellmark of South Dakota, Inc. d/b/a Wellmark Blue Cross and Blue Shield of South Dakota, *Defendant-Appellee*

894. Wellmark Synergy Health, Inc., *Affiliate of Defendants-Appellees*

895. Wellmark Value Health Plan, Inc., *Affiliate of Defendants-Appellees*

896. Wellmark, Inc. d/b/a Blue Cross and Blue Shield of Iowa, *Defendant-Appellee*

897. Wellmark, Inc. d/b/a Blue Cross and Blue Shield of Iowa and Wellmark Blue Cross Blue Shield of South Dakota, *Defendant-Appellee*

898. WellPoint California Services, Inc., *Subsidiary of Defendants-Appellees*

899. WellPoint Dental Services, Inc., Subsidiary of Defendants-Appellees

900. WellPoint Holding Corp., *Subsidiary of Defendants-Appellees*

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

901.  WellPoint, Inc., *Defendant-Appellee*

902.  WellPoint Information Technology Services, Inc., *Subsidiary of Defendants-Appellees*

903.  West, Kimberly R., *Counsel for Defendants-Appellees*

904.  Whitfield Bryson & Mason, LLP, *Counsel for Plaintiffs-Appellees*

905.  Wilkerson, David M., *Counsel for Plaintiffs-Appellees*

906.  Williams, Jennifer, *Counsel for Plaintiffs-Appellees*

907.  Williams, Jr., James T., *Counsel for Defendants-Appellees*

908.  Wisconsin Collaborative Insurance Company, *Subsidiary of Defendants-Appellees*

909.  Witt, P.C., Helen E., *Counsel for Defendants-Appellees*

910.  Wolfla, Paul A., *Counsel for Defendants-Appellees*

911.  Woodward Straits Insurance Company, *Affiliate of Defendants-Appellees*

912.  Wright, Greg, *Counsel for Plaintiffs-Appellees*

913.  Wylie, John R., *Counsel for Plaintiffs-Appellees*

914.  XL Group Ltd., *Insurer of Defendants-Appellees*

915.  XL Catlin, *Insurer of Defendants-Appellees*

916.  Yancey, Perry Michael, *Counsel for Plaintiffs-Appellees*

917.  Yinger, Emily M., *Counsel for Defendants-Appellees*

918.  Young, Lance C., *Counsel for Plaintiffs-Appellees*

919. Yuhl Carr, LLP *Counsel for Plaintiffs-Appellees*

920. Zeiger, P.C., Jeffrey J., *Counsel for Defendants-Appellees*

921. Zimmerman Reed, PLLP, *Counsel for Plaintiffs-Appellees*

922. Zimmerman, Genevieve M., *Counsel for Plaintiffs-Appellees*

923. Zolner, Erica B., *Counsel for Defendants-Appellees*

924. Zott, P.C., David J., *Counsel for Defendants-Appellees*

925. Zuckerman Spaeder LLP, *Counsel for Plaintiffs-Appellees*

926. Zuger, Peter W., *Counsel for Defendants-Appellees*

927. Zurich Insurance Group Ltd., *Insurer of Defendants-Appellees*

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant submits that the legal arguments presented in the briefs and record are sufficiently complex such that the Court's decisional process will be aided by oral argument.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## **TABLE OF CONTENTS**

**JURISDICTIONAL STATEMENT** .................................................................. 1

**STATEMENT OF THE ISSUES** ....................................................... 2

    1. Did the District Court abuse its discretion by failing to isolate and treat separately the very significant attorneys' billings related to injunctive relief as part of assessing for reasonableness the requested attorneys' fees of $626,583,372? ……………………….….…….............. 2

    2. Did the District Court abuse its discretion by failing to resolve inconsistent and conflicting provisions in the Settlement Agreement surrounding the legal doctrines underpinning calculation of attorneys' fees? ........................................................................ 3

    3. Did the District Court err by relying on a faulty metric as part of finding reasonable Plaintiffs' Counsel's attorneys' fee request? ………… 3

    4. Did the District Court make legal and factual errors in its review of the Johnson factors and Camden I factors that caused it to improperly find that 23.5% was a reasonable percentage-of-fund attorneys' fee? .......... 3

**STATEMENT OF THE CASE** ........................................................ 4

**SUMMARY OF ARGUMENT** ..................................................... 8

**ARGUMENT AND CITATION TO AUTHORITIES** .................................... 14

    **I.**    **Standard of Review** ........................................................... 10

    **II.**    **The District Court Abused Its Discretion by Failing to Apply the Lodestar Fee Methodology in Determining the Reasonableness of Plaintiffs' Counsel's Fee Application** ................. 11

        **a. The District Court's failure to treat separately the injunctive relief as material standalone relief** ……...…………….. 11

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

**b. Failure to reconcile inconsistent and conflicting provisions with respect to attorneys' fee provisions in Settlement  Agreement** ……………………………………… 18

**III. The District Court Relied on Factually Incorrect Information and Erred by Failing to Provide Sufficiently Detailed Factual Underpinnings and Analysis for Its Attorneys' Fees Determination** ……………………………… 24

**a. The District Court applied an incorrect lodestar fee multiplier in finding the attorneys' fee was reasonable** ………. 24

**b. The District Court made factual errors in its review of the *Johnson* factors that caused it to incorrectly find 23.5% was a reasonable percentage-of-fund attorneys' fee** ……………………… 26

**CONCLUSION** ..................................................................... 44

iii

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## <u>TABLE OF AUTHORITIES</u>

*Alyeska Pipeline Service Co. v. Wilderness Society*,
   421 U.S. 260 (1975) …………………..……………………………………… 13

*Am. Disability Ass'n v. Chmielarz*,
   289 F.3d 1315 (11ᵗʰCir. 2002) …………………………...…………… 14

*Arrow Commc'n Labs., Inc. v. Pico Prods., Inc.*,
   206 A.D.2d 922, 922-23, 615 N.Y.S.2d 187, 188 (1994) ………………..….. 19

*Allapattah Servs., Inc. v. Exxon Corp.*,
   454 F. Supp. 2d 1185 (S.D. Fla. 2006) …………………………………..… 28, 29

*Blum v. Stenson*,
   465 U.S. 886 (1984) ……………………………………………… 13, 34, 36, 37

*Brown v. Phillips Petroleum Co.*
   838 F.2d 451 (10th Cir. 1988)…………………………………………….. 26

*Buckhannon Bd. and Care Home, Inc. v. West Virginia*
   *Dept. of Health and Human Res.*, 532 U.S. 598 (2001) ……………………….. 14

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
   946 F.2d 768 (11th Cir. 1991) ............................ 0, 11, 13, 15, 26, 27, 32, 42, 43

*City of Burlington v. Dague*,
   505 U.S. 557 (1992) ................................................................... 40, 43

*Clark v. American Marine*,
   320 F. Supp. 709 (E.D.La. 1970),
   aff'd 437 F.2d 959 (5th Cir. 1971) …..……………………………………… 40

*Collins v. Harrison-Bode*,
   303 F.3d 429 (2d Cir. 2002) ………………………………………..………… 19

*Cox v. Cmty. Loans of Am., Inc.*,
   2016 WL 9130979 (M.D. Ga. Oct. 6, 2016) ………………………………...… 26

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

*Farrar v Hobby*,
    506 US 103, 111-112 (1992) …………………...........………………….…..… 14, 28

*Faught v. American Home Shield Corp*,
    668 F.3d 1233 (11th Cir. 2011) ………………………...………13, 15-17, 43

*Fitzpatrick v. Gen. Mills, Inc.*,
    635 F.3d 1279, 1282 (11th Cir. 2011) …………………………….……… 11

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................ 13, 28

*In re General Motors Corp. Pick-Up Truck  Fuel Tank*
    *Products Liability Litigation,* 55 F.3d 768 (3d Cir. 1995) …...……………… 28

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988, 994 (9th Cir. 2010) …………………………………..… 18

*JA Apparel Corp. v. Abboud*,
    568 F.3d 390 (2d Cir. 2009) …………………………………………… 20

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ........................................... 26, 27, 29-41

*Johnson v. NPAS Sols.*,
    975 F.3d 1244 (11th Cir. 2020) ………………………………….… 11, 18

*Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc.*
    *(In re Home Depot Inc.),*
    931 F.3d 1065 (11th Cir. 2019) …………………….…… 16, 19, 23, 30, 36, 37

*Perdue v. Kenny A. ex rel. Winn*,
    559 U.S. 542 (2010) ........................................................ 28, 30, 31, 34

*Poertner v. Gillette Co.,*
    618 F. App'x 624 (11th Cir. 2015) …………………………………… 6

*Pottinger v. City of Miami*,
    805 F.3d 1293 (11th Cir. 2015) …………………………………..… 19

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

*Riverside v. Rivera*,
   477 U.S. 561 (1986) …………………………………………………………… 28

*Strong v. BellSouth Telecommunications, Inc.*,
   137 F.3d 844 (5th Cir. 1998) ………………………………………….…… 16, 18

*Tobin v. Gluck*,
   137 F. Supp. 3d 278 (E.D.N.Y. Sept. 30, 2015) ……………………………….. 19

*Waters v. Int'l. Precious Metals Corp.*,
   190 F.3d 1291 (11th Cir. 1999) ........................................................................ 23

*Wolfe v. Wolfe*,
   No. COA16-57 (N.C. Ct. App. Aug 1, 2017) ……………………………….. 19

Statutes

15 U.S.C. §§ 1 and 3 …..…………………………………..………… 1, 4, 13, 18

15 U.S.C. § 15 …………………………………………...… 1, 4, 13, 19, 28

15 U.S.C. § 26 ………………………………… 1, 4, 9, 12, 13, 19, 23, 28, 34

28 U.S.C. § 1291 ……………………………………………………... 1, 4

28 U.S.C. §§ 1331 and 1337(a) ……………………………………….. 1, 4

Other Authorities

Lisa L. Casey, *Reforming Securities Class Actions
   from the Bench: Judging Fiduciaries and Fiduciary Judging*,
   2003 BYU L. Rev. 1239 …………………………………………………… 17-18

John C. Coffee, Jr., *The Unfaithful Champion:
   The Plaintiff as Monitor in Shareholder Litigation*,
   Law & Contemp. Probs. (Summer 1985) …………………………………… 17

Herbert B. Newberg, *Attorney Fee Awards* (1986) ……..…………………… 32, 33

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

William B. Rubenstein, *Newberg on Class Actions* (5th ed. 2011) …….....….… 6

*Court Awarded Attorney Fees,* Report of the Third Circuit Task Force,
   108 F.R.D. 237 (1985) …………………………………………... 32, 33, 35, 36

*Selection of Class Counsel*: Third Circuit Task Force,
   Final Report (January 2002) …………………………………………………… 35

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## JURISDICTIONAL STATEMENT

The District Court and the federal district courts in which the subscriber track cases were originally filed had federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a). Plaintiffs brought their claims under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief and recover treble damages and costs of suit, including reasonable attorneys' fees, against the Individual Blue Plans and BCBSA for the injuries sustained by Plaintiffs and the Classes by reason of alleged violations of §§1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 ad 3. (Subscriber Track Fourth Amended Consolidated Class Action Complaint ("Complaint") (Doc. 2616 at p. 10, ¶ 13.)

This Court has jurisdiction over the District Court's order awarding attorneys' fees under 28 U.S.C. § 1291 because it is a final judgment of the District Court. The District Court entered on August 9, 2022 the (1) Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Approving Settlement Administrator ("Final Order") (Doc. 2931.) and (2) Order Awarding Subscriber Plaintiffs' Counsel Attorneys' Fees and Expenses ("Fee Order"). (Doc. 2932.) Appellant timely filed on September 8, 2022, his Notice of Appeal. (Doc. 2944.)

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## <u>STATEMENT OF THE ISSUES</u>

This litigation was commenced more than ten years ago and involves the consolidation into Multi-District Litigation of more than 40 actions alleging violations of antitrust statutes. The cases were organized into two tracks – subscriber track and provider track. The subscriber track has settled. The provider track has not settled.

In the subscriber track settlement, the District Court awarded $626,583,372 in attorneys' fees in a settlement whereby Defendants paid to the Class $2,670,000,000 cash monetary relief in addition to the acceptance of non-monetary injunctive relief featuring changes to Defendants' business practices. The District Court accepted unchanged Plaintiffs' Counsel's requested percentage-of-fund fee of 23.5%, rejecting Appellant's arguments as to application of lodestar fee calculations and the unreasonableness of the 23.5% percentage-of-fund requested.

The issues presented are:

1. Did the District Court abuse its discretion by failing to isolate and treat separately the very significant attorneys' billings related to injunctive relief as part of assessing for reasonableness the requested attorneys' fees of $626,583,372?

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

2. Did the District Court abuse its discretion by failing to resolve inconsistent and conflicting provisions in the Settlement Agreement surrounding the legal doctrines underpinning calculation of attorneys' fees?

3. Did the District Court err by relying on a faulty metric as part of finding reasonable Plaintiffs' Counsel's attorneys' fee request?

4. Did the District Court make legal and factual errors in its review of the *Johnson* factors and *Camden I* factors that caused it to improperly find that 23.5% was a reasonable percentage-of-fund attorneys' fee?

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## STATEMENT OF THE CASE

This litigation involves the consolidation  into multi-district litigation (MDL No. 2406) of more than 40 actions by Subscriber Plaintiffs against the Blue Cross and Blue Shield Association ("BCBSA") and its member plans ("Member Plans") (collectively, "Defendants").

Subscriber Plaintiffs brought their claims under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief and recover treble damages and costs of suit, including reasonable attorneys' fees, against the Individual Blue Plans and BCBSA for injuries sustained by Plaintiffs and the Classes by reason of alleged violations of §§1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3.   (Subscriber Track Fourth Amended Consolidated Class Action Complaint, Doc. 2616 at p. 10, ¶  13.)

Subscriber Plaintiffs alleged that Defendants entered into an unlawful agreement that restrained competition in selling health insurance and the administration of commercial health products in the United States and its territories.  (Final Order at p. 2, Doc. 2931.)

The parties began settlement discussions in 2015.  (Final Order at p. 3, Doc. 2931.)  Sometime in 2019 the parties reached an agreement on proposed injunctive relief.  (*Id.*)   After agreeing to the injunctive relief, the parties addressed financial relief.  (*Id.*)  The parties later agreed on monetary relief for the class.  (*Id.*)

4

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

In November 2019, an agreement was reached on a full term sheet between Subscriber Plaintiffs and Self-Funded Sub-Class Counsel as to the equitable allocation of the Net Settlement Fund among fully insured Class Members and the Self-Funded Sub-Class. (*Id*. at p. 4)

On October 16, 2020, the parties entered into a Settlement Agreement (Doc. 2610-2) to resolve Subscriber Plaintiffs' class wide claims. (*Id.* at p. 5.) The Settlement Agreement required Defendants to pay $2,670,000,000 in settlement of the Class' damage claims; to fund the Notice and Administration Fund ($100,000,000), as well as up to $7 million to "reimburse plaintiffs' counsel's actual and reasonable fees and expenses incurred for Notice and Administration" (Doc. 2610-2 ¶ 28(h)) and costs of monitoring (Doc. 2610-2 ¶ 21); and to pay Plaintiffs' Counsel's fees and expenses not exceeding 25% ($667,500,000) of the Settlement Amount (Doc. 2610-2 ¶ 28). (*Id.* at p. 10.)

The Settlement Agreement also included injunctive relief provisions in the form of structural changes to Defendants' practices for a period of five years following the entry of judgment approving the settlement. (*Id*. at p. 11.) The injunctive relief is designed to provide additional relief to the Class by creating more competition in the market for health insurance. (*Id.*) Among other things, Defendants' agreement to the settlement was contingent on Plaintiffs' Counsel's

fees and expenses not exceeding 25% of the monetary relief (a "clear sailing" agreement).[1]  (*Id.* at p. 10.)

On November 30, 2020, the District Court entered its Memorandum Opinion and Order Preliminarily Approving Settlement, Plan of Distribution, and Notice Plan, and Directing Notice to the Class ("Prelim. Order") (Doc. 2641.)

Within 30 days of entry of the Prelim. Order,  Defendants were scheduled to deposit into an escrow account (1) $100,000,000 for the Notice and Administration Fund and (2) $300,000,000 to fund in December 2020 a $75,000,000 fee-shifting payment to Plaintiffs' Counsel for attorneys' fees, expenses and interest. (Settlement Agreement at p. 36, ¶  23, Doc. 2610-2.)  The Settling Defendants were scheduled to deposit into interest-bearing accounts within 30 days of the Final Order the remaining balance of the Settlement Amount.  (*Id.*)  The District Court entered the Final Order on August 9, 2022.  (Doc. 2931.)

On May 28, 2021, Plaintiffs' Counsel submitted their Subscribers Counsel's Memorandum of Law in Support of Their Motion for Approval of Their Attorneys' Fees and Expenses Application ("Fee Memo.") (Doc. 2733-1.)  Plaintiffs' Counsel requested $626,583,372 for attorneys' fees.  (*Id.* at p. 4.)  Plaintiffs' Counsel

---

[1] "fn6 – A 'clear-sailing' clause is an 'agreement[ ] whereby the defendant agrees not to contest class counsel's fee petition as long as it does not exceed a specified amount.' 4 Rubenstein, supra, § 13:9."  *Poertner v. Gillette Co.,* 618 F. App'x 624 (11th Cir. 2015)

6

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

requested $40,916,628 for reimbursement of costs and expenses.  (*Id*. at p.5.)  Plaintiffs' Counsel's fees and expenses – less the $75,000,000 paid at the time of preliminary approval of the settlement – will be paid by the Class from Class' monetary relief.  The requested fees represented 23.5% of the monetary relief.  (*Id.* at p. 4.)

The District Court found that the injunctive had greater value than the monetary relief ("The prospective injunctive relief in this case is wide-reaching and bears greater importance for the class than the monetary relief.") (Prelim. Order at p. 26, Doc. 2641.)  The Settlement Agreement did not address payment of attorney's fees for Plaintiffs' Counsel's time spent separately negotiating the injunctive relief benefit.  Defendants did not include in their fee application a detailed breakdown of their billings related to their injunctive relief efforts.

In July 2021, Appellant submitted to Plaintiffs' Counsel and other counsel pursuant to notice instructions his written objection to the proposed amount of attorneys' fees.  Appellant's objections centered on three issues: The District Court should award to attorneys' fees no greater than the lodestar; the District Court should reject the request for attorneys' fees based on the common fund percentage-of-recovery methodology; and the District Court should reject Plaintiffs' Counsel's request for a lodestar multiplier.

7

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

The Claims Administrator sent direct notice to over 100,000,000 Class Members.  (Final Order at p. 21, Doc. 2931.)  As of September 3, 2021, the claims administrator had received 6,077,526 claims: 1,381,112 from individual policyholders; 4,194,942 from employees enrolled in their employers' group health plans; and 177,687 from businesses and their group health plans. (*Id.* at p. 24.) Ninety-nine percent of claimants elected the Default option.  (*Id.*)

In October 2021, the court conducted a multi-day fairness hearing. Appellant traveled at his own expense from New Hampshire to Birmingham, Alabama to attend the fairness hearing and to voice his objections.  The District Court overruled Appellant's and other objectors' objections with respect to the proposed attorneys' fees and approved Plaintiffs' Counsel's fee application without modification.  (*Id.* at pp. 67-73; and Fee Order, Doc 2932.)  After the District Court entered the Final Order and the Fee Order, Appellant timely filed his appeal. (Doc. 2944.)

The attorneys' fees award is a windfall in comparison to fee awards in other $1,000,000,000+ class action settlements and in light of the single digit cash recoveries projected for Class members in this case.

## SUMMARY OF ARGUMENT

The District Court committed material errors that constitute abuses of discretion.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

First, the District Court failed to treat separately the injunctive relief in its analysis and assessment of Plaintiffs' Counsel's fee application. The District Court found that the injunctive relief was of greater value to the Class than was the $2,670,000,000 monetary relief. Given this finding, the District Court should have bifurcated its fee analysis into two components: A reasonable fee for Plaintiffs' Counsel's billings related to injunctive relief and, two, a reasonable attorneys' fee related to the monetary relief. The hybrid analysis would require the District Court to assess the attorneys' fees for the injunctive relief using the lodestar method: The injunctive relief was achieved through Plaintiffs pursuit of damages pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26. That section is a fee shifting statute. While Plaintiffs' Counsel bargained away in the settlement the right to pursue payment from Defendants for the injunctive relief-related billings, the District Court was still required to analyze the requested fees from the perspective of the Class' interests before approving the attorneys' fee award.

Second, the District Court failed to address inconsistent and conflicting provisions surrounding the doctrine for payment of attorneys' fees. Defendants paid to Plaintiffs' Counsel shortly after preliminary approval of the settlement (December 2020) $75,000,000 for partial reimbursement of attorneys' fees, expenses and interest. That fee shifting payment is inconsistent and conflicts with the percentage-of-the-fund attorneys' fee provision in the Settlement Agreement.

9

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

The conflict affects the equitable distribution of the Class' monetary relief as between the Class and Plaintiffs' Counsel.

Third, the District Court's failure to prepare a hybrid fee analysis led the District Court to rely on a faulty metric as part of approving the attorneys' fee award. In the Final Order and the Fee Order, the District Court stated that the cross-check lodestar multiplier statistic demonstrated the reasonableness of the requested attorneys' fees compared to fee awards in other settlements. The lodestar multiplier statistic was calculated incorrectly: It included the lodestar billings related to the injunctive relief.

Finally, the District Court erred in finding that 23.5% was a reasonable percentage-of-fund attorneys' fee. Its fee analysis included the injunctive relief lodestar (it should have been carved out and addressed separately) and it made errors in applying the *Johnson* factors and the *Camden I* factors.

## ARGUMENT AND CITATION TO AUTHORITIES

### I.    Standard of Review

This Court reviews an award of attorneys' fees for abuse of discretion. " … A district court's decision to award attorneys' fees is also reviewed for abuse of discretion, although 'that standard of review allows us to closely scrutinize questions of law decided by the district court in reaching the fee award.' *Camden I Condo. Ass'n, Inc. v. Dunkle,* 946 F.2d 768, 770 (11th Cir. 1991). "A district court

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

abuses its discretion if it applies an incorrect legal standard, follows improper procedures in [reaching its decision], or makes findings of fact that are clearly erroneous." *Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279, 1282 (11th Cir. 2011) (alteration in original) (quotation omitted)." *Johnson v. NPAS Sols.,* 975 F.3d 1244, 1251 n.2 (11th Cir. 2020)

**II.    The District Court Abused Its Discretion by Failing to Apply the Lodestar Fee Methodology in Determining the Reasonableness of Plaintiffs' Counsel's Fee Application.**

The District Court's finding that the attorneys' fee was reasonable is in error and an abuse of discretion.

### a.  The District Court's failure to treat separately the injunctive relief as material standalone relief

In its Final Order and Order Awarding Subscriber Plaintiffs' Counsel Attorneys' Fees and Expenses ("Fee Order") (Doc. 2932), the District Court erred in finding that it was mandated by this Court to assess Plaintiffs' Counsel's fee application *solely* through the lense of the percentage-of-fund approach (attorneys' fees payable from Class' monetary relief),

> "In making this award of attorneys' fees to be paid from the Settlement Fund, the court has applied the percentage of the fund method mandated by the Eleventh Circuit. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th. Cir. 1991)." (Fee Order at p. 2, ¶ 5, Doc. 2932.)

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

The District Court abused its discretion by not undertaking a bifurcated fee analysis to assess the injunctive relief-related attorneys' fees and the monetary relief-related attorneys' fees. The District Court should have assessed separately the attorneys' fees related to the injunctive relief. The District Court erred in assessing the reasonableness of the proposed Plaintiffs' Counsel's attorneys' fee without recognizing this settlement featured hybrid relief consisting of significant injunctive relief and significant monetary relief.

The District Court found,

> "The prospective injunctive relief in this case is wide-reaching and bears greater importance for the class than the monetary relief." (Prelim. Order at p. 26, Doc. 2641.) Also, "…Subscribers counsel notes that the structural relief that the Plaintiffs have obtained is more important that [sic] the dollar amount of the settlement. The court agrees." (*Id.* at p. 32.)

The District Court repeated these findings in its Final Order,

> "As significant as the monetary amount of $2.67 billion is, the truly exceptional aspect of this settlement is the structural relief agreed upon." (Final Order at p. 40, ¶ III.B.5.(a), Doc. 2931.)

This case features two settlements in one basket. It requires a hybrid fee assessment and analysis. The District Court failed to scrutinize and assess Plaintiff's Counsel's fee application using a hybrid approach in which (1) the lodestar methodology was used to assess appropriate fees for Plaintiffs' substantially prevailing pursuant to Section 16 of the Clayton Act (for non-

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

monetary injunctive relief) plus (2) a reasonable fee based on a percentage of the Class' monetary relief (common fund doctrine). *Faught v. American Home Shield Corp*, 668 F.3d 1233 (11th Cir. 2011) (settlement featured hybrid common fund and fee shifting for changes in business practices).

In this Court, "The lodestar analysis shall continue to be the applicable method used for determining statutory fee-shifting awards." *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("*Camden I*"). Section 16 of the Clayton Act is a fee-shifting statute, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 260-261 n. 34 (1975). The calculation of reasonable attorney fees in statutory fee-shifting cases starts with the lodestar calculation, *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The Supreme Court has restricted fee enhancements in statutory fee shifting cases. *Blum v. Stenson*, 465 U.S. 886, 898 (1984) (lodestar represents a reasonable fee).

Plaintiffs brought claims pursuant to the Sections 4 & 16 of the Clayton Act and Sections 1 & 3 of the Sherman Act. (Complaint at p. 10, ¶ 13 & 14.) Section 16 of the Clayton Act includes a fee-shifting provision,

> "… In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff."[2]

---

[2] Section 15 U.S.C. 4 also includes a fee-shifting provision, "… any person who shall be injured in his business or property by reason of anything forbidden in the

USCA11 Case: 22-13051    Document: 122    Date Filed: 12/12/2022    Page: 77 of 109

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Based on the District Court's findings of relative value and effect on Defendants' future business practices, Plaintiffs substantially prevailed in their Rule 23(b)(2) claims,

> "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v Hobby*, 506 US 103, 111-112 (1992). See also, "A party is 'prevailing' under a statute allowing the award of attorneys' fees when: (1) a court has entered an enforceable judgment on the merits in the party's favor, or (2) a settlement agreement has been enforced through a court-ordered consent decree." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603-604 (2001)."

This Court has found that that a settlement agreement containing a jurisdictional retention provision is the functional equivalent of a consent decree and, thus, can serve as the basis for an attorneys' fee award. *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1318–20 (11th Cir. 2002). "When a district court expressly retains jurisdiction to enforce a settlement, it achieves 'precisely the same result as would have been achieved pursuant to a consent decree.' " *Id.* 289 F.3d at 1321. The District Court retained jurisdiction to enforce the Settlement Agreement, including its injunctive relief provisions. (Final Order at pp. 89-90, ¶ 24, Doc. 2931.)

---

antitrust laws may sue therefor … and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

14

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

The Plaintiffs released their right to seek attorneys' fees from Defendants as part of the Settlement Agreement.  (Settle. Agree. at p. 46, ¶ 34. Doc. 2610-2) though a conflicting fee-shifting arrangement will be addressed in the coming pages.  The Class is contractually bound to pay Plaintiffs' Counsel's fees from the Class' monetary relief.  (*Id.*)

The District Court was mandated to scrutinize and analyze the attorneys' fee application through the prism of a statutory fee-shifting award with respect to the injunctive relief lodestar (released in the settlement) (*Camden I*, 946 F.2d at 774) and through application of the percentage-of-the-fund doctrine with respect to the monetary relief. (*Id.)*

As in *Faught,* Plaintiffs' Counsel could have negotiated a fee-shifting payment for the injunctive relief lodestar.  This could have been achieved within the Defendants' requirement to cap their liabilities at $2,670,000,000.   The Defendants would have simply deducted the agreed-upon injunctive relief lodestar from the monetary relief and adjusted the calculation of the total proposed attorneys' fees.  Plaintiff's Counsel could have made this demand after the parties concluded the monetary relief negotiations.[3]

---

[3] Defendant's set a condition that Plaintiff's Counsel's fees and expenses were not to exceed 25% of the monetary relief of $2,670,000,000 in its "clear sailing" agreement.  (Settle. Agree., p. 41, ¶ 28(b.), Doc. 2610-2.)

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Defendants' only interest is in its total liability, including attorneys' fees. *Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc. (In re Home Depot Inc.),* 931 F.3d 1065, 1080 (11th Cir. 2019) (noting that "defendant is concerned, first and foremost, with its total liability"). *Strong v. BellSouth Telecommunications, Inc.,* 137 F.3d 844, 849-51 (5th Cir. 1998) (settling defendant only concerned with total liability and allocation of class payment and fees is of little or no interest to defense).

The Eleventh Circuit approved the use of a comparable analysis in *Faught v. Am. Home Shield Corp.*, 668 F.3d at 1243-44,

> "… the district court approved an attorneys' fee award with two components: (1) a $1.5 million lump sum paid directly by AHS to class counsel as payment for the business practice changes researched and negotiated by class counsel for the benefit of the class, and (2) 25% of the monetary compensation received by class members through the Review Desk process." *(Id.* 1243.)

The *Faught* district court "calculated the hours and the rates of the attorneys and staff working on the claims and determined that the $1.5 million was a very small amount compared to the amount of money invested in the case." (*Id.)* In this case, despite the injunctive relief lodestar being up to 100 times greater (estimated at $146,000,000), the record does not show that the District Court calculated the hours and the rates of the attorneys and staff working on the injunctive relief claims.

16

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

While Plaintiff's Counsel negotiated away its right to fee-shift the injunctive relief lodestar, that did not relieve the District Court of its duty to act as a "guardian" for the Class' interests by isolating the injunctive relief lodestar, scrutinizing it, and separating it from the percentage-of-fund fee.  In other words, treating it as if it had been fee-shifted as part of its fee analysis.  Plaintiffs' Counsel undertakes a similar exercise in its fee application papers.  (Fee Memo. at pp. 43-44, Doc. 2733-1.)  There is at least one critical difference from *Faught*: Neither the Defendants nor the District Court scrutinized the injunctive relief lodestar to determine whether the lodestar's accounting required adjustment, if any, for staffing, billing or other issues.

Upon the parties entering of the Settlement Agreement and its common fund attorneys' fee provision and "clear sailing" provision, the District Court's role became even more important[4],

---

[4] "Professor Coffee explained how clear sailing provisions – agreements to remain silent – disable the reviewing courts:  If the defendant agrees not to object to the plaintiff's fee request, there is little prospect that the court will engage in an elaborate inquiry into the reasonableness of the hours expended by the plaintiff's attorney.  … when the defendants agree not to oppose plaintiff's fee request they deprive the court of the only adversary who truly knows if the time was reasonably expended.  Put simply, it is the adversary and not the court who best understands the justifications (or lack thereof) for the work the plaintiff's attorney has done.  Denied this information by the *de facto* settlement agreement, the court is itself a … monitor of the plaintiff attorney's performance.  John C. Coffee, Jr., *The Unfaithful Champion: The Plaintiff as Monitor in Shareholder Litigation*, at 35 n. 131, Law & Contemp. Probs., Summer 1985, at 5, 35-48,"  Lisa L. Casey,

17

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

"While, in theory, class counsel act as fiduciaries for the class as a whole, once a class action reaches the fee-setting stage, 'plaintiffs' counsel's understandable interest in getting paid the most for its work representing the class' comes into conflict 'with the class' interest in securing the largest possible recovery for its members.' *In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 994 (9th Cir. 2010). Accordingly, 'the district court must assume the role of fiduciary for the class plaintiffs' and 'ensure that the class is afforded the opportunity to represent its own best interests.' *Id.* (quotation omitted). The district court cannot properly play its fiduciary role unless - as in litigation generally - class counsel's fee petition has been fully and fairly vetted." *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1252-53 (11th Cir. 2020).

*See also Strong v. BellSouth Telecommunications, Inc.,* 137 F.3d 844, 849-51 (5th Cir. 1998). The Court acts as guardian of the interests of the class members. *Id.* at 850. The court has this duty even when "parties agree to the amount of the fee" in a class action settlement. *Id.* at 849.

### b. Failure to reconcile inconsistent and conflicting provisions with respect to attorneys' fee provisions in Settlement Agreement

The Settlement Agreement contains inconsistent and conflicting provisions surrounding the doctrine for payment of plaintiffs' counsel's attorneys' fees. Defendants paid to Plaintiffs' Counsel at the time of preliminary approval of the settlement $75,000,000 (39% of Plaintiffs' Counsel's lodestar) for partial reimbursement of attorneys' fees, expenses and interest. (Settle. Agree at p. 41, ¶ 28(d), Doc. 2610-2.) That fee shifting payment is inconsistent and conflicts with

*Reforming Securities Class Actions from the Bench: Judging Fiduciaries and Fiduciary Judging*, 2003 BYU L. Rev. 1239, 1282 n. 178.

the percentage-of-fund attorneys' fee to be paid by the Class (under the common fund doctrine). (*Id.* at p. 41, ¶ 28(a))

Defendants' payment to Plaintiffs' Counsel was a fee-shifting arrangement in line with the statutes pursuant to which Plaintiffs brought and settled this litigation: The Clayton Act § 4 and § 16. (Complaint at p. 10, ¶ 13, Doc. 2616.)

Settlement agreements are contracts. "A settlement agreement is a contract, which we construe "to effectuate the intent of the parties," *Pottinger v. City of Miami*, 805 F.3d 1293, 1298 (11th Cir. 2015), and the parties' intent seemed to be for the fees to be paid separately by Home Depot, i.e., a fee-shifting arrangement." *In re Home Depot Inc.,* 931 F.3d at 1080.

The Settlement Agreement is governed by New York law. (Settle. Agree. at p. 56, ¶ 56, Doc. 2610-2.) Under New York law,

> " 'The proper inquiry in determining whether a contract is ambiguous is whether the agreement on its face is reasonably susceptible of more than one interpretation.' " *Arrow Commc'n Labs., Inc. v. Pico Prods., Inc.*, 206 A.D.2d 922, 922-23, 615 N.Y.S.2d 187, 188 (1994) (internal quotations omitted); … Ambiguity may also exist where contractual provisions are inconsistent, *Collins v. Harrison-Bode*, 303 F.3d 429, 433-34 (2d Cir. 2002)." *Wolfe v. Wolfe*, No. COA16-57 at p. 9 (N.C. Ct. App. Aug 1, 2017).

*See also Tobin v. Gluck*, 137 F. Supp. 3d 278, 293 (E.D.N.Y. Sept. 30, 2015),

"By contrast, if the contract is ambiguous, 'extrinsic evidence as to the parties' intent may properly be considered.' *JA Apparel*, 568 F.3d at 397. 'Where there is such extrinsic evidence, the meaning of the ambiguous contract is a question of fact for the factfinder.' *Id.*"

The District Court stated the following regarding Defendants' $75,000,000 fee-shifting payment to Plaintiffs' Counsel, "This is the first time the court has been presented with such a 'quick pay' agreement but, after careful review, it has no reservation approving it." (Prelim. Order at p. 46, Doc. 2641.) The District Court followed, "… the court's normal concerns about equitable distribution between the class and its counsel are not at issue." (*Id.* at p. 47.)

The District Court was factually incorrect: The treatment of the $75,000,000 has a core legal bearing on the equitable distribution of the $2,670,000,000 of monetary relief. The District Court appears to misunderstand the allocation of monetary settlement proceeds between Class members, on the one hand, and Plaintiffs' Counsel for attorneys' fees, on the other.[5] In common fund cases, every dollar paid to attorneys is one less dollar paid to class members as compensation for their damage claims. On the other hand, attorneys' fees shifted to defendants under the lodestar methodology do not reduce a class' recovery (or if paid by the

---

[5] "Under the terms of the Settlement, the payment of fees does not impact the amount of relief available to Class Members." (Final Order at p. 31, ¶ III.B.2., Doc. 2931.) "As noted above, in addition to the requested fees being reasonable, the payment of the requested fee award does not in any way affect the amount of relief available to Class Members." (*Id.* at p. 34, ¶ III.B.3(c))

class are significantly less than this Court's 20% to 30% benchmark).  Whether the District Court treated the $75,000,000 payment as a fee-shifting payment by Defendants or as an advance against future payments to be made by the Class from the Class' monetary relief (under the common fund doctrine) determines how the $2,670,000,000 settlement is allocated between Class members and Plaintiffs' Counsel.

The $75,000,000 payment was a fee-shifting payment based on factual and legal grounds.  The extrinsic evidence will show that Defendants paid the $75,000,000 to Plaintiffs' Counsel, the parties agreed to other fee-shifting arrangements as part of the settlement, and the Defendants may have already made fee-shifting payments related to Notice and Administration.[6]

This Court has recognized fee-shifting attorney fee payment arrangements in common fund cases as fee-shifting by contract.  *See In re: The Home Depot Inc.,* 931 F.3d at 1071-72 (constructive common fund does not apply when the agreement provides that attorney's fees will be paid by the defendant separately from the settlement fund, and the amount of those fees is left completely undetermined.").  The $75,000,000 was "… paid separately, they never belonged

---

[6] "Separate and apart from the Fee and Expense Award, Settling Defendants further agree to reimburse plaintiffs' counsel's actual and reasonable fees and expenses incurred for Notice and Administration in an amount not to exceed seven million dollars ($7,000,000)."  (Settle. Agree. at p. 42-43, ¶ 28.h., Doc. 2610-2.)

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

to the class, so they should not be included in the class benefit." *Id.* at 1092.   The Class couldn't pay the fees and expenses because the District Court had not finally approved the Settlement, Defendants hadn't completed their obligation to pay the full amount of the monetary relief and Defendants hadn't fully implemented the injunctive relief provisions.   Defendants completed in August 2022 or September 2022[7] their obligation to pay the monetary relief.

Unlike the *In re Home Depot Inc.* constructive common fund case, this case involves an injunctive relief provision that the District Court found to have value greater than the monetary relief.

Plaintiffs' counsel failed to provide any moving papers or testimony at the preliminary approval hearing in support of the $75,000,000 payment.   Its existence was only referenced in the Settlement Agreement, very briefly at the Preliminary Approval hearing[8], and in the Prelim. Order.   In other words, there were no authorities cited providing evidence that the payment was not a fee-shifting payment.   Further, the District Court approved the payment and payment was made (1) without benefit of a fee application, (2) before class members had been noticed,

[7] "Within 30 calendar days of the Court's entry of the Final Judgment and Order of Dismissal, Settling Defendants shall cause the remaining portion of the Settlement Amount to be transferred into the Escrow Account."  (Settle. Agree., p. 36, ¶ 23.a., Doc. 2610-2.)  The Final Order was entered August 9, 2022. (Doc. 2941.)

[8] Corrected Transcript: Hearing on Preliminary Approval of Subscriber Track Settlement, November 16, 2020 at p. 50, lines 16-22, Doc. 2654.

(3) before the fairness hearing and (4) before settling defendants paid to a plaintiff class the full monetary damages.

The right to seek fee-shifting pursuant to Section 16 of the Clayton Act would have survived settlement if not bargained away as part of the settlement. Even if discharged, the finding that the injunctive relief had greater value than the monetary relief should have caused the District Court to closely scrutinize the reasonableness of the attorneys' fee application.

> "Courts, of course, are not bound by the parties' agreement on fees. *Waters*, 190 F.3d at 1296 n.9. So the agreed-upon fees, or the agreed-upon cap, are better thought of as the *expected* (italics added) attorney's fees." *In re Home Depot Inc.,* 931 F.3d at 1092.

The injunctive relief will continue for five years following the Court's entry of the Final Judgment and Order of Dismissal. (Settle. Agree. at p. 11, ¶ A.1.zz.; Doc. 2610-2.) Further, the Plaintiffs' experts did not testify as to the monetary value of the injunctive relief. (Fee Memo. at p. 42, Doc. 2733-1.)

To summarize, (a) the $75,000,000 payment made at the time of preliminary settlement approval was a fee-shifting attorneys' fee, and (b) the District Court erred in not recognizing that (i) a substantial portion of Plaintiffs' Counsel's lodestar was related to the fee shifting provisions of Section 16 of the Clayton Act and (ii) the fee shifting aspects of the Section 16 lodestar could have survived settlement. The District Court erred in not analyzing for reasonableness the

23

attorneys' fees related to the two components of the Class' recovery: Injunctive relief and monetary relief.

### III. The District Court Relied on Factually Incorrect Information and Erred by Failing to Provide Sufficiently Detailed Factual Underpinnings and Analysis for Its Attorneys' Fees Determination.

#### a. The District Court applied an incorrect lodestar fee multiplier in finding the attorneys' fee was reasonable

In reasoning supporting its approval of the fee application, the District Court found that,

> "a lodestar multiplier of 3.23 that the percentage fee award represents would be fully consistent with the multipliers that courts have found reasonable in similarly complex mega-fund cases." (Final Order at p. 73, ¶ IV.I.2.(k), Doc. 2931; and Fee Order at p. 4, ¶ 5.(j.), Doc. 2932.)

The District Court's finding is incorrect if the injunctive relief lodestar is removed from the calculation of the monetary relief lodestar.

Plaintiffs' Counsel disclosed the amount of Plaintiffs' Counsel's time spent litigating the injunctive relief and the monetary relief,

> "But even assuming, conservatively, that only three-quarters, or even only half, of the lodestar figure could be attributed to the effort to obtain non-monetary relief, a reasonable award of attorney fees would still amount to at least around $100 million." (Fee Memo. at p. 43, Doc. 2733-1.)

Plaintiff's Counsel's lodestar is $194,226,322. (Final Order at p. 71, ¶ IV.I.2.(f), Doc. 2931.) Using Plaintiff's Counsel's disclosure that up to three-quarters of the lodestar (Fee Memo. at p. 43, Doc. 2733-1) was billed on non-

monetary relief, the lodestar related to non-monetary injunctive relief is estimated at $146,000,000 and the lodestar related to monetary relief would approximate $48,000,000.

The District Court made a factual error by relying on an incorrect metric in finding the attorneys' fee was reasonable.  Professor Silver's calculation of the lodestar multiplier of 3.2 aggregates the lodestar fees for Plaintiffs' Counsel's efforts on both the injunctive relief and the monetary relief.  (Declaration of Professor Charles Silver on the Reasonableness of Class Counsel's Request for Attorneys' Fees at p. 40, ¶ 83, Doc. 2733-3.)  The lodestar multiplier should have been calculated for *monetary relief*, only, after deducting the lodestar related to the injunctive relief efforts.

Applying the hybrid fee analysis outlined above, after deducting up to $146,000,000 for the injunctive relief-related lodestar, the resulting lodestar multiplier for *monetary relief* would approximate <u>ten</u> in the following example<u>:</u>

> $626,583,372 - 23.47% requested attorneys' fee; minus
>  <u>146,000,000</u> - est. injunctive relief lodestar; equals
>   480,583,372 - est. requested fee related to monetary relief; divided by
>    <u>48,000,000</u> - est. monetary relief lodestar; equals
>    <u>10.0 times</u>  -  est. monetary relief lodestar multiplier

In contrast, testimony by Professor Brian Fitzpatrick shows that the median and mean lodestar multipliers for monetary settlements exceeding $1,000,000,000 are <u>2.6</u> and <u>2.8</u>, respectively.  (Declaration of Brian T. Fitzpatrick at pp. 13-15,

25

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

¶18, Table 1, Doc. 2733-4.)  The District Court provided an authority that stated a three lodestar multiplier "appears to be the average" in "large and complicated class actions," *Cox v. Cmty. Loans of Am., Inc.,* 2016 WL 9130979, at *3 (M.D. Ga. Oct. 6, 2016).  (Final Order at p. 73, ¶ IV.I.2.(k).)

b. **The District Court made factual errors in its review of the *Johnson* factors that caused it to incorrectly find 23.5% was a reasonable percentage-of-fund attorneys' fee.**

The District Court found that 23.5% was a reasonable percentage of fund attorneys' fee.  (Final Order at p. 34, ¶ III.B.3.c.)  This finding was based on this Court's 20% to 30% benchmark for attorneys' fees in common fund cases. *Camden I*, 946 F.2d at 774.  However, the benchmark is subject to downward or upward adjustment.  *Id.* at 775.

> "The factors which will impact upon the appropriate percentage to be awarded as a fee in any particular case will undoubtedly vary.  We agree with the Tenth Circuit that the *Johnson* factors continue to be appropriately used in evaluating, setting, and reviewing percentage fee awards in common fund cases." *Brown*, 838 F.2d at 454." *Id.* at 776.

Here, the factors are set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[9]  This Court also set forth additional factors for district courts to consider ("*Camden I* factors").[10]

---

[9] (1) [T]he time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

26

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

The District Court made errors in applying the *Johnson* factors and the *Camden I* factors causing it to mistakenly find the requested 23.5% fee to be reasonable. Appellant undertakes below a review of the factors, out of order, starting first with "degree of success obtained" (eighth *Johnson* factor). This factor was found by the Supreme Court to be "the most critical factor" in determining the reasonableness of attorneys' fees. The analysis then groups together the factors the Supreme Court found overlapping or related.

- **The amount involved and the results obtained.**

The eighth *Johnson* factor – "[T]he amount involved and the results obtained" – – recognizes that a fee award should reflect the Class' recovery on its damage claims. *Johnson*, 488 F.2d at 718.

> " 'The most critical factor in determining a fee award's reasonableness is the degree of success obtained, since a fee based on the hours expended on the litigation as a whole may be excessive if a plaintiff

---

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

[10] "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action. In most instances, there will also be additional factors unique to a particular case which will be relevant to the district court's consideration. In order to facilitate this court's review of the reasonableness of attorneys' fees calculated as a percentage of a common fund." *Camden I*, 946 F.2d at 775.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

achieves only partial or limited success.' *Hensley v. Eckerhart*, 461 U.S. 424, 436." *Farrar v. Hobby*, 506 U.S. 103, 104. " 'Where recovery of private damages is the purpose of . . . [ ] litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.' *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment). … (cite omitted.)" *Id.* 506 U.S. at 114-15. See also *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation,* 55 F.3d 768 (3d Cir. 1995) "The most important factor to consider is the result obtained. Quoting Hensley at 436–37."

The Supreme Court further found,

"In this case, we are asked to decide whether either the quality of an attorney's performance or the results obtained are factors that may properly provide a basis for an enhancement. We treat these two factors as one." *Perdue v. Kenny A*., 559 U.S. 542, 554 (2010)

Plaintiffs' allege damage claims of up to $36,100,000,000. (Declaration of Dr. Ariel Pakes at ¶ 10, Doc. 2610-11.) (After trebling allowed by statute, Clayton Act Section 4, those damage claims could have totaled $108,300,000,000.) Before deducting attorneys' fees and expenses, Class members are projected to recover as little as 7.4 cents per claim dollar (2.5 cents per claim dollar when applying treble damages).

Compare the above projected recoveries to class members' recovery in *Allapattah Servs., Inc. v. Exxon Corp.,* 454 F. Supp. 2d 1185 (S.D. Fla. 2006). In that $1,075,000,000 settlement (*Id.* at 1191), class members recovered "their *full compensatory damages* (emphasis added) and nearly all of their prejudgment

28

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

interest." (*Id.* at 1185.)   In addition, over 92% of the class members received a recovery.  (*Id.*)   " … twenty-one States will be permitted to participate in any remaining distribution in favor of currently unknown Class Members."  (*Id.* at 1189.)  The case lasted 15 years, resulted in two trials, extensive appeals including before the United States Supreme Court, and a featured "hotly contested" claims administration process.  (*Id.*)

*Allapattah* plaintiffs' counsel were awarded a 31.33% percentage-of-fund fee.  (*Id.*)  That fee award was a very modest upward adjustment from the 20% to 30% benchmark.

Based on relative recoveries – 7.4 cents versus 100.0 cents plus interest – and expected class member participation in recoveries – 6%[11] versus 92% – a material downward adjustment in the benchmark is warranted.   A reasonable percentage-of-fund fee in this case should approximate the median percentage-of-fund fees in other $1,000,000,000+ class action settlements.   The reasonable amount is discussed, below, in "Awards in similar cases" (twelfth *Johnson* factor).

If the District Court relied on this factor to support its 23.5% percentage of fund fee as being reasonable, it abused its discretion.

---

[11] The 6% for this case is based on the number of claims made – 6,077,526 (Final Order at p. 24, ¶ II.F.1., Doc. 2931) – relative to the estimated number of class members – 100,000,000. (*Id.* at p. 42, ¶ III.B.6.)

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

- **The skill requisite to perform the legal service properly.**

The third *Johnson* factor is "[t]he skill requisite to perform the legal service properly." *Johnson*, 488 F.2d at 718.

The Supreme Court has stated the eighth *Johnson* factor (amount involved and the results obtained) "should be folded into the quality-of-representation factor." (footnote omitted.) *Perdue*, 559 U.S. at 554. This is so because the results obtained are relevant to attorney's fees only if those results are attributable to counsel's performance, rather than, say, the other side dropping the ball. *Id."  In re Home Depot Inc.,* 931 F.3d at 1083.

Appellant incorporates his argument from the eighth *Johnson* factor – "[T]he amount involved and the results obtained."  Based on relative recoveries – 7.4 cents versus 100.0 cents plus interest – and expected relative participation in recoveries – 6% versus 92% – a material, significant reduction in the benchmark is warranted. A reasonable percentage-of-fund fee in this case should approximate the median percentage-of-fund fees in other $1,000,000,000+ class action settlements. The reasonable amount is discussed, below, in "Awards in similar cases" (twelfth *Johnson* factor).

If the District Court relied on this factor to support its 23.5% percentage of fund fee as being reasonable, it abused its discretion.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

- **The experience, reputation, and ability of the attorneys.**

The ninth Johnson factor is "[t]he experience, reputation, and ability of the attorneys." *Johnson*, 488 F.2d at 718. The Johnson court stated "Most fee scales reflect an experience differential with the more experienced attorneys receiving larger compensation." *Id.*

The Supreme Court found this factor should be folded into the eighth Johnson factor (results obtained) "In this case, we are asked to decide whether either the quality of an attorney's performance or the results obtained are factors that may properly provide a basis for an enhancement. We treat these two factors as one." *Perdue*, 559 U.S. at 554.

Appellant incorporates his argument from the eighth *Johnson* factor – "[T]he amount involved and the results obtained." Based on relative recoveries – 7.4 cents versus 100.0 cents plus interest – and expected relative participation in recoveries – 6% versus 92% – a material, significant reduction in the benchmark is warranted. A reasonable percentage-of-fund fee in this case should approximate the median percentage-of-fund fees in other $1,000,000,000+ class action settlements. The reasonable amount is discussed, below, in "Awards in similar cases" (twelfth *Johnson* factor).

If the District Court relied on this factor to support its 23.5% percentage of fund fee as being reasonable, it abused its discretion.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

- **Awards in similar cases**.

The twelfth *Johnson* factor considers "[a]wards in similar cases. *Johnson*, 488 F.2d at 719. "The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Id.*

In *Camden I*, this Court adopted a comparison of comparable data approach for district courts to assess the reasonableness of attorneys' fees in common fund cases. This Court's percentage of fund benchmark of 20% to 30% was grounded in case settlement data and observations contained in the following textbook and Third Circuit Task Force report:

- Herbert B. Newberg, *Attorney Fee Awards* (1986) ("H. Newberg"); and

- *Court Awarded Attorney Fees,* Report of the Third Circuit Task Force, Oct. 8, 1985, 108 F.R.D. 237 (1985) ("Task Force Report").

*Camden I* at 774. The benchmark was based on publicly-available data from attorney fee awards in class action settlements in the United States. The awards reflect court-determined fees after the results of settlements were known. However, The *Camden I* court omitted from its legal discussion Professor Newberg's findings and recommendations for attorney fee payments in cases where extraordinarily large funds were recovered. Professor Newberg stated,

> "Extraordinarily Large Fund Recovered: On the other hand, the fund recovered may be large, e.g. approaching or exceeding $100 million, so the application of a normal range of fee awards from a common

32

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

fund may result in a fee that is unreasonably large as compensation for the benefits conferred. n.132 … In final fee awards in cases involving very substantial fund recoveries, courts have recognized the economies of scale inherent in class action recoveries and awarded fees on a straight percentage basis that *fall below the usual range of fund fee awards*. (emphasis added) (footnote omitted)"

n. 129  (Omitted; cites three antitrust cases and one product liability case in which fees awarded as a percentage of the fund were 5.5%, 6.6%, 9.0% and 10.8% of recovery).

n. 132   See illustrative cases, n. 129."

H. Newberg, § 2.09, p. 55-56 n.129, n.132.

Likewise, the Task Force Report states,

"In a case in which a large settlement is anticipated, the negotiated contingency range may include relatively small percentages.  For example, the *Agent Orange* plaintiffs' lawyers collected over ten million dollars in fees, yet that amounted to less than 6% of the settlement fund."  Task Force Report, 108 F.R.D. at 255 n. 63.

With respect to the awards in similar cases (twelfth *Johnson* factor) and customary fees (fifth *Johnson* factor), the District Court ignored factual evidence that customary percentage of fund fees in $1,000,000,000+ settlements was significantly less than the benchmark.  According to evidence submitted by Plaintiff's Counsel's fee expert, Professor Brian Fitzpatrick, in the 2000-2021 timeframe, attorneys' fees as a percentage of a recovery in class action settlements of at least $1,000,000,000 using the percentage-of-fund methodology were 7.70% (median) and 10.24% (mean) of class recoveries.  (Declaration of Brian T. Fitzpatrick, pp. 13-15, Table 1, Doc. 2733-4).

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Plaintiffs' expert witness Professor Fitzpatrick's testimony updated and supported Professor Newberg's observations from 1986: Where extraordinarily large funds are recovered, courts award fees below the usual range of fund fee awards.

The District Court erred in overlooking Professor Fitzpatrick's factual testimony that was based on settlements of $1,000,000,000 or greater. (*Id.*) Based on this evidence, the benchmark should be adjusted materially downward; a reasonable percentage fee is 7.70% to 10.24%.

- **The customary fee.**

The fifth *Johnson* factor "The customary fee for similar work in the community …" *Johnson*, 488 F.2d at 418. "It is open knowledge that various types of legal work command differing scales of compensation." *Id.*

This factor in this case features both attorney fee doctrines: Statutory fee shifting and common fund doctrine. First, as argued above, the District Court should have applied a lodestar fee analysis with respect to Plaintiffs' Counsel's time and energy spent on injunctive relief due to the fee shifting provisions of Section of the Clayton Act. "[T]he skill and experience of the attorneys will be reflected in the hourly rates. *Blum v. Stenson*, 465 U.S. 886, 898 (1984). "A reasonable fee is one sufficient to attract competent counsel to represent the case, but not one that provides a windfall for attorneys." *Perdue,* 559 U.S. 542 at 552.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

"There is a strong presumption that the lodestar yields a reasonable fee for this purpose." *Id.*

"Through August 15, 2020 … Using historic blended billing rates, this work resulted in a lodestar of $194,226,321.65. (Doc. 2273-2 at 411-42)." (Final Order at p. 71, ¶ IV.I.2.(f), Doc. 2931.)  Plaintiffs' Counsel estimated that up to three-quarters of its time was spent on non-monetary injunctive relief matters.  (Fee Memo. at p. 43, Doc. 2733-1.)

The reasonable fee for the injunctive relief benefit is the associated lodestar fee.  Second, in addition, the Class will pay to the Plaintiffs' Counsel a percentage-of-fund fee for the monetary relief benefit.

With respect to the percentage-of-fund fee, leading experts in the field of class actions and attorney fees shared evidence that the use of auctions in the class action setting led to attorneys' fees as low as the single digits, well below the benchmark,

> "Likewise, Professor John C, Coffee reported that it is reasonable to assume that 'a series of antitrust class action auctions demonstrated that qualified counsel would generally offer to represent the class for fee awards in the 10-15% range,' (footnote omitted) whereas in the two antitrust class actions in which counsel was appointed by auction the fee percentage has been in the single digits." *Selection of Class Counsel*: Third Circuit Task Force, Final Report January 2002, p. 38.

Appellant incorporates from "Awards in similar cases" (twelfth *Johnson* factor) his argument that the percentage-of-fund fee should be reduced to a range

of 7.70% to 10.24% based on comprehensive statistical evidence.  This factor and

the "awards in similar cases" factor (twelfth *Johnson* factor) substantially overlap.

Professor Silver states,

> " ... the Eleventh Circuit has advised district court to tailor fee
> percentages by consulting the factors set out in [*Johnson*], the fifth of
> which is the 'customary' or market-based fee.  Because more and
> more courts have adopted the market-based approach, the twelfth
> *Johnson* factor – 'awards in similar cases' – increasingly pushes in
> that direction as well."   (Declaration of Professor Charles Silver on
> the Reasonableness of Class Counsel's Request for Attorneys' Fees at
> p. 14, ¶ 30, Doc. 2733-3).

- **The time and labor required.**

The first *Johnson* factor is "time and labor required." *Johnson*, 488 F.2d at

717.

The time and effort expended on class action litigation overlap with the

second *Johnson* factor, "The novelty and difficulty of the questions."  Task Force

Report 108 F.R.D. at 244 n. 20.  *See also Blum v. Stenson*, 465 U.S. 886, 898

(1984) (novelty and complexity of the issues are reflected in number of hours spent

on the case, as complicated litigation will demand more time).  *In re Home Depot

Inc.,* 931 F.3d at 1083.

This factor – which is one-half of the lodestar calculation (the other half

being hourly rates which is related to "the customary fee") – does not

quantitatively  affect the determination of a reasonable percentage fee in *monetary*

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

*relief* percentage-of-fund cases, but is an important input to the lodestar and the lodestar multiplier calculations.

With respect to the percentage-of-fund fee, Appellant incorporates his argument from above that the potential lodestar multiplier for the *monetary relief* – estimated at <u>10.0</u> <u>times</u> – is a red flag that 23.5% constitutes an unreasonable attorneys' fee and thus warrants a material downward adjustment to the benchmark.

The District Court abused its discretion in finding "time and labor required" supported a 23.5% fee.

- **The novelty and difficulty of the questions.**

The second *Johnson* factor is "[t]he novelty and difficulty of the questions." *Johnson*, 488 F.2d at 718.

The Third Circuit Task Force found that this factor overlaps with the first *Johnson* factor (the time and labor required). Task Force Report 108 F.R.D. at 244 n. 20. And thus shapes the lodestar. "The novelty and complexity of the issues are reflected in the number of hours spent on the case, as complicated litigation will demand more time. *Blum v. Stenson*, 465 U.S. 886, 898 (1984)." *In re Home Depot Inc.,* 931 F.3d at 1083.

With respect to the percentage-of-fund fee, Appellant incorporates his argument from above that the potential lodestar multiplier for the *monetary relief* –

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

estimated at <u>10.0</u> <u>times</u> – is a red flag that constitutes an unreasonable attorneys'
fee and thus warrants a material downward adjustment to the benchmark.

The District Court abused its discretion in finding "[t]he novelty and
difficulty of the questions" supported a 23.5% fee.

- **The preclusion of other employment by the attorney due to acceptance
  of the case.**

The fourth *Johnson* factor is "[t]he preclusion of other employment by the
attorney due to acceptance of the case." *Johnson*, 488 F.2d at 718. The Fifth
Circuit found, "This guideline involves the dual consideration of otherwise
available business which is foreclosed because of conflicts of interest which occur
from the representation, and the fact that once the employment is undertaken the
attorney is not free to use the time spent on the client's behalf for other purposes."
*Id*.

Seventy-five law firms and more than 300 experienced entrepreneurial
plaintiffs' counsel participated in this case.

> "And they, in turn, represent 75 -- more than 75 law firms across the
> country who have been working on this case, most of them for more
> than eight years. There are over 300 individual lawyers who have
> played significant roles in the preparation of this case, the litigation of
> it, and then the settlement." (Corrected Transcript: Hearing on
> Preliminary Approval of Subscriber Track Settlement, November 16,
> 2020 at p. 6, lines 13-18, Doc. 2654.)

Plaintiffs' Counsel brought the claims pursuant to fee-shifting statutes. Plaintiffs' Counsel were aware they had the option of being paid by the Defendants if they took the case to trial and won a judgment, or being paid much more handsomely if they settled the case and applied to be paid a percentage of the monetary relief (that substantially exceeds the lodestar fee).

Through August 15, 2020, an approximate eight and one-half year period from the start of litigation, Plaintiffs' Counsel billed 434,055 hours.  (Final Order at p. 71, ¶ IV.I.2.(f), Doc. 2931.)  Based on 300 attorneys staffing the case "most of them for more than eight years" and assuming they billed at least 2,000 hours a year over that period, they'd accumulate 5,100,000 billable hours.  The lodestar hours (434,055) represent a modest 8.5% of total billed hours.  Based on averages, this litigation had a negligible effect on precluding other employment.

For the percentage-of-fund fee analysis, this factor warrants a downward adjustment to the benchmark.

- **Whether the fee is fixed or contingent.**

The sixth *Johnson* factor relates to the type of fee arrangement (hourly versus contingent) entered into by the attorney.  *Johnson*, 488 F.2d at 718.  "The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstration the attorney's fee expectations when he accepted the case.  But as

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

pointed out in *Clark v. American Marine*, supra, … The criterion for the court is not what the parties agreed but what is reasonable.'" 320 F. Supp. at 711.

Supreme Court precedent shows that risk is not a reason to enhance a lodestar. *City of Burlington v. Dague*, 112 S.Ct. 2638, 2639 (1992) (no fee enhancement for contingency). The Supreme Court's precedent shows that these entrepreneurial plaintiffs' counsel were not entitled to a fee enhancement above and beyond their aggregate lodestar fee.

For the percentage-of-fund fee analysis, this factor warrants a downward adjustment to the benchmark.

- **Time limitations imposed by the client or the circumstances.**

The seventh *Johnson* factor is "[t]ime limitations imposed by the client or the circumstances." *Johnson*, 488 F.2d at 718. This factor recognizes "Priority work that delays the lawyer's other legal work is entitled to some premium." *Id.*

As noted above in "the preclusion of other employment by the attorney due to acceptance of the case" (fourth *Johnson* factor), on average, it appears this case represented 8.5% of billable time for the 300 attorneys comprising Plaintiffs' Counsel's legal team. Given that average case load, time limitations appear to be limited, on average, though it's very likely some attorneys worked a disproportionate high number of hours relative to their peers.

40

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

For the percentage-of-fund fee analysis, this factor warrants downward adjustment to the benchmark.

- **The "undesirability" of the case.**

The tenth *Johnson* factor is "[t]he undesirability" of the case." *Johnson*, 488 F.2d at 719.  This factor originally addressed Title VII civil rights litigation. *Id.*

Appellant has not identified testimony that indicates other law firms rejected this case due to the possible outcome of the case or for any other number of possible reasons.  The record shows that more than 300 attorneys represented Plaintiffs.  Even if some attorneys passed on the opportunity to work on the litigation, the District Court found that Plaintiffs' Counsel, "… are recognized as top authorities in their field."  (Final Order at p. 30, ¶ III.B.1., Doc. 2931.)

For the percentage-of-fund assessment, under this factor, the "undesirability" risk should be significantly discounted or eliminated completely in establishing the benchmark.

- **The nature and length of the professional relationship with the client**

The eleventh *Johnson* factor is "[t]he nature and length of the professional relationship with the client." *Johnson*, 488 F.2d at 719.

There were a total of 67 class representatives.  (Fee Memo. at p. 5, n.2, Doc 2733-1.)  This case includes an estimated 100,000,000 class members.  (Final Order, p. 72, ¶ IV.I.2.(f), Doc. 2931.)  The vast preponderance of the Class

members are absent with no prior relationships to Plaintiffs' Counsel.  Appellant believes the "relationship" risk should be significantly eliminated or discounted in establishing the benchmark.  This factor didn't have independent significance in the context of a class action.  It didn't weigh in favor of the 23.5% fee award.

- **Non-monetary benefits conferred upon the class by the settlement benefits**. **(*Camden I* factor)**

As its name suggests, one of the *Camden I* factors – "non-monetary benefits conferred upon the class by the settlement benefits" – recognizes that a fee award should take into consideration a benefit received by the Class related to non-monetary benefits.  *Camden I,*  946 F.2d at 775.

The District Court found that "[t]he Settlement has resulted in significant, historic injunctive relief for the class".  (Final Order, p. 71, ¶ IV.I.2.(a), Doc. 2931.)  The benefit associated with injunctive relief should have been separated from the percentage fee analysis because of its materiality, and addressed by a separate fee analysis.  That means the District Court should have subtracted the injunctive relief lodestar (estimated at $146,000,000 for this exercise) from the Plaintiffs' Counsel's requested fee of $626,583,372 to arrive at the fee requested for monetary relief, $480,583,372 (18.0% of the monetary relief).  The District Court should have started its analysis, in this example, at assessing the

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

reasonableness of 18.0% (assuming the injunctive relief lodestar is not adjusted downward) instead of 23.5%.

Plaintiffs' expert witnesses didn't testify as to the monetary value of the injunctive relief, "While it is unnecessary to quantify precisely the value of this historic equitable relief, ..." (Fee Memo. at p. 42, Doc. 2733-1.) That supports the argument that the benefit of the injunctive relief should be excluded from the percentage-of-fund fee analysis.

The District Court erred by including the injunctive relief benefit in its fee analysis and not undertaking a bifurcated analysis as in *Faught*. This factor should be removed from consideration as part of the percentage-of-fund fee assessment.

- **The economics involved in prosecuting a class action benefit. (*Camden I* factor)**

The District Court stated, "The fee in this case was contingent on obtaining class relief, and Subscribers' Counsel invested their own money in fronting the expenses in this litigation, all in the face of significant risk that they would recover nothing and lose millions and millions of dollars." (Final Order, p. 72, ¶ IV.I.2.(g), Doc. 2931.)

The Supreme Court has found that litigation risk is not a basis for enhancing a lodestar. *City of Burlington v. Dague*, 112 S.Ct. 2638, 2639 (1992) (no fee enhancement for contingency).

43

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## <u>CONCLUSION</u>

For the foregoing reasons, Appellant respectfully requests the Court to find the District Court abused its discretion in finding reasonable the requested attorneys' fees, that the Court vacate the District Court's August 9, 2022 Fee Order (Doc. 2932), and remand to the District Court for further proceedings.

Respectfully submitted this 12th day of December, 2022.

<u>/s/ David G. Behenna</u>

David G. Behenna
155 Fleet Street
Portsmouth, NH  03801
Telephone: (603) 964-4688
Email: dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

44

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document complies with the word limit set forth in Federal Rules Appellate Procedure 27(d)(2).  This document contains 9,931 words, excluding the parts exempted by Federal Rules Appellate Procedure 32(f) and 11th Circuit Rule 32-4.  This document complies with the typeface requirements of Federal Rules Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rules Appellate Procedure 32(a)(6).  It has been prepared in a proportionally spaced typeface using 14 point Times New Roman font.

Dated: December 12, 2022          Respectfully submitted,

<u>/s/ David G. Behenna</u>

David G. Behenna
155 Fleet Street
Portsmouth, New Hampshire  03801
Telephone: (603) 964-4688
Email: dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

### CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Those counsel for Appellants and Appellees who are registered ECF users will be served by the ECF system.

Dated: December 12, 2022        /s/ David G. Behenna

David G. Behenna
155 Fleet Street
Portsmouth, New Hampshire  03801
Telephone: (603) 964-4688
Email: dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

1