Nos. 22-13051, 22-13052, 22-13118 & 22-13120

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

In Re: Blue Cross Blue Shield Antitrust
Litigation (MDL 2406)

_____

On Appeal from the United States District Court for the
Northern District of Alabama, Southern Division,
No. 2:13-CV-20000-RDP

## APPELLANT'S OPPOSITION TO
## DEFENDANT-APPELLEE'S MOTION FOR EXTENSION OF TIME

David G. Behenna
155 Fleet Street
Portsmouth, NH  03801
(603) 964-4688
dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, respondent Objector-Appellant David G. Behenna ("Appellant") believes that the Certificate of Interested Persons contained in The Home Depot Appellants' Brief (referenced in Defendant-Appellee's Unopposed (*sic*) Motion for Extension of Time, C-1) is complete and does not omit any persons or entities. See 11th Circuit Rule 26.1-2(c).

Pursuant to Fed. R. App. P. 26.1 and 11th Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellant is a person, not a non-governmental corporation.

# APPELLANT'S OPPOSITION TO
# DEFENDANT-APPELLEE'S MOTION FOR EXTENSION OF TIME

## RESPONSE

Appellant respectfully submits this opposition to the motion of Defendant-Appellee Blue Cross Blue Shield Association ("BCBSA") for a 30 day extension of time to file appellees' briefs ("Motion"). Appellant requests that the Court keep in place the current briefing schedule with respect to Appellant's appeal. Appellant respects that the three other appellants did not oppose the Motion. Appellant does not oppose BCBSA's 30 day extension request with respect to issues raised by the other appellants.

**I.  Regular Briefing Schedule Warranted for Appellant's Appeal.**

After motion by Plaintiffs-Appellees to consolidate the four pending appeals in this matter and to expedite briefing, this Court ruled on November 2, 2022. Among other ordering provisions, parties were ordered to "follow the standard briefing schedule set forth by this Court's rules." On November 3, 2022, the Clerk of the Court issued a memorandum containing the briefing schedule. Parties were informed: (1) December 12, 2022, was the filing deadline for appellant's briefs, (2) appellee's briefs were "due within 30 days after the service of the last appellant's brief", and (3) appellant's reply briefs, if any, were "due within 21 days after the

1

service of the last appellee's brief." All four appellants filed their appeal briefs by December 12, 2022. No appellants requested from this Court an extension of time.

Good cause exists for Appellant's request to maintain the current Court-ordered briefing schedule with respect to his appeal of the District Court's Fee Order.[1] (Doc. 2932.) It will keep on track the briefing schedule for one significant appeal issue and will possibly aid in case management. A bifurcated briefing schedule will not interfere with or place a burden on other parties. Appellant's issues are distinct and do not overlap with those of other appellants: None of the other appellants are appealing the Fee Order[2].

The Home Depot appellants opted out of the monetary relief provisions of the settlement (and its attorneys' fee payment provisions):

> "Home Depot opted out of the Rule 23(b)(3) class that would receive the monetary relief and release their monetary claims for damages. So Home Depot does not challenge the amount of the settlement, or the allocations of its proceeds, or the award of attorney fees and litigation expenses to the Subscribers' counsel." (The Home Depot Appellants' Response to Motion to Consolidate and to Expedite Appeals at p. 2)

---

[1] Appellant is appealing from the District Court's Order Awarding Subscriber Plaintiffs' Counsel Attorneys' Fees and Expenses (Doc. 2932) ("Fee Order"), and those sections in the Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Approving Settlement Administrator (Doc. 2931) ("Final Order") that explain the basis for overruling objections and approving the award of attorneys' fees and expenses.

[2] Likewise, Appellant is not appealing from the Final Order with respect to (1) the payment of $2,670,000,000 cash in settlement of damage claims and (2) the proposed injunctive relief.

The Home Depot Appellants are appealing that provision of the injunctive relief that requires class members "to release future claims for the Blues' future antitrust violations and … thus immunize the Blues' future anticompetitive conduct from private enforcement actions." (*Id.* at p. 1.)

Appellants Topographic, Inc. and Employee Services, Inc. raise issues related to allocation of damages between subclasses, the respective class periods, and creation of subclasses. (Brief of Appellants Topographic, Inc. and Employee Services, Inc. at pp. 1-2.) Appellant's appeal does not overlap with Appellants Topographic, Inc. and Employee Services, Inc.'s appeal: The attorneys' fee issue affects the amount of monetary relief available to all Damages Class members before allocation between subclasses.

Appellants Jennifer Cochran and Aaron Cracker raise an issue regarding the reallocation of unclaimed employee premium refunds. (Objector-Appellants Jennifer Cochran and Aaron Cracker Corrected Opening Brief at p. 2) Again, the attorneys' fee issue affects the amount of monetary relief available to all Damages Class members before allocation between subclasses.

BCBSA requires no more than 30 days (January 12, 2023) to reply to Appellant's appeal brief. An extension is not warranted for the attorneys' fees issues. BCBSA was aware on November 3, 2022 that their appellee brief was due by January 12, 2023 (if all appeal briefs were filed timely). BCBSA could have

filed in early November a request for extension of time. BCBSA waited seven weeks. Until yesterday, BCBSA supported a regular briefing schedule. In its October 14, 2022, reply to Plaintiffs-Appellee's Motion to Consolidate and to Expedite Appeals (Pls. Mot.), BCBSA lobbied for a regular briefing schedule,

> "Defendants-Appellees oppose an expedited briefing schedule and submit that the standard briefing schedule set out in the Eleventh Circuit Rules should apply." (Defendant-Appellee's Response to Plaintiffs-Appellees' Motion to Consolidate and to Expedite Appeals at p. 2)

BCBSA added in its conclusion,

> "… Defendant-Appellee BCBSA respectfully requests that the Court … order that the standard briefing schedule set out in the Eleventh Circuit Rules applies." (*Id*. at p. 3)

In their motion to consolidate and expedite, Plaintiffs-Appellees proposed shortening the regular briefing schedule to 21-21-10 days from 40-30-21 days. Pls. Mot. 12. Plaintiffs-Appellees have already affirmatively argued they can respond within 30 days to Appellant's appeal brief.

## II.     Pre-Filing Communications

Counsel for BCBSA consulted Appellant prior to filing their Motion. See 11th Circuit Rule 27-1(a)(5). BCBSA provided a draft version of the Motion. Appellant informed BCBSA's counsel he would not support the draft Motion. Appellant requested BCBSA's counsel to revise the Motion by bifurcating from the other three appeals Appellant's appeal of the attorneys' fees award, as outlined

above, and continue with the briefing schedule previously ordered by this Court. BCBSA filed the Motion without incorporating Appellant's requested modification.

Dated: December 22, 2022                      Respectfully submitted,

                                                       */s/ David G. Behenna*

                                                       David G. Behenna
                                                       155 Fleet Street
                                                       Portsmouth, NH  03801
                                                       (603) 964-4688
                                                       dgbehenna@yahoo.com

                                                       *Pro Se* Objector-Appellant

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word limit set forth in Federal Rules Appellate Procedure 27(d)(2). This document contains 1,017 words, excluding the parts exempted by Federal Rules Appellate Procedure 32(f) and 11th Circuit Rule 32-4. This document complies with the typeface requirements of Federal Rules Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rules Appellate Procedure 32(a)(6). It has been prepared in a proportionally spaced typeface using 14 point Times New Roman font.

Dated: December 22, 2022                    */s/ David G. Behenna*
                                            David G. Behenna

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Those counsel for Appellants and Appellees who are registered ECF users will be served by the ECF system.

Dated: December 22, 2022

/s/ *David G. Behenna*
David G. Behenna