No. 22-13051

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

In Re: Blue Cross Blue Shield Antitrust Litigation (MDL 2406)

---

On Appeal from the United States District Court for the
Northern District of Alabama, Southern Division,
No. 2:13-CV-20000-RDP

---

## APPELLANT DAVID G. BEHENNA'S REPLY BRIEF

---

David G. Behenna
155 Fleet Street
Portsmouth, NH  03801
Telephone: (603) 964-4688
Email: dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

No. 22-13051, *In re: Blue Cross Blue Shield Antitrust Litigation*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1 and 11th Circuit Rule 26.1-1(b), Appellants hereby certify that the list of those interested in the outcome of this appeal in Appellants' Principal Brief is complete.

**Corporate Disclosure.** Pursuant to Fed. R. App. P. 26.1 and 11th Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellant is a person, not a non-governmental corporation.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE PURSUANT TO FRAP 26.1 AND 11TH CIR. R.26.1-1...…... C-1

TABLE OF CONTENTS…………...........................................................…. i

TABLE OF AUTHORITIES………….....................................................… iii

SUMMARY OF RESPONSE BRIEF ARGUMENTS……………………………..1

ARGUMENT AND CITATION OF AUTHORITY……………………………........2

I.    Appellant's Appeal Issues Were Addressed in His Objections………....2

II.   The District Court Abused its Discretion in Approving Plaintiffs' Counsel's Fee Application………….....…..…....3

   A.   Plaintiffs-Appellees Incorrectly Apply Common Fund Principles to Fee-Shifting Statute….…………………………....4

   B.   Plaintiffs-Appellees Misconstrue Fee-Shifting Provisions of 15 U.S.C. § 26…..………………………………6

      1.   Plaintiffs-Appellees Substantially Prevailed………………7

      2.   15 U.S.C. § 26 Mandates Fee-Shifting………..……..………7

      3.   Congressional Intent…………………………….....………..8

      4.   Supporting Precedent...………..………………………….....9

   C.   Fee-Shifting Statutes Control When They Come into Conflict with the American Rule…………….….…...9

   D.   Plaintiffs-Appellees Incorrectly Argue a Settlement Agreement's Attorneys' Fee Provision Takes Priority Over Statutory Law…………………………………………....13

i

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

E.    Accounting Records and Timeline……………………………14

1.    Detailed Hourly Records…..……..………………….....14

2.    The Parties Addressed Monetary Relief Settlement
After Agreeing to Injunctive Relief………………….....15

F.    Plaintiffs-Appellees Incorrectly Claim a Bifurcated Fee
Analysis Would Result in a Larger Attorneys' Fee Award……...16

III.    Defendants' $75,000,000 Payment to Plaintiffs' Counsel
Was a Fee- Shifting Arrangement……………………………….....16

A.    The Record Shows the $75,000,000 Payment
Was an Attorneys' Fee Payment………………………….....17

1.    Settlement Agreement……………………………….....17

2.    Preliminary Approval Hearing……………………….18

B.    Plaintiffs-Appellees Provide No Legal Basis for Payment………19

C.    Repayment if Settlement Unwound…………………….......20

IV.    The District Court Relied on a Faulty Metric as Part of
Approving the Attorneys' Fee Award………………………………..20

V.    The District Court Erred in Finding 23.5% was a
Reasonable Percentage-of-Fund Attorneys' Fee………………….....23

A.    *Camden I* Requires District Courts to Utilize *Johnson* Factor
Analysis in Reviewing Common Fund Fee Applications…....…..23

B.    District Court Relied Upon *Johnson* Factors in Finding
Plaintiffs' Counsel's Requested Fee To Be Reasonable……...…24

C.    District Court's Errors and Oversights in Its
*Johnson* Factor Analysis……………………………………....25

1.    The amount involved and the results obtained (*eighth* factor); the skill requisite to perform the legal service properly (*third* factor); and the experience, reputation, and ability of the attorneys) (*ninth* factor).......25

2.    Awards in similar cases (*twelfth Johnson* factor)………....26

3.    The customary fee (*fifth Johnson* factor)…………………27

4.    Non-monetary benefits conferred upon the class by the settlement benefits (*Camden I* factor)……………...27

CONCLUSION……………………………………………………….……..28

CERTIFICATE OF COMPLIANCE…………..……………………….………30

CERTIFICATE OF SERVICE

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                               <u>**Page(s)**</u>

*ACLU of Ga. v. Barnes*,
  168 F.3d 423 (11th Cir. 1999)…..……..……………………………………………...22

*Am. Disability Ass'n v. Chmielarz*,
  289 F.3d 1315 (11th Cir. 2002)……..…………………………..…….……..……7

*Barnhart v. Walton*,
  535 U.S. 212, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002)…………………………..…8

*Boeing Co. v. Van Gemert*,
  444 U.S. 472, 100 S. Ct. 745, 749, 62 L.Ed.2d 676 (1980)..…………………....5, 6

*Botts v. ASARCO LLC*,
  135 S.Ct. 2158 (2015)…………..……………………..……………………...11, 13

*Brown v. Phillips Petroleum Co.*
  838 F.2d 451 (10th Cir. 1988)………………………………………………...24

*Camden I Condominium Ass'n, Inc. v. Dunkle*,
  805 F.2d 1532 (11th Cir. 1986),
  cert. denied, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987)…………...11

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
  946 F.2d 768 (11th Cir. 1991)...........................................................11, 22-24, 27

*Commissioner v. Jean*,
  496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)…………………..…..10

*Costco Wholesale Corp. v. Hoen*,
  538 F.3d 1128 (9th Cir. 2008)...........................................................9, 13

*Faught v. American Home Shield Corp*,
  668 F.3d 1233 (11th Cir. 2011)…………………………..…………………...13, 20, 21

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983)…...........................................................26

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

*Huang v. Equifax Inc. (In re Equifax Inc. Customer Data Sec. Breach Litig).*,
  999 F.3d 1247 (11th Cir. 2021)…………….………………………..……....4, 5

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
  2011 WL 7575004, *1 (N.D. Cal. 2011)……………..........…………..……….18, 19

*Jackson v. Commissioner of Social Security*,
  601 F.3d 1268 (11th Cir. 2010)…………..…………………………….……...…8

*Johnson v. Georgia Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974)……………………….....................…….2, 21, 23-28

*Ne. Eng'rs Fed. Credit Union v. Home Depot, Inc.*
  *(In re:  The Home Depot Inc., Customer Data Security Breach Litigation)*,
  931 F.3d 1065 (11th Cir. 2019)……………………………………………….4, 5, 22

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010)………………………………………………………..25

*Poertner v. Gillette Co.*,
  618 F. App'x 624 (11th Cir. 2015)…..………………………….……11, 12

*Riverside v. Rivera*,
  477 U.S. 561 (1986)………………………………….….…………………26

*Sec'y, U.S. Dep't of Labor v. Preston*,
  873 F.3d 877 (11th Cir. 2017)……………..……………………………………3

*Sprague v. Ticonic Nat'l Bank*,
  *307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939)*……………………………....24

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003)……………………………....……………6, 11, 12

*United States v. DBB, Inc.*,
  180 F.3d 1277 (11th Cir. 1999)………………..……………………..…………8

*Waters v. Int'l. Precious Metals Corp.*,
  190 F.3d 1291 (11th Cir. 1999)………………………………………….……..16

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

*Yee v. City of Escondido*,
  503 U.S. 519, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992)…..…………………....…3

<u>Statutes</u>

15 U.S.C. § 15…………….…..………………………….....……..1, 2, 4, 5, 14, 21

15 U.S.C. § 26…………….…..……………………….1, 2, 4-14, 17, 20, 21, 24, 28

*Hart-Scott-Rodino Antitrust Improvements Act of 1976*,
  H.R. 8532, 94th Cong. Pub. L. 94-435, 90 Stat. 1383 (1976)………..….……..8, 9

§ 501.2105 Fla. Stat. (2012)……..………………………………….…………….12

<u>Other Authorities</u>

*Webster's Ninth New Collegiate Dictionary* (1986)………………………………..7

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## SUMMARY OF RESPONSE BRIEF ARGUMENTS

Plaintiffs-Appellees' argue in their response brief:

1. Objector-Appellant David G. Behenna ("Appellant") forfeited his right to argue on appeal that the District Court abused its discretion by not undertaking a bifurcated injunctive relief-common fund fee analysis in which attorneys' fees associated with 15 U.S.C. § 26 claims should have been assessed separately from attorneys' fees associated with 15 U.S.C. § 15 claims.  Plaintiffs163.

2. The District Court followed precedent governing attorney fee requests in common fund cases even though Plaintiffs-Appellees substantially prevailed on their fee-shifting 15 U.S.C. § 26 claims thereby triggering the fee-shifting provisions of that statute.  Plaintiffs159-161.

3. Plaintiffs-Appellees' fee-shifting to Defendants of $75,000,000 was a "secured advance" from a not-yet-approved settlement agreement and not-yet-funded common fund.  Plaintiffs166, n. 58.

4. It was irrelevant if the District Court relied on an incorrectly calculated lodestar cross-check multiplier statistic in assessing the requested common fund fee because (1) it was not required to perform the analysis and (2) the benefit of the 15 U.S.C. § 26 injunctive relief settlement must be treated as a

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

factor in assessing the reasonableness of a common fund fee.  Plaintiffs161, 163-164.

5.  The District Court was not required to perform the *Johnson* factors analysis and the analysis it did perform was "entirely sound."  Plaintiffs161, 166.    .

## ARGUMENT AND CITATION OF AUTHORITY[1]

### I.   Appellant's Appeal Issues Were Addressed in His Objections

Plaintiffs-Appellees allege that Appellant forfeited his right to argue the issue that the District Court abused its discretion by failing to analyze and assess separately the reasonableness of fees associated with 15 U.S.C. § 26 claims and 15 U.S.C. § 15 claims because Appellant's arguments in his appeal brief are "entirely different from the argument presented to, and rejected by, the District Court." Plaintiffs139.

---

[1] Record references are formatted __-R.___:___ (___).  The first blank is the volume number of Appellants' Joint Appendix.  The second blank is the District Court docket number (document sub-numbers, if any, are included in parentheses immediately following the docket number).  The third blank is the page number in the Appellants' Joint Appendix header.  The fourth blank in parentheses is the page number(s) in the CM/ECF header.  Thus, "15-R.2812(20):713 (112)" refers to appendix page 713 of docket entry 2812-20, contained in volume 15, and CM/ECF page 112 of docket entry 2812-20.

Appellant cites to Plaintiffs-Appellees' brief (Doc. 147) as "PlaintiffsPAGE" and to Appellant's brief (Doc. 122) as "BehennaPAGE."  The page number is the page number in the CM/ECF header.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Appellant raised objections before the District Court (15-R.2812(20):707-728 (104-125)) the issues he raises in his appeal brief that he appeals from the District Court's Order Awarding Subscriber Plaintiffs' Counsel Attorneys' Fees and Expenses ("Fee Order") (22-R.2932) and supporting findings set forth in its Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator ("Final Order") (22-R.2931). Appellant is allowed to raise new arguments and case citations in support of objections presented to the District Court.

> "If an issue is 'properly presented, a party can make any argument in support of that [issue]; parties are not limited to the precise arguments they made below.' *Yee v. City of Escondido*, 503 U.S. 519, 534, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992); *see also Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 883 n.5 (11th Cir. 2017) ('Parties can most assuredly waive positions and issues on appeal, but not individual arguments … Offering a new argument or case citation in support of a position advanced in the district court is permissible—and often advisable.' (citation omitted))." *In re: The Home Depot Inc., Customer Data Security Breach Litigation*, 931 F.3d 1065, 1086 (11th Cir. 2019).

## II.   The District Court Abused its Discretion in Approving Plaintiffs' Counsel's Fee Application

Appellant's objections included (1) Plaintiffs' Counsel's fee should be limited to attorneys' total lodestar fee (15-R.2812(20):710-712 (107-109)); (2) Plaintiffs' Counsel was not entitled to a lodestar multiplier (*Id.* at 711-713 (108-

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

110)); and (3) injunctive relief warranted a lodestar (attorney's fee) (*Id*. at 713-714, ¶ 5 (110-111)).

Appellant's objections to attorneys' lodestar fee and to a lodestar multiplier addressed the Plaintiffs' Counsel's *total* lodestar.  The total lodestar is comprised primarily of two components: The lodestar fees associated with 15 U.S.C. § 26 claims and (2) 15 U.S.C. § 15 claims.  On appeal, Appellant narrowed the issue to the attorneys' lodestar fees associated with 15 U.S.C. § 26 claims.[2]  Behenna74-81.  Appellant raised this issue in his objection.  15-R.2812(20):713-714, ¶ 5 (110-111).

## A.    Plaintiffs-Appellees Incorrectly Apply Common Fund Principles to Fee-Shifting Statute

Plaintiffs-Appellees argue the "District Court correctly concluded in this case, as in *Home Depot* and *Equifax*[3], 'the parties' settlement involved a common fund settlement, and "[w]here there has been a settlement, the basis for the

---

[2]  Appellant is not appealing the District Court's finding that a reasonable attorney's fee associated with the settlement of 15 U.S.C. § 15 claims should be the percentage-of-fund approach.  Appellant is allowed to waive this issue.  *Home Depot,* 931 F.3d at 1086.

[3] *Home Depot* and *Equifax* do not support Plaintiffs-Appellees' argument that a settlement that includes both monetary relief and a substantial non-monetary relief discharges the basis for the statutory fee shifting requirements contained within the statute underpinning the non-monetary relief.  The *Home Depot* opinion is silent regarding a substantially prevailing party and a fee-shifting equitable relief statute.  The *Equifax* district court dismissed (prior to settlement) claims based on a fee-shifting statute (the Fair Credit Reporting Act).  *In re Equifax Inc. Customer Data Sec. Breach Litig.,* 999 F.3d 1247, 1279, n.24 (11th Cir. 2021).

statutory fee award has been discharged, and it is only the fund that remains."
*Equifax*, 999 F.3d at 1279 n.24."  Plaintiffs159.

Plaintiffs-Appellees are incorrect that settlement of the 15 U.S.C. § 26 claims discharged the basis for the statutory fee award contained within that statute.  The settlement of 15 U.S.C. § 26 claims resulted in significant non-monetary, injunctive relief.  It did not give rise to any monetary relief from which the Injunctive Relief Class can pay Plaintiffs' Counsel's fees pursuant to the American Rule.

> "[A] lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Home Depot*, 931 F.3d at 1079 (11th Cir. 2019) (*quoting Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S. Ct. 745, 749, 62 L.Ed.2d 676 (1980)).

The lodestar attorneys' fees related to the 15 U.S.C. § 26 claims are bound by contract (the Settlement Agreement) to be paid by the Damages Class from the monetary relief generated by settlement of the 15 U.S.C. § 15 claims.[4]

*Boeing Co.* further counsels,

> "In order for attorneys to obtain an award of fees from a common fund, the court must be able to: (1) sufficiently identify the class of beneficiaries; (2) accurately trace the benefits; and (3) shift the fee to those benefiting with some exactitude." [*Boeing v.*] *Van Gemert*, 444 U.S. at 478-79, 100 S.Ct. 745.  '[T]he criteria are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his

---

[4] Settlement Agreement.  4-R.2610(2):729 ¶ 28 (45); 734 ¶ 34 (50).

5

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

behalf,' whereas they are not satisfied when 'litigants simply vindicate a general social grievance.'   *Id.* at 479, 100 S.Ct. 745." *Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003)

Damages Class members benefiting from $2.67 billion of monetary relief meet *Boeing Co.*'s three prong test.   Injunctive Relief Class members benefiting from the settlement of 15 U.S.C. § 26 do not: There is no "undisputed and mathematically ascertainable claim" related to injunctive relief.

### B.    Plaintiffs-Appellees Misconstrue Fee-Shifting Provisions of 15 U.S.C. § 26

Plaintiffs-Appellees argue, "The law in this circuit, and every circuit, is clear that courts are not required to perform the … fee analysis described by Behenna whenever a settlement provides both common fund monetary relief and equitable relief."  Plaintiffs139.

Plaintiffs-Appellees are incorrect with respect to 15 U.S.C. § 26.   The statutory fee-shifting language contained within that statute mandates that the District Court calculate separately the reasonable lodestar fee associated with 15 U.S.C. § 26 claims, even though Plaintiffs-Appellees released the right to fee-shift to Defendants Plaintiffs' Counsel's lodestar attorneys' fees related to the Injunctive Relief Class' 15 U.S.C. § 26 claims.  4-R.2610(2):734 ¶ 34 (46).

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

### 1.    Plaintiffs-Appellees Substantially Prevailed

The District Court was required to analyze separately the attorneys' fees associated with 15 U.S.C. § 26 claims because Plaintiffs-Appellees substantially prevailed.   15-R.2812(20):711-714 (108-111).   The fee-shifting provision of 15 U.S.C. § 26 reads:

> "… In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff."

Plaintiffs-Appellees substantially prevailed through injunctive relief that the District Court found, "… is wide-reaching and bears greater importance for the class than the monetary relief."   7-R.2641:1449 (26).   This Court has held that injunctive relief is deemed effective even if claims are settled if a district court maintains jurisdiction post-settlement.   *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1318–20 (11th Cir. 2002).   Behenna77-78.

### 2.    15 U.S.C. § 26 Mandates Fee-Shifting

With Plaintiffs-Appellees having substantially prevailed in their 15 U.S.C. § 26 claims, the District Court was mandated to determine a reasonable fee.   Statute 15 U.S.C. § 26 includes the word, "shall."   "Shall" connotes mandatory action. Merriam-Webster's definition includes, "2 b – used in laws, regulations, or directives to express what is mandatory."   *Webster's Ninth New Collegiate Dictionary* 1081 (1986).   This Court "assumes Congress uses words as 'they are

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

commonly and ordinarily understood.' " *United States v. DBB, Inc*., 180 F.3d 1277, 1281 (11th Cir. 1999).

The District Court was mandated by federal statute and precedent to determine reasonable attorneys' fees related to pursuit and settlement of the Injunctive Class' 15 U.S.C. § 26 claims.

> "[I]f the statute speaks clearly to the precise question at issue, we must give effect to the unambiguously expressed intent of Congress." *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting *Barnhart v. Walton,* 535 U.S. 212, 217-18, 122 S.Ct. 1265, 1269, 152 L.Ed.2d 330 (2002) (internal quotation marks omitted)).

### 3.    Congressional Intent

Congress used "shall" to indicate mandatory action.   The fee-shifting provisions of 15 U.S.C. § 26 were added via the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Public Law 94-435 (Sept. 30, 1976) ("Hart-Scott-Rodino Antitrust Improvements Act").

> "CONFORMING AMENDMENTS …
>
> SEC. 302.  The Clayton Act (15 U.S.C. 12 et seq.), is amended – … (3) by adding at the end of section 16 (15 U.S.C. 26) the following: 'In any action under this section in which the plaintiff *substantially prevails* (emphasis added), the court *shall* (emphasis added) award the cost of suit, including a reasonable attorney's fee, to such plaintiff.' "

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Elsewhere in the Hart-Scott-Rodino Antitrust Improvements Act, Congress used language that made clear it intentionally differentiated between mandatory and discretionary awards of attorney's fees:

> "TITLE III—PARENS PATRIAE …
>
> SEC. 301. The Clayton Act is amended by inserting immediately following section 4B the following new sections:
>
> ACTIONS BY STATE ATTORNEYS GENERAL …
> (d) In any action under subsection (a) –
> (1) the amount of the plaintiffs' attorney's fee, if any, shall be determined by the court; and
> (2) the court *may, in its discretion* (emphasis added), award a reasonable attorney's fee to a prevailing defendant upon a finding ..." Hart-Scott-Rodino Antitrust Improvements Act of 1976, Sec. 301 (d)(1)(e)

### 4.    Supporting Precedent

The Ninth Circuit has found that fee-shifting is mandatory for "substantially prevailing" plaintiffs where litigation is brought pursuant to 15 U.S.C. § 26. *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1138 (9th Cir. 2008) ("However, because fee shifting under § 26 is mandatory, equity cannot influence the determination of whether fees and costs should be awarded to substantially prevailing plaintiffs under that statute.")

Thus, 15 U.S.C. § 26 and legal precedent require district courts to undertake the calculation of a reasonable fee based for that statute in cases in which plaintiffs have substantially prevailed.

9

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

### C. Fee-Shifting Statutes Control When They Come into Conflict with the American Rule

Plaintiffs-Appellees argue the District Court did not abuse its discretion by incorporating the benefit of the injunctive relief in assessing the reasonableness of the Subscriber Counsel's request for a common fund fee. Plaintiffs163-164. Plaintiffs-Appellees argue that non-monetary benefits based on 15 U.S.C. § 26 claims bestowed upon the Injunctive Relief Class via settlement were but one factor in the District Court's assessment of a reasonable percentage-of-fund attorneys' fees.

> "This Court and other courts of appeals have consistently instructed that the 'non-monetary benefits conferred upon the class by the settlement' are to be included among the factors that the district courts consider when performing the fee analysis in common fund cases." Plaintiffs164.

In effect, Plaintiffs-Appellees' argue that the American Rule and its common fund progeny take precedent over fee-shifting statutes when determining reasonable fees related to a settlement featuring both non-monetary relief (in which plaintiffs substantially prevail in litigation grounded in a fee-shifting statute) and monetary relief (common fund doctrine). When statutes and common law conflict with regard to payment of attorneys' fees, fee-shifting statutes control.

> "As our decision in *Commissioner v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), reveals, there could be little dispute that this provision [the attorney's fees provision of the Equal Access to Justice Act] – which mentions 'fees,' a 'prevailing party,' and a 'civil

10

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

action' – is a 'fee-shifting statut[e]' that trumps the American Rule, *id.*, at 161, 110 S.Ct. 2316." *Botts v. ASARCO LLC*, 135 S.Ct. 2158, 2164 (2015).

Plaintiff-Appellees cite two cases decided in this Court and one from the Ninth Circuit to support their argument equitable relief is merely one factor to consider when determining a reasonable percentage-of-fund fee.

- *Camden I Condo. Ass'n, Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991);
- *Poertner v. Gillette Co.,* 618 F. App'x. 624 (11th Cir. 2015);
- *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003)

These cases do not apply to the facts and legal principles in this case: They do not support Plaintiffs-Appellees' arguments that the non-monetary relief associated with 15 U.S.C. § 26 should be included as a factor in assessing reasonableness of the common fund fee.  None of the cases feature the core characteristics present in this litigation: (1) substantially prevailing parties in an injunctive relief settlement based on a fee-shifting statute; and (2) a monetary relief settlement of litigation based on a different federal statute.

The litigation underlying *Camden I* was not based on fee-shifting statutes.[5] "It is not clear from the pleadings in this case exactly which Florida statutes were involved in those earlier proceedings." *Camden I*, 805 F.2d at 1533 n.1.

---

[5] *Camden I Condominium Ass'n, Inc. v. Dunkle*, 805 F.2d 1532 (11th Cir. 1986), cert. denied, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987).

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

In *Poertner v. Gillette Co.,* 618 F. App'x. 624 (11th Cir. 2015), the plaintiff failed to meet the statutory definition of a prevailing party: The parties settled before trial.[6] *Poertner,* 618 F. App'x. 624, at *3.

In *Staton v. Boeing Co*., 327 F.3d 938 (9th Cir. 2003), the Ninth Circuit court stated *in dicta* that injunctive relief may be considered as a "relevant circumstance" in determining a common fund fee "where the value to individual class members of benefits deriving from injunctive relief" cannot be accurately ascertained. *Id.* at 974. The *Staton* plaintiffs brought the litigation pursuant to fee-shifting statutes. *Id.* at 965-966. Those fee shifting statutes were discretionary, not mandatory.[7] The *Staton* plaintiffs were not prevailing parties. The Ninth Circuit rejected the parties' proposed settlement and remanded the case. *Id.* at 978.

Given that Plaintiffs-Appellees substantially prevailed in their 15 U.S.C. § 26 claims, the injunctive relief benefits should have been removed as a factor in

---

[6] "Attorney's fees.— (1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, *after judgment in the trial court and exhaustion of all appeals* (emphasis added), if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." Florida Deceptive and Unfair Trade Practices Act, § 501.2105.

[7] See § 2000e-5 (k) ("In any action or proceeding under this subchapter the court, *in its discretion, may* (emphasis added) allow the prevailing party ... a reasonable attorney's fee …"); 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section 1981 . . . the court, *in its discretion, may* (emphasis added) allow the prevailing party . . . a reasonable attorney's fee. . . ."). *Staton*, 327 F.3d at 965-966.

12

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

determining a reasonable common fund fee because the District Court was mandated to treat the injunctive relief lodestar as fee-shifted. 15 U.S.C. § 26; *Costco Wholesale Corp.,* 538 F.3d at 1138; and *Botts*, 135 S.Ct. at 2164.

### D. Plaintiffs-Appellees Incorrectly Argue a Settlement Agreement's Attorneys' Fee Provision Takes Priority Over Statutory Law

Plaintiff-Appellees further argue that district courts may only separately evaluate fee-shifting and common fund awards if a settlement agreement's provisions call for plaintiffs' counsel to be paid two separate and distinct fees – one a fee-shifting payment and the other a common fund fee. Plaintiffs165. Unless the settlement agreement calls for two payments, Plaintiff-Appellees claim that *Faught*[8] stands for the principle that attorneys' fees in settlements featuring both non-monetary relief and monetary relief must be based, only, on a percentage-of-fund fee. *Ibid.*

That argument is sunk for this settlement by the mandatory fee-shifting language of 15 U.S.C. § 26; *Costco Wholesale Corp.,* 538 F.3d at 1138 (fee-shifting is mandatory for "substantially prevailing" plaintiffs); and *Botts*, 135 S.Ct. at 2164 (fee-shifting statutes trump the American Rule).

---

[8] *Faught v. American Home Shield Corp*, 668 F.3d 1233 (11th Cir. 2011).

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

E.    **Accounting Records and Timeline**

1.    **Detailed Hourly Records**

Plaintiffs-Appellees infer that it is not possible to separate the hours billed for pursuing and settling the 15 U.S.C. § 26 claims from those hours invested in pursuing 15 U.S.C. § 15 claims.[9]  Plaintiffs163.  The record contradicts Plaintiff-Appellees' argument.  For one, Plaintiffs' Counsel estimated that up to three-quarters of its lodestar was related to pursuing the 15 U.S.C. § 26 claims.  9-R.2733(1):1772 (52).

Plaintiff-Appellees highlight Special Master Edgar C. Gentle's role in "regularly" auditing Plaintiffs' Counsel's  time and expense reports.  Plaintiffs160.  Special Master Gentle attested that Plaintiffs' Counsel submitted detailed "time sheets for the hours" on a monthly basis.[10]  10-R.2733(5):2119 (4).  Tasks had billing codes.  *Id.* at 2120 (5).  Audit adjustments were made to billed hours and expenses.[11] *Ibid.*

---

[9]  "As an initial matter, in a case in which both monetary and equitable remedies are available and sought, the vast bulk of counsel's time and effort is no more (or less) related to one remedial measure than the other, and attempting to allocate billings between them would be arbitrary at best."  Plaintiffs163.

[10]  Special Master Gentle's declaration includes exhibits containing billing hours and expenses by law firm on a monthly basis from inception of the case through August 2020.  10-R.2733(5):2144-2150 (29-35).

[11]  "Some examples of audit adjustments for hours, though usually not prevalent, relate to time billed in other than 1/10th increments, *time entries lacking a description of the work performed* (emphasis added), block billing (one time entry

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Based on this information, there is evidence of an adequate document trail to reasonably calculate the injunctive relief and monetary relief lodestars.

### 2. The Parties Addressed Monetary Relief Settlement After Agreeing to Injunctive Relief

In its Final Order, the District Court describes the timeline of negotiations. The District Court disclosed that the parties addressed monetary relief *after* reaching agreement on structural relief in the late 2019 timeframe.

> "In November 2017, … Special Master Edgar C. Gentle assisted the parties in their settlement discussions.  Over the course of the next two years, there were scores of additional mediation sessions.  … Ultimately the parties (with Gentle's able assistance) reached an agreement on proposed structural relief.  That relief is historic and substantial. *After agreeing to structural relief* (emphasis added), the parties also were required to address financial relief."  22-R.2931:2184 (3).  A term sheet agreement was reached in November 2019.  *Id.* at 2185 (4).

Thus, there is additional information as to the timeline of the matters on which Plaintiffs' Counsel was focusing their efforts.  It will assist in calculating the injunctive relief and monetary relief lodestars as part of assessing the reasonableness of Plaintiffs' Counsel's requested fee.

---

for multiple tasks), excessive hours billed repeatedly, especially for document review time, and *reclassifications for billing codes* (emphasis added) related to document review work and travel."  10-R.2733(5):2121 (6).

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

### F.     Plaintiffs-Appellees Incorrectly Claim a Bifurcated Fee Analysis Would Result in a Larger Attorneys' Fee Award

Plaintiffs-Appellees claim that if it was possible to allocate Plaintiffs' Counsel's billable hours between injunctive relief and monetary relief and to calculate a bifurcated injunctive relief-common fund fee, the allocation would result in a fee award of $626,583,372 plus "a percentage of Counsel's $194 million lodestar.   Plaintiffs163-164.    There are two flaws in Plaintiffs-Appellees' argument.    Their "clear sailing" agreement with Defendants caps Plaintiffs' Counsel's fee at $626,583,372.   Fees and expenses awarded above 25% of the monetary relief give Defendants the right to terminate the Settlement Agreement. 4-R.2610(2):729 ¶ 28 (45).   The 23.5% percentage-of-fund fee is a "ceiling" for attorneys' fees.   Two, the "floor" for reasonable attorneys' fees is undefined.   ("So the agreed-upon fees … are better thought of as the expected attorney's fees.") *Waters*, 190 F.3d  at 1296 n.9.

### III.   Defendants' $75,000,000 Payment to Plaintiffs' Counsel Was a Fee-Shifting Arrangement

Appellant objected that the settlement should not be treated as a common fund settlement, in part, because Plaintiffs-Appellees fee-shifted to Defendants $75,000,000 in attorney's fees at the time of preliminary approval of the settlement.  15-R.2812(20):715-716 (112-113).

16

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Appellant has amended this issue by narrowing it to the Plaintiffs' Counsel's lodestar fees related to pursuit and settlement of Plaintiffs' Appellees' 15 U.S.C. § 26 claims. Appellant is not appealing application of a percentage-of-fund fee for the monetary relief (though Appellant is appealing the award of a 23.5% fee).

## A.   The Record Shows the $75,000,000 Payment Was an Attorneys' Fee Payment

### 1.   Settlement Agreement

In their response brief, Plaintiffs-Appellees attempt to recast the $75,000,000 fee-shifting payment as "merely a fully secured advance on any common fund fee ultimately awarded, …" Plaintiffs142, n. 58. The plain language of the Settlement Agreement – which is a contract – and Plaintiffs' Counsel failure to provide legal precedent in support does not support Plaintiffs-Appellees' contention.

The Settlement Agreement defines the $75,000,000 payment as a "partial award … of the attorneys' fees, expenses, and interest as are awarded by the Court …" 4-R.2610(2):729, ¶ 28 (45).

> "28. … d. A partial award of seventy-five million ($75,000,000) of the total attorneys' fees, expenses, and interest as are awarded by the Court shall be paid from the Escrow Account no later than 31 days after the entry of an order preliminarily approving the Settlement." 4-R.2610(2):729, ¶ 28 (25).

17

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Plaintiffs-Appellees, who negotiated the Settlement Agreement, could have defined the $75,000,000 as a "secured advance." They did not. They defined it as a "partial award" of attorneys' fees.

## 2.    Preliminary Approval Hearing

At the hearing for preliminary approval, Plaintiffs-Appellees made a detailed presentation regarding the proposed settlement. S.App-R.2625(1)[12]. The presentation included a slide that discussed the $75,000,000 partial award of attorney's fees. S.App-R.2625(1):(48).

> "Within 31 days of preliminary approval, a partial award of $75,000,000 of the total attorneys fees, expenses, and interest shall be paid, subject to security and repayment obligations. Courts routinely permit payment of attorney fees prior to final judicial resolution of settlement approval. *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2011 WL 7575004, *1 (N.D. Cal. 2011) (finding that settlements that provide for payment of attorneys' fees prior to final disposition are "routinely" approved and collecting cases in support)." S.App-R.2625(1):(48).

Co-lead Plaintiffs' Counsel referred to the $75,000,000 payment a "partial award" of attorneys' fees at the preliminary approval hearing,

> "MR. BOIES: And the only other aspect is that within 31 days of preliminary approval, there will be a *partial award of $75 million to cover attorney's fees and expenses* (emphasis added). And that, in terms of a percentage, is a relatively small percentage of what may be the ultimate settlement award on the attorney's fees and expenses but

---

[12]  To be filed in a supplement to Appellants' Joint Appendix. The page number from the CM/ECF header is shown in the second set of parentheses, where referenced.

18

would remain consistent with what other courts have done. But again, the Court will make its decision on attorney's fees *based on the submissions after those are made* (emphasis added)." 7-R.2626:1301 (50), lines:16-23.

### B.    Plaintiffs-Appellees Provide No Legal Basis for Payment

Plaintiffs' Counsel provide no legal precedent to support the contention that payments from defendants to plaintiffs' counsel in the midst of not-yet-approved settlements and from not-yet-funded common funds are anything but fee-shifting payments.

The only cite connected to Plaintiffs-Appellees is *In re TFT-LCD (Flat Panel) Antitrust Litigation*.  It was included in Plaintiffs-Appellees' preliminary approval hearing presentation.    S.App-R.2625(1):(48)     *In re TFT-LCD (Flat Panel) Antitrust Litigation* stands for the proposition that plaintiffs' counsel may seek an advance for *future* litigation expenses to be paid from fully funded settlements to pursue litigation against non-settling defendants – not be paid *accrued and unpaid* attorneys' fees prior to final judicial resolution of settlement approval.[13]  *In re TFT-LCD (Flat Panel) Antitrust Litigation,* No. M-07-1827-SI,

---

[13]  The cases cited in support by *In re TFT-LCD (Flat Panel) Antitrust Litigation* plaintiffs' counsel all involve advances for *future* litigation expenses from funded settlements to generate *additional recoveries* on plaintiff claims against *non-settling defendants.  In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M-07-1827-SI, Dkt 2251 at 6-7, Direct Purchaser Class Plaintiffs' Memorandum of Points and Authorities in Support of Motion for the Advancement of Litigation Expenses from Settlement Funds, filed Dec. 27, 2010.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Dkt 2474 at 2, Order Granting Direct Purchaser Class Plaintiffs' Motion for the Advancement of Litigation Expenses from Settlement Funds, filed Feb. 18, 2011.

The District Court admitted that Plaintiffs Counsel's request for a "quick pay" payment of $75,000,000 was the first such request the District Court had ever fielded, yet the District Court approved it without providing legal precedent in support of comparable "quick pay" payments.  7-R.2641:1469-70 (46-47).  Instead, the District Court citing *Faught* relied upon its general powers to approve the attorneys' fee request without a fee application and without notice to the Injunctive Relief Class and Damages Class.  *Ibid.*

### C.    Repayment if Settlement Unwound

Plaintiffs-Appellees argue that it was a "secured advance" because Plaintiffs' Counsel is required to repay the $75,000,000 if the settlement is unwound or if total attorneys' fees are revised to an amount less than $75,000,000.  Plaintiffs166, n.58.  It is unremarkable that the Settlement Agreement contains such a provision.  That does not disprove the $75,000,000 was a contractually-required fee-shifting payment.

### IV.    The District Court Relied on a Faulty Metric as Part of Approving the Attorneys' Fee Award.

Appellant objected that the lodestar attorneys' fees associated with 15 U.S.C. § 26 claims should be separately assessed.  15-R.2812(20):713-714, ¶ 5

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

(110-111).  The District Court's failure to assess separately the lodestar attorneys' fees associated with that statute led to the faulty calculation of the lodestar cross-check multiplier metric (it should have been calculated using only the lodestar related to the 15 U.S.C. § 15 claims).  Behenna87-89.

Plaintiffs-Appellees claim that the District Court was not required to perform the lodestar cross-check multiplier analysis and the *Johnson* factors analysis because the requested fee did not exceed 25% of the monetary relief.[14] Plaintiffs161.  (Appellant addresses the *Johnson* factors analysis in pages 22-28, below.)   While Plaintiffs-Appellees repeated Appellant's methodology and math without critiquing it (Plaintiffs162), they then challenged it on grounds that district courts "are not required to perform" a bifurcated fee analysis when a settlement provides both injunctive and monetary relief.  Plaintiffs163.

The District Court is required to perform the lodestar cross-check multiplier. This settlement is a hybrid injunctive relief-common fund settlement, not a plain vanilla common fund settlement.  Plaintiffs-Appellees' substantially prevailed on the 15 U.S.C. § 26 claims and the plain meaning of that statute's fee-shifting

---

[14]  "Because the requested fee did not exceed 25% of the common fund, the District Court was not required to conduct any further analysis, R.2931:70 (citing *Faught*, 668 F.3d at 1242), but it nevertheless went on to analyze the fee request using the *Johnson* factors and to perform a 'lodestar cross-check.' R.2931:70-73." Plaintiffs161.

language mandated that the District Court assess the injunctive relief lodestar.  See argument above, pages 3-15.  Behenna11-18.

Further, *Camden I* requires district courts in this circuit to perform a lodestar analysis in fee-shifting situations.  *Camden I*, F.2d at 774 ("The lodestar analysis shall continue to be the applicable method used for determining statutory fee-shifting awards.")

Whether required or discretionary, the District Court undertook the lodestar cross-check multiplier analysis.  22-R.2931:2253-54 (72-73).  It cited the 3.23 times multiplier as a factor in finding Plaintiffs' Counsel's requested common fund fees were reasonable.  *Id*. at 2254 (73).

The estimated corrected lodestar cross-check multiplier is materially greater based upon comments by Plaintiffs' Counsel.  It calls into question the District Court's finding the common fund fee was reasonable.  Behenna87-89.

Once the District Court crossed the threshold and based its fee approval on fact-based analysis, the District Court was required to base its reasoning on a correctly calculated metric.  ("An abuse of discretion occurs if the judge … bases an award upon findings of fact that are clearly erroneous." *Home Depot*, 931 F.3d at 1078.  (*Quoting ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quotation omitted).)

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## V.   The District Court Erred in Finding 23.5% was a Reasonable Percentage-of-Fund Attorneys' Fee

Appellant objected to the percentage fee requested by Plaintiffs' Counsel. 15-R.2812(20):716-717 (113-114).   Appellant objected based on the twelfth *Johnson* factor, "[Fee] awards in similar cases." Appellant defines "similar" as class action settlements of at least $1 billion of monetary relief.[15]  *Ibid.*  Appellant also objected to the amount of the requested attorneys' fees based on the "the amount involved and results obtained" (eighth *Johnson* factor).   *Id.* at 712-713 (109-110).

### A.   *Camden I* Requires District Courts to Utilize *Johnson* Factor Analysis in Reviewing Common Fund Fee Applications

Plaintiffs-Appellees argue that the District Court was not required to employ the *Johnson* factor analysis, "[b]ecause the requested fee did not exceed 25% of the common fund …".  Plaintiffs161; 166, n.58.

Plaintiffs-Appellees' are incorrect: *Camden I* does not set a 25% fee threshold for triggering employment of *Johnson* factor analysis in assessing the reasonableness of requested common fund fees,

---

[15]  The testimony regarding attorneys' fees paid in settlements featuring monetary consideration of at least $1 billion was prepared by Plaintiffs-Appellees' expert Prof. Brian T. Fitzpatrick.  His declaration was filed in support of  Subscribers Counsel's Motion for Approval of Their Attorneys' Fees and Expenses Application.  8-R.2733.  The attorneys' fee data was included in his declaration. 10-R.2733(4):2047-49, ¶ 18, Table 1, (14-16).

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

"There is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee because *the amount of any fee must be determined upon the facts of each case* (emphasis added).    '[I]ndividualization in the exercise of a discretionary power [for fee awards] will alone retain equity as a living system and save it from sterility.' *Sprague*, 307 U.S. at 167, 59 S.Ct. at 780."  *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)

This Court in *Camden I* further guided,

"The factors which will impact upon the appropriate percentage to be awarded as a fee in any particular case will undoubtedly vary.  We agree with the Tenth Circuit that the *Johnson* factors continue to be appropriately used in evaluating, setting, and reviewing percentage fee awards in common fund cases.  *Brown*, 838 F.2d at 454."  *Id.*  at 775.

Plaintiffs-Appellees are also incorrect because they substantially prevailed on their 15 U.S.C. § 26 claims. ("The lodestar analysis shall continue to be the applicable method used for determining statutory fee-shifting awards.")  *Id.* at 774.

## B.    District Court Relied Upon *Johnson* Factors in Finding Plaintiffs' Counsel's Requested Fee To Be Reasonable

The District Court undertook a partial analysis of the *Johnson* factors. 22-R.2931:2251-54 (70-73).  It cited the *Johnson* factors as a reason for finding Plaintiffs' Counsel's requested fees to be reasonable.  ("Nevertheless, even if those (*Johnson*) factors were applied here, that process confirms the requested fee is reasonable.")  *Id.* at 2251 (70).

24

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

**C.     District Court's Errors and Oversights in Its *Johnson* Factor Analysis**

In the same paragraph Plaintiffs-Appellees argue that the District Court was not required to employ the *Johnson* factor analysis, they argue the District Court's "analysis of each of the 12 *Johnson* factors" was "entirely sound". Plaintiffs166, n.58. One problem: The District Court did not analyze all 12 *Johnson* factors. [16] [17] Plaintiffs-Appellees are incorrect that the District Court's *Johnson* factors analysis was "entirely sound." The analysis contained material errors.

**1.     The amount involved and the results obtained (*eighth* factor); the skill requisite to perform the legal service properly (*third* factor); and the experience, reputation, and ability of the attorneys) (*ninth* factor).**[18]

---

[16] "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases." *Camden I*, 946 F.2d at 772 n.3.

[17] Appellant compared the District Court's analysis to the *Johnson* factors. 22-R.2931:2252-53 (71-72). It appears at least three factors were not addressed: The customary fee (*fifth Johnson* factor); time limitations imposed by the client or the circumstances (*seventh Johnson* factor); and the nature and the length of the professional relationship with the client (*eleventh Johnson* factor).

[18] The Supreme Court has opined that the eighth *Johnson* factor (the amount involved and the results obtained) should be "folded into the quality-of-representation (third *Johnson*) factor." *Perdue*, 559 U.S. at 554. It also opined that it treats the *eighth* and *ninth* factors (experience, reputation, and ability of the attorneys) "as one." *Ibid.* Behenna93-94.

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Class members' recovery on their claims is paramount when determining a reasonable attorneys' fee.  *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) ("… a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.'); *Hensley v. Eckerhart*, 461 U.S. 424, 436 ("The most critical factor in determining a fee award's reasonableness is the degree of success obtained ...").  Behenna90-91.

The District Court did not assess Damages Class members' monetary relief *recoveries per claim dollar* as part of its analysis of the *Johnson* factors.  Behenna91-94.  Damages Class members are projected to recover as little as 7.4 cents per claim dollar (2.5 cents per claim dollar when applying treble damages allowed by statute) on settlement of their §§ 15 claims.  Behenna91-94.

### 2.    Awards in similar cases (*twelfth Johnson* factor)

The District Court stated the 23.5% percentage of fund fee was "consistent with awards in similarly complex cases."  22-R.2931:2253 (72).  However, the District Court failed to define how the 20% to 30% benchmark and the four district court cases highlighted were "similarly complex" to this litigation.  22-R.2931:2251-52 (70-71).  Plaintiffs-Appellees did not refute evidence submitted by their expert that showed 7.70% was the median percentage-of-fund fee in monetary settlements of at least $1 billion.  15-R.2812(20):717 (114); Behenna96.  The

26

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

attorneys' fee data included *every* monetary settlement of at least $1 billion in the 2000-2021 timeframe. Behenna96-97. As guided by the Fifth Circuit in *Johnson*, the District Court should have assessed "[t]he reasonableness of a fee … in the light of awards made in similar litigation within and *without* (emphasis added) the court's circuit." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974).

### 3.    The customary fee (*fifth Johnson* factor).

This factor was not addressed by the District Court. The *fifth Johnson* factor in this case features both attorney fee doctrines: Statutory fee shifting and the common fund doctrine. Behenna34. The reasonable fee for the injunctive relief benefit is the associated lodestar fee. *Ibid.* Second, in addition, the Class will pay to the Plaintiffs' Counsel a percentage-of-fund fee for the monetary relief benefit. *Ibid.* According to Professor Charles Silver, Plaintiffs-Appellees' expert, "Because more and more courts have adopted the market-based approach, the *twelfth Johnson* factor – 'awards in similar cases' increasing pushes in that direction as well" Doc 2733(3) Vol.10 at 1985, ¶ 30, (15). Behenna99.

### 4.    Non-monetary benefits conferred upon the class by the settlement benefits (*Camden I* factor).

In its *Johnson* factor analysis, the District Court incorporated a *Camden I* factor (non-monetary benefits) to support its finding that the 23.5% percentage-of-

27

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

fund fee was reasonable.[19]    Behenna105-106.    The benefit associated with injunctive relief should have been separated from the percentage fee analysis. Behenna105.  It should be addressed by a separate standalone lodestar fee analysis. *Ibid.*

## <u>CONCLUSION</u>

The District Court's failure to treat Plaintiffs-Appellees as substantially prevailing parties in their 15 U.S.C. § 26 claim settlement, its flawed lodestar cross-check multiplier and *Johnson* factor analyses, and the $75,000,000 fee-shifting payment show that a material downward revision to this Court's benchmark percentage-of-fund fee is warranted for this settlement.

For the foregoing reasons, Appellant respectfully requests the Court to find the District Court abused its discretion in finding reasonable the requested attorneys' fees, that the Court vacate the District Court's August 9, 2022 Fee Order (22-R.2932), and that it remand to the District Court for further proceedings.

---

[19]  "The Settlement has resulted in significant, historic injunctive relief for the class in addition to a substantial monetary award;" 22-R.2931:2252 (71)(a); and "The $2.67 billion Settlement Fund that Subscribers' Counsel negotiated in this case may represent the largest antitrust class action settlement on record (Docs. # 2733-3; 2733-4), and, even more significantly, it is accompanied by historic structural relief which rarely arises out of private enforcement actions."  *Id.* at 2253 (72)(i).

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

Respectfully submitted this 24th day of March, 2023.

<u>/s/ David G. Behenna</u>

David G. Behenna
155 Fleet Street
Portsmouth, NH  03801
Telephone: (603) 964-4688
Email: dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## **CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the word limit set forth in Federal Rules Appellate Procedure 27(d)(2). This document contains 6,358 words, excluding the parts exempted by Federal Rules Appellate Procedure 32(f) and 11th Circuit Rule 32-4. This document complies with the typeface requirements of Federal Rules Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rules Appellate Procedure 32(a)(6). It has been prepared in a proportionally spaced typeface using 14 point Times New Roman font.

Dated: March 24, 2023                    Respectfully submitted,

                                         /s/ David G. Behenna

                                         David G. Behenna
                                         155 Fleet Street
                                         Portsmouth, New Hampshire  03801
                                         Telephone: (603) 964-4688
                                         Email: dgbehenna@yahoo.com

                                         *Pro Se* Objector-Appellant

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Those counsel for Appellants and Appellees who are registered ECF users will be served by the ECF system.

Dated: March 24, 2023                    <u>/s/ David G. Behenna</u>

David G. Behenna
155 Fleet Street
Portsmouth, New Hampshire  03801
Telephone: (603) 964-4688
Email: dgbehenna@yahoo.com

*Pro Se* Objector-Appellant

1