Nos. 22-13051, 22-13052, 22-13118, & 22-13120

# In the United States Court of Appeals for the Eleventh Circuit

IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION
(MDL 2406)

On Appeal from the United States District Court for the
Northern District of Alabama, Southern Division,
No. 2:13-CV-20000-RDP

## PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE

David Boies
Adam Shaw
BOIES, SCHILLER &
FLEXNER LLP
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Michael Hausfeld
Swathi Bojedla
HAUSFELD LLP
888 16th Street, N.W.
Suite 300
Washington, DC 20006
mhausfeld@hausfeldllp.com

Charles J. Cooper
Vincent J. Colatriano
Harold S. Reeves
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com

Hamish P.M. Hume
Richard Feinstein
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue NW
Washington, DC 20005
hhume@bsfllp.com
rfeinstein@bsfllp.com

Megan Jones
Arthur Bailey
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
mjones@hausfeldllp.com
abailey@hausfeldllp.com

*Counsel for Plaintiffs-Appellees*
*(Additional Counsel Listed on Inside Cover)*

Chris T. Hellums
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place N, 1100 Park Place Tower
Birmingham, AL 35203
chrish@pittmandutton.com

David Guin
Tammy Stokes
GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. N.
Suite 600
Birmingham, AL 35203
davidg@gseattorneys.com
tammys@gseattorneys.com

Gregory Davis
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
gldavis@knology.net

Mindee Reuben
LITE DEPALMA GREENBERG
1835 Market Street, Suite 2700
Philadelphia, PA 19103
Tel: (267) 314-7980
Fax: (973) 623-0858
mreubin@litedepalma.com

Patrick Cafferty
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
101 North Main Street, Suite 565
Ann Arbor, MI 48104
pcafferty@caffertyclobes.com

William A. Isaacson
PAUL WEISS
2001 K Street, NW
Washington, DC 20006-1047
wisaacson@paulweiss.com

Cyril V. Smith
ZUCKERMAN SPAEDER, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
csmith@zuckerman.com

Kathleen Chavez
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
kcc@fmcolaw.com

Nate Cihlar
Joshua Callister
STRAUSS & BOIES
4041 University Drive, 5th Floor Fairfax, VA 22030 Tel: (703) 764-8700 Fax: (703) 764-8704
ncihlar@straus-boies.com
jcallister@straus-boies.com

Carl S. Kravitz
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
ckravitz@zuckerman.com

Douglas Dellaccio
CORY WATSON CROWDER &
DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 32505
ddellaccio@cwcd.com

Bryan Clobes
Ellen Meriwether
CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP
1101 Market Street, Suite 2650
Philadelphia, PA 19107
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

Edwin J. Kilpela, Jr.
Benjamin Sweet
DEL SOLE CAVANAUGH STROYD
LLC
200 First Avenue, Suite 300
Pittsburgh, PA 15222
ekilpela@dsclaw.com
bsweet@dsclaw.com

Larry McDevitt
David Wilkerson
VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com

Robert M. Foote
FOOTE, MIELKE, CHAVEZ & O'NEIL,
LLC
10 West State Street, Suite 200
Geneva, IL 60134
rmf@fmcolaw.com

Charles T. Caliendo
GRANT & EISENHOFER
485 Lexington Avenue
New York, NY 10017
ccaliendo@gelaw.com

Daniel Gustafson
Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Robert Eisler
GRANT & EISENHOFER
123 Justison Street
Wilmington, DE 19801
reisler@gelaw.com

John Saxon
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203-3314
jsaxon@saxonattorneys.com

Brent Hazzard
HAZZARD LAW, LLC
447 Northpark Drive
Ridgeland, MS 39157
brenthazzard@yahoo.com

Andrew Lemmon
LEMMON LAW FIRM
650 Poydras Street, Suite 2335
New Orleans, LA 70130
andrew@lemmonlawfirm.com

Robert Methvin
James M. Terrell
MCCALLUM, METHVIN & TERRELL,
P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
rgm@mmlaw.net
jterrell@mmlaw.net

H. Lewis Gillis
MEANS GILLIS LAW, LLC
3121 Zelda Court
Montgomery, AL 36106
hlgillis@tmgslaw.com

David J. Hodge
MORRIS, KING & HODGE
200 Pratt Avenue NE
Huntsville, AL 35801
lstewart@alinjurylaw.com

Lawrence Jones
JONES WARD PLC
312 South Fourth Street, Sixth Floor
Louisville, KY 40202
larry@jonesward.com

Virginia Buchanan
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
vbuchanan@levinlaw.com

Michael McGartland
MCGARTLAND & BORCHARDT
LLP
1300 South University Drive, Suite 500
Fort Worth, TX 76107
mike@attorneysmb.com

Warren T. Burns
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
wburns@burnscharest.com

No. 22-13051, *In re Blue Cross Blue Shield Antitrust Litigation*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, Plaintiffs-Appellees hereby certify that they believe that the Certificate of Interested Persons and Corporate Disclosure Statement contained in their Motion to Strike New Arguments in Appellant Home Depot's Reply Brief, filed on April 13, 2023, is complete.

Dated: May 1, 2023

/s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com

*Counsel for Plaintiffs-Appellees*

In opposing the motion to strike, Home Depot claims that its reply brief arguments concerning supposed conflicts *within* the Rule 23(b)(2) class were not new, but merely efforts to "develop" or "elaborate on" arguments made in its opening brief or to respond to arguments we made in response.  But this assertion cannot withstand even fleeting scrutiny, as Home Depot's opening brief, and our response, were directed solely to Home Depot's arguments concerning a supposed inherent conflict *between* the (b)(2) class and the Rule 23(b)(3) class.  If the rule against raising new issues in a reply brief has *any* meaning, Home Depot has violated it.  Sensing this, Home Depot falls back to a plea that the Court consider its new arguments anyway.  But Home Depot cannot establish the extraordinary circumstances necessary to warrant the exercise of this Court's discretion to excuse its forfeiture.[1]

1.      Home Depot contends that its opening brief's adequacy of representation argument was not limited to contentions regarding an inter-class conflict, but was "more general" in nature and thus fairly encompassed the specific intra-(b)(2)-class conflict "elaborated" in its reply brief. Opp. at 4, 13.  Leaving aside that an argument must be "plainly and prominently raise[d]" in the opening brief, not merely alluded to, to be preserved, *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678,

---

[1] We cite to (1) our Motion to Strike, Doc. 182, as "Motion"; (2) Home Depot's opposition, Doc. 189, as "Opp."; (3) Home Depot's opening appellate brief, Doc. 120, as "HD Brief"; and (4) Home Depot's reply brief, Doc. 172, as "HD Reply."  All page cites are to native page numbers, with the exception of cites to the Appendix, Doc. 132, for which cites are to the page number in the CM/ECF header.

1

680–81 (11th Cir. 2014) (quotation marks omitted); Motion at 8, Home Depot's contention cannot survive any fair reading of its brief.

The only adequacy of representation argument that was developed in that brief was that a conflict between the (b)(2) and (b)(3) classes rendered unitary representation of those classes inadequate. Motion at 1-3. Home Depot's Statement of Issues framed the question as whether "the district court erred in approving a settlement *where all representatives of the Rule 23(b)(2) class also represented the 23(b)(3) class* and thus had a structural incentive to trade a broad future injunctive release to obtain greater monetary consideration." HD Brief at 1 (emphasis added). That question did not tee up a "general" inadequacy argument, but rather a very specific one, concerning a purported inter-class conflict. And the Argument section of the brief followed suit, as its headings make apparent:

> **Section II**: "The district court erred by approving a Settlement where the same named plaintiffs and counsel represented both the Rule 23(b)(2) and (b)(3) classes." HD Brief at 54.
>
> **Section II.B**: "The same plaintiffs and counsel cannot represent injunctive relief and damages classes that have different and competing settlement priorities." *Id.* at 55.
>
> **Section II.C**: "Home Depot and other 23(b)(2) class members were inadequately represented because the same plaintiffs and counsel represented both the 23(b)(2) and 23(b)(3) classes." *Id.* at 59.

The Argument section then developed the argument, and only the argument, that an inherent conflict *between* the (b)(2) and (b)(3) classes precluded unitary representation of those classes. Motion at 2-3. It is telling that Home Depot cannot

2

point to any passage in its opening brief argument that asserted the purported intra-(b)(2)-class conflicts it features in its reply, such as the conflicts between National Accounts and "smaller ASOs or fully-insured subscribers," HD Reply at 33-34, or between National Accounts and "local employers," *id.* at 34-35, or between National Accounts and former fully-insured subscribers. *Id.* at 34.

Equally telling is Home Depot's silence regarding the different remedial implications of an intra-class conflict versus an inter-class conflict. Motion at 6 n.6. The problem with the supposed conflict *between* the (b)(2) and (b)(3) classes was that "the same named plaintiffs and counsel represented both … classes," HD Brief at 54; the remedy for this conflict would be to require separate representation *for those classes*. But that remedy would not cure the supposed fundamental conflicts *within* the (b)(2) class that Home Depot trumpets in its reply; the cure for those would be multiple sub-classes within the (b)(2) class, something that Home Depot never hinted at in its opening brief. Motion at 6 n.6. That Home Depot ignores this point underscores that its reply was not "developing" or "elaborating on" a "more general" opening adequacy of representation argument, but making a distinct new one.

2.    Home Depot's claim that it included an argument about conflicts within the (b)(2) class in its opening brief relies primarily on this passage:

> To make things worse, all 23(b)(2) representatives are fully-insured subscribers, whose economic interests are different from self-insured class members, particularly national accounts. The only self-funded

subscriber representative appeared on the eve of settlement and was ap-
pointed to represent only the 23(b)(3) subclass. *There was no sub-
scriber or counsel representing the 23(b)(2) class who was not also fi-
nancially interested in the (b)(3) class.*

Opp. at 4 (quoting HD Brief at 21-22) (emphasis added).

There are two fatal problems with this argument. First, Home Depot neglects
to mention that this passage comes not from the brief's Argument, but from its Sum-
mary of Argument. As this Court has made clear, referring to an issue in the Sum-
mary is not sufficient to preserve it if it is not developed in the Argument. *See
Sapuppo*, 739 F.3d at 681-82; *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n.3 (11th
Cir. 2002).

Second, and more importantly, as the passage's concluding sentence shows,
it was offered in support of Home Depot's argument concerning the inter-class con-
flict and its contention that the (b)(2) class could not be represented by plaintiffs or
counsel who were "financially interested in the (b)(3) class." That is also clear from
context. This passage is sandwiched immediately between passages complaining
about the supposed inter-class conflict. *See* HD Brief at 21 ("[T]he Settlement failed
to provide adequate representation for 23(b)(2) class members. The same plaintiffs
and counsel represent both the (b)(2) class … and the (b)(3) class[.]"); *id.* at 22 ("this
structure presents an unacceptable risk of class representatives and counsel trading
off the interests of (b)(2) class members and the public in market-wide injunctive
relief in exchange for big dollars").

4

When Home Depot finally turns to what it said in the Argument section, it again resorts to context-free revisionism. It claims that Section II.C of its brief "begins by noting that no self-funded subscriber—and therefore no National Account—represented the (b)(2) class." Opp. at 6 (citing HD Brief at 59). But that observation (which did *not* specifically mention National Accounts) was made, once again, in support of Home Depot's contention that unitary representation of the (b)(2) and (b)(3) classes was improper, as this critical passage in Section II.C demonstrates:

> *Thus*, *there was no subscriber or counsel representing Home Depot or the (b)(2) indivisible injunctive relief class who was not also financially interested in the 23(b)(3) class.* As in *Payment Card*, that presents an unacceptable risk of trading off the interests of (b)(2) class members and the public in market-wide injunctive relief in exchange for dollars. Even if the one self-funded subscriber had been appointed to represent self-funded interests in the (b)(2) class, *that would have presented the same problem*, since that subscriber was expressly appointed to represent the (b)(3) self-funded sub-class.

HD Brief at 59-60 (emphasis added; original emphasis removed).

3.     Home Depot contends that we should have known that its adequacy of representation argument was more general than the inter-class conflict argument it actually made, given its citation to *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), which involved intra-class, not inter-class, conflicts. Opp. at 6-7. But Home Depot relied upon those decisions for the proposition that unitary representation is inadequate when there is a fundamental conflict between class members. HD Brief at 57-58. And the only

fundamental conflict Home Depot made any actual argument about was the one supposedly between members of the (b)(2) and (b)(3) classes.

Similarly, that Home Depot also argued in its opening brief that the Second Circuit's inter-class conflict decision in *Payment Card* "reflects the same underlying approach to adequacy of representation this Court expressed in *Valley Drug* [*Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181 (11th Cir. 2003)]*," Opp. at 7, hardly establishes that it was making a generic adequacy argument that fairly raised whatever "conflict" Home Depot might invoke at any stage in the appellate process. To the contrary: the law requires appellants to clearly present their arguments in their opening brief, Motion at 8; it does not force appellees to intuit what dormant arguments may be lurking, unexpressed, within that brief, waiting to be brought to life in reply. *Cf. In re Petrobras Sec. Litig.*, 784 F. App'x 10, 14 (2d Cir. 2019) (appellate argument about class conflict that was not raised in district court was forfeited, even though appellants' district court filing "referenced the relevant caselaw related to subclasses in class action settlements").

4.    Home Depot also argues that it made its intra-(b)(2)-class conflict argument below, Opp. at 5, but this fact, even if true, would not excuse its decision to wait until its reply to make the argument on appeal. There is no exception to the rule barring new reply brief arguments for arguments made below; the failure to make an argument below would be an *independent* ground for forfeiture. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). That Home Depot

claims to have made this argument below shows that it could have made the argument in its opening brief, but chose not to.

In any event, Home Depot's adequacy of representation arguments have not been the exemplar of consistency it pretends they were. The supposed intra-class conflicts Home Depot raised in its original objection were in service of its contention that the Settlement improperly conditioned the ability to seek a "Second Blue Bid" ("SBB") on membership in the (b)(3) class. *See* Doc. 132-4:52-55. Notably, Home Depot did *not* return to this argument in its post-hearing brief, since by that time the District Court had clarified that Home Depot and other opt-outs would preserve the ability to seek multiple Blue bids in opt-out litigation.[2] It instead switched gears and made a version of the inter-class conflict argument that it then made in its opening brief here. Doc. 132-9:89-90. The intra-(b)(2)-class conflict argument in Home Depot's reply thus represents the latest round in its opportunistic game of litigation whack-a-mole.

5.     Home Depot makes the strange argument that we essentially invited Home Depot to make its new intra-(b)(2)-class conflict argument by refuting the inter-class conflict argument made in its opening brief. Opp. at 8-11. But Home Depot's new arguments about supposed conflicts *within* the (b)(2) class is in no

---

[2] Indeed, at the fairness hearing, Home Depot conceded that clarifying that opt outs from the (b)(3) class could sue for SBB relief would largely address, and might moot, its concerns. Doc. 132-6:185-189.

sense a rebuttal to our arguments rebutting the supposed conflict *between* the (b)(2) and (b)(3) classes. It is instead an attempt to change the subject. Home Depot cites no decision that supports its gear-switching, which, if allowed, would effectively eviscerate the rule against making new arguments in reply. *See In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 255 n.8 (2d Cir. 2011) (declining to consider new adequacy of representation argument); *Petrobras*, 784 F. App'x at 14 (same).[3]

6. Home Depot closes by pleading that even if it did raise "entirely new arguments" in reply, the Court should reach them. Opp. at 15. But forfeited arguments should not be considered absent "extraordinary circumstances." *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022). Not only must one of the recognized "forfeiture exceptions" apply, the forfeited issue must be "extraordinary enough for [the Court] to exercise [its] discretion and excuse the forfeiture." *Id.* at 875.

Home Depot cannot meet this demanding standard. It asserts that its arguments "involve pure questions of law applied to the available record and they present important legal issues too important to ignore." Opp. at 18. This mischaracterizes

---

[3] Similarly, that we noted that Home Depot's reliance on *Payment Card* was misplaced in part because that case involved *actual* (as opposed to contrived) inter-class *and* intra-class conflicts did not somehow open the door for Home Depot to make an intra-class conflict argument that it could have made in its opening brief. Opp. at 10-11.

the relevant exception, which applies only when refusal to consider a purely legal issue "would result in a miscarriage of justice." *Campbell*, 26 F.4th at 873. No matter how many times Home Depot repeats the word "important," it does not (and cannot credibly) suggest that its forfeiture must be excused to prevent a miscarriage of justice. And it provides no support for the preposterous claim that its new fact-intensive recitation of purported intra-(b)(2)-class conflicts somehow raises a "pure question of law." *See Access Now*, 385 F.3d at 1332-33.

Home Depot next invokes the forfeiture exception for issues presenting "significant questions of general impact [and] of great public concern." Opp. at 18. But this claim could be made about *most* large class actions, which, almost by definition, raise important issues affecting numerous people. If that were sufficient to excuse forfeiture, Home Depot presumably would have been able to direct the Court to at least one class action decision saying so. *Cf. Petrobras*, 784 F. App'x at 15 (waiver/forfeiture rule not relaxed in class actions).[4]

The central thrust of Home Depot's new argument, moreover, is that the interests of a *particular cohort* of the (b)(2) class—National Accounts—were inadequately represented. HD Reply at 31-35; Opp. at 4-6. But this group is much smaller than the (b)(2) class as a whole, and it is comprised, by definition, of large national

---

[4] *Valley Drug* is not such a decision. This Court held in that case that the record reflected that the defendants had in fact sufficiently raised below their concerns about the existence of fundamental conflicts to preserve the question for appeal. 350 F.3d at 1188 n.16.

businesses, which presumably had the incentives and the resources to raise the alarm if their interests were in fact inadequately represented. There is no indication that any other National Account, or even any other self-funded employer, shares Home Depot's late-raised concerns about conflicts within the (b)(2) class or otherwise needs Home Depot to protect its interests. Notably, Home Depot took pains to stress at the fairness hearing that it was not speaking for anyone but itself. Doc. 132-6:163. Home Depot's attempt to invoke this forfeiture exception, or to otherwise establish extraordinary circumstances justifying the consideration of its forfeited argument, must be rejected.[5]

Dated: May 1, 2023

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper
Vincent J. Colatriano
Harold S. Reeves
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9660
ccooper@cooperkirk.com

---

[5] Home Depot suggests that if it has made new arguments, the Court should allow us to file a supplemental brief. Opp. at 19. This suggestion presupposes, incorrectly, that extraordinary circumstances exist that excuse Home Depot's forfeiture and justify both a departure from normal practice and additional briefing in appeals that have otherwise been fully briefed and that this Court has directed should be expedited for merits disposition purposes. Doc. 98-1.

David Boies – ***Co-Lead Counsel***
Adam Shaw
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
dboies@bsfllp.com

Michael Hausfeld – ***Co-Lead Counsel***
Swathi Bojedla
HAUSFELD LLP
888 16th Street, N.W.
Suite 300
Washington, DC 20006
mhausfeld@hausfeldllp.com
sbojedla@hausfeld.com

William A. Isaacson
PAUL WEISS
2001 K Street, NW
Washington, DC 20006-1047
wisaacson@paulweiss.com

Megan Jones
Arthur Bailey
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
mjones@hausfeldllp.com
abailey@hausfeldllp.com

Chris T. Hellums
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place N, 1100 Park Place Tower
Birmingham, AL 35203
chrish@pittmandutton.com

Hamish P.M. Hume
Richard Feinstein
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue NW
Washington, DC 20005
hhume@bsfllp.com
rfeinstein@bsfllp.com

David Guin
Tammy Stokes
GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. N.
Suite 600
Birmingham, AL 35203
davidg@gseattorneys.com
tammys@gseattorneys.com

Cyril V. Smith
ZUCKERMAN SPAEDER, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
csmith@zuckerman.com

11

Gregory Davis
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
gldavis@knology.net

Mindee Reuben
LITE DEPALMA GREENBERG
1835 Market Street, Suite 2700
Philadelphia, PA 19103
Tel: (267) 314-7980
Fax: (973) 623-0858
mreuben@litedepalma.com

Patrick Cafferty
CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP
101 North Main Street, Suite 565
Ann Arbor, MI 48104
pcafferty@caffertyclobes.com

Douglas Dellaccio
CORY WATSON CROWDER &
DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 32505
ddellaccio@cwcd.com

Edwin J. Kilpela, Jr.
Benjamin Sweet
DEL SOLE CAVANAUGH STROYD
LLC
200 First Avenue, Suite 300
Pittsburgh, PA 15222
ekilpela@dsclaw.com
bsweet@dsclaw.com

Kathleen Chavez
FOOTE, MIELKE, CHAVEZ &
O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
kcc@fmcolaw.com

Nate Cihlar
Joshua Callister
STRAUSS & BOIES
4041 University Drive, 5th Floor Fairfax,
VA 22030 Tel: (703) 764-8700 Fax:
(703) 764-8704
ncihlar@straus-boies.com
jcallister@straus-boies.com

Carl S. Kravitz
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
ckravitz@zuckerman.com

Bryan Clobes
Ellen Meriwether
CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP
1101 Market Street, Suite 2650
Philadelphia, PA 19107
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

Larry McDevitt
David Wilkerson
VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com

Robert M. Foote
FOOTE, MIELKE, CHAVEZ &
O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
rmf@fmcolaw.com

Daniel Gustafson
Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

John Saxon
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203-3314
jsaxon@saxonattorneys.com

Andrew Lemmon
LEMMON LAW FIRM
650 Poydras Street, Suite 2335
New Orleans, LA 70130
andrew@lemmonlawfirm.com

Robert Methvin
James M. Terrell
MCCALLUM, METHVIN & TER-
RELL, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
rgm@mmlaw.net
jterrell@mmlaw.net

Charles T. Caliendo
GRANT & EISENHOFER
485 Lexington Avenue
New York, NY 10017
ccaliendo@gelaw.com

Robert Eisler
GRANT & EISENHOFER
123 Justison Street
Wilmington, DE 19801
reisler@gelaw.com

Brent Hazzard
HAZZARD LAW, LLC
447 Northpark Drive
Ridgeland, MS 39157
brenthazzard@yahoo.com

Lawrence Jones
JONES WARD PLC
312 South Fourth Street, Sixth Floor
Louisville, KY 40202
larry@jonesward.com

Virginia Buchanan
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
vbuchanan@levinlaw.com

13

H. Lewis Gillis
MEANS GILLIS LAW, LLC
3121 Zelda Court
Montgomery, AL 36106
hlgillis@tmgslaw.com

David J. Hodge
MORRIS, KING & HODGE
200 Pratt Avenue NE
Huntsville, AL 35801
lstewart@alinjurylaw.com

Michael McGartland
MCGARTLAND & BORCHARDT
LLP
1300 South University Drive, Suite 500
Fort Worth, TX 76107
mike@attorneysmb.com

Warren T. Burns
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
wburns@burnscharest.com

*Counsel for Plaintiffs-Appellees*

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 27 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,543 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

Dated: May 1, 2023

/s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Those counsel for Objectors-Appellants and Defendant-Appellees who are registered ECF users will be served by the ECF system.

Dated: May 1, 2023

/s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com

*Counsel for Plaintiffs-Appellees*