IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

USCA Case No. 22-13051

On Appeal from the United States District Court,
Northern District of Alabama
Case No. 2:13-cv-20000

*In re: Blue Cross Blue Shield Antitrust Litigation*

# THE HOME DEPOT APPELLANTS'
# MOTION TO ENLARGE ORAL ARGUMENT TIME

FRANK M. LOWREY IV
Georgia Bar No. 410310
RONAN P. DOHERTY
Georgia Bar No. 224885
E. ALLEN PAGE
Georgia Bar No. 640163
BONDURANT MIXSON &
ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100
lowrey@bmelaw.com
doherty@bmelaw.com
page@bmelaw.com

*Attorneys for Appellants Home Depot U.S.A., Inc., et al.*

USCA Case No. 22-13051
*In re: Blue Cross Blue Shield Antitrust Litigation*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

**Certificate of Interested Persons**

Pursuant to 11th Cir. R. 26.1-2(b), the Home Depot Appellants ("Home Depot") certify that they believe the Certificate of Interested Persons is complete.

**Corporate Disclosure**

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, Home Depot submits this Corporate Disclosure Statement and states as follows:

1.  Appellant Home Depot U.S.A., Inc. is wholly owned by HD Operations Holding Company, Inc., which is wholly owned by The Home Depot, Inc., a publicly traded company. No publicly traded corporation owns 10% or more of the stock of The Home Depot, Inc.

2.  The Home Depot Group Benefits Plan and The Home Depot Medical and Dental Plan are related HD entities. Neither plan is publicly traded.

# THE HOME DEPOT APPELLANTS'
# MOTION TO ENLARGE ORAL ARGUMENT TIME

Home Depot respectfully moves this Court to enlarge its time to present oral argument on its appeal or, alternatively, that the Court expand the time for oral argument to 30 minutes per side. This case is currently set for oral argument as the last of three cases to be heard on September 22, 2023.

Home Depot brought one of four appeals from the district court's approval of a $2.6 billion class action settlement of antitrust claims against the Blue Cross/Blue Shield entities, known as the Blues. The district court certified two settlement classes: a Federal Rule 23(b)(3) damages class and a Rule 23(b)(2) injunctive relief class. Home Depot opted out of the 23(b)(3) class, but the district court prohibited Home Depot or any other class member from opting out of the 23(b)(2) class.

Among the four appeals from settlement approval that the Court will hear on September 22, Home Depot's is unique. Home Depot is the only appellant that opted out of the 23(b)(3) class and the only appellant challenging any aspect of the compulsory 23(b)(2) class. Specifically, only Home Depot challenges the mandatory 23(b)(2) release on the public policy grounds that it forecloses future antitrust enforcement under the Clayton Act's declaratory and injunctive relief provisions. And only Home Depot challenges the adequacy of the representation

for the 23(b)(2) class—in particular, the representation of national, self-insured subscribers like the Home Depot.

Both of Home Depot's challenges to the 23(b)(2) settlement are complex, spanning tens of thousands of words of opposing briefing and featuring conflicting claims over the import of prior Circuit and Supreme Court precedents. Resolution of these challenges will determine whether a mandatory class action settlement may extinguish litigants' rights to seek full declaratory and injunctive relief to dismantle future and ongoing violations of antitrust law and whether thousands of the largest consumers of health insurance services were adequately represented in this settlement. Those issues would be of substantial importance even if they affected only this case, involving the national health care market, but they will also determine the law governing the approval of future antitrust class action settlements throughout this Circuit.

The other appellants—all voluntary participants in the 23(b)(3) class—have not raised the issues posed by Home Depot's appeal of the 23(b)(2) class and release, nor would they have any incentive to do so at oral argument. They variously appeal the allocation of the monetary relief within the 23(b)(3) class (the Topographic, Inc. and Employee Services, Inc. Appellants), the fairness to employees of the settlement distribution plan (Cochran), and the fee award to class counsel (Behenna). These dollar distribution issues do not overlap at all with Home

Depot's arguments, which instead focus on whether settling parties can use Rule 23 to trade dollars for a mandatory release of private claims for future antitrust violations and whether the representation afforded to national, self-insured employers like Home Depot satisfied due process and Rule 23(a)(4).

The issues raised in Home Depot's appeal, singly or together, easily exhibit the complexity and public importance of a stand-alone appeal in which this Court would ordinarily hear at least 15 minutes of argument from their proponent. Under this Circuit's default rules, however, all Appellants would share 15 minutes in which to present their wholly separate positions and the two Appellee groups (the Subscribers and the Blues) would have 15 total minutes to respond to all of these positions. Home Depot submits that this would not allow a meaningful exposition of the public policy and due process challenges it raises to the 23(b)(2) settlement.

### Request for Relief and Positions of Other Parties

Based on the considerations stated above, Home Depot respectfully requests a total of 15 minutes to present its opening and rebuttal arguments, with the Appellees (who assert the same counter-arguments) collectively receiving 15 minutes to present their response to Home Depot.[1] Home Depot makes this request

---

[1] To the extent that the Court is inclined to allow the Appellees a total of more than 15 minutes to respond to Home Depot's arguments, Home Depot respectfully requests the same total time.

without prejudice to the time that may be allotted to any other appellant. The remaining Appellants (Topographic, Inc. and Employee Services, Inc.; Cochran; Behenna) do <u>not</u> oppose this request. Both Appellee groups (the Subscribers and the Blues) <u>oppose</u> this request.

Alternatively, Home Depot requests that the Court expand the overall time for oral argument to 30 minutes per side. Appellants Topographic, Inc. and Employee Services, Inc. <u>consent to and join in</u> this request. Appellants Cochran and Behenna <u>oppose</u> this request. Both Appellee groups (the Subscribers and the Blues) do <u>not</u> oppose this alternative request.

Respectfully submitted this 29th day of August, 2023.

<u>/s/ *Frank M. Lowrey IV*</u>
Frank M. Lowrey IV
Georgia Bar No. 410310
lowrey@bmelaw.com
Ronan P. Doherty
Georgia Bar No. 224885
doherty@bmelaw.com
E. Allen Page
Georgia Bar No. 640163
page@bmelaw.com
BONDURANT MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100


*Counsel for the Home Depot Appellants*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this document contains a total of 782 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on August 29, 2023.

*/s/ Frank M. Lowrey IV*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Counsel for all parties as well as *pro se* parties are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF System.

/s/ *Frank M. Lowrey*
Frank M. Lowrey
